UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER GRANTING SEALING MOTIONS** <br><br> [Re: ECF No. 85, 91] |

Before the Court are (1) Plaintiff Skillz Platform Inc.'s ("Skillz") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed at ECF No. 85; and (2) Defendant AviaGames Inc.'s ("AviaGames") Motion to Seal its Reply Brief at ECF No. 91. The parties move to seal portions of and exhibits to their briefing related to AviaGames' Motion to Stay Case Pending *Inter Partes* Reviews, which contain information AviaGames designated as confidential pursuant to the parties' Stipulated Protective Order at ECF No. 58. AviaGames indicates that the information is confidential business and financial information of AviaGames and its investors Makers Fund, Powerhouse Capital, and Washington Harbour Partners.

Based on the below reasoning, the Court hereby GRANTS the parties' sealing motions.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

1    Parties seeking to seal judicial records relating to non-dispositive motions bear the burden
2    of showing "good cause" for sealing such records. *Kamakana*, 447 F.3d at 1180. A protective order
3    sealing the documents during discovery may reflect a court's previous determination that good cause
4    exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective
5    order that allows the parties to designate confidential documents does not provide sufficient judicial
6    scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-
7    5(c) ("Reference to a stipulation or protective order that allows a party to designate certain
8    documents as confidential is not sufficient to establish that a document, or portions thereof, are
9    sealable.").

10   In addition, in this district, all parties requesting sealing must comply with Civil Local
11   Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a
12   document under seal, including an explanation of: (i) the legitimate private or public interests that
13   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
14   alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). Further, Civil Local Rule 79-5
15   requires the moving party to provide "evidentiary support from declarations where necessary."
16   Civ. L.R. 79-5(c)(1)(ii).

17   Furthermore, when a party (the "Moving Party") seeks to seal a document that has been
18   designated as confidential by another party or non-party (the "Designating Party"), the Moving Party
19   must file a Motion to Consider Whether Another Party's Material Should Be Sealed under Local
20   Rule 79-5(f). The Moving Party must file a motion "identify[ing] each document or portions thereof
21   for which sealing is sought." Civ. L.R. 79-5(f)(1). "Within 7 days of the motion's filing, the
22   Designating Party must file a statement and/or declaration as described in
23   [Civil Local Rule 79-5(c)(1)." Civ. L.R. 79-5(f)(3). "If any party wishes to file a response, it must
24   do so no later than 4 days after the Designating Party files its statement and/or declaration."
25   Civ. L.R. 79-5(f)(4).

26   **II.   DISCUSSION**
27   The Court has reviewed the sealing motions. The Court finds that AviaGames has shown
28   good cause to file the documents and portions of documents at issue under seal given the sensitive

1  financial and business information they contain. *See, e.g.*, *In re Electronic Arts*, 298 Fed.Appx. 568,
2  569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm
3  a litigant's competitive strategy"); *In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162
4  (N.D. Cal. 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product
5  development plans, detailed product-specific financial information, customer information, internal
6  reports[.]'") (quoting *In re Apple Inc. Device Performance Litig.*, No. 5:19–MD–02827–EJD,
7  2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019)); *Krieger v. Atheros Commc'ns, Inc.*,
8  No. 11–CV–00640–LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (granting sealing
9  request of "long-term financial projections, discussions of business strategy, and competitive
10 analyses").

The Court rules as follows on the parties' sealing motions:

| Sealing Motion | Document to Be Sealed | Portions to Be Sealed | Designating Party | Declaration ISO Sealing | Ruling |
|---|---|---|---|---|---|
| ECF No. 85 | Skillz's Opposition to AviaGames' Motion to Stay Case, ECF No. 84 | Highlighted portions at:<br>• 9:8–12<br>• 9:16–17 | AviaGames | Wang Decl., ECF No. 88 ¶ 5 | GRANTED, as confidential business and financial information of AviaGames |
| ECF No. 85 | Skillz's Opposition to AviaGames' Motion to Stay Case, ECF No. 84 | Highlighted portions at:<br>• 8:11–13<br>• 8:17–18<br>• 9:3–5 | Washington Harbour Partners and AviaGames | Wang Decl., ECF No. 88 ¶ 5 | GRANTED, as confidential business and financial information of Washington Harbour Partners and AviaGames |

| Sealing Motion | Document to Be Sealed | Portions to Be Sealed | Designating Party | Declaration ISO Sealing | Ruling |
|---|---|---|---|---|---|
| ECF No. 85 | Skillz's Opposition to AviaGames' Motion to Stay Case, ECF No. 84 | Highlighted portions at:<br>• 9:20–22 | Makers Fund and AviaGames | Wang Decl., ECF No. 88 ¶ 5 | GRANTED, as confidential business and financial information of Makers Fund and AviaGames |
| ECF No. 85 | Skillz's Opposition to AviaGames' Motion to Stay Case, ECF No. 84 | Highlighted portions at:<br>• 8:18–19 | Powerhouse Capital and AviaGames | Wang Decl., ECF No. 88 ¶ 5 | GRANTED, as confidential business and financial information of Powerhouse Capital and AviaGames |
| ECF No. 85 | Yang Decl., ECF No. 84-1, Exs. 6–7 | Entire Document | AviaGames | Wang Decl., ECF No. 88 ¶ 6 | GRANTED, as confidential business and financial information of AviaGames |
| ECF No. 85 | Yang Decl., ECF No. 84-1, Ex. 8 | Entire Document | Makers Fund | Wang Decl., ECF No. 88 ¶ 7 | GRANTED, as confidential business and financial information of Makers Fund |
| ECF No. 85 | Yang Decl., ECF No. 84-1, Ex. 9 | Entire Document | Powerhouse Capital | Wang Decl., ECF No. 88 ¶ 8 | GRANTED, as confidential business and financial information of Powerhouse Capital |

| Sealing Motion | Document to Be Sealed | Portions to Be Sealed | Designating Party | Declaration ISO Sealing | Ruling |
|---|---|---|---|---|---|
| ECF No. 85 | Yang Decl., ECF No. 84-1, Ex. 10 | Entire Document | Washington Harbour Partners | Wang Decl., ECF No. 88 ¶ 9 | GRANTED, as confidential business and financial information of Washington Harbour Partners |
| ECF No. 91 | AviaGames Corrected Reply in Support of Motion to Stay Case Pending *Inter Partes* Review, ECF No. 92 | Redacted Portions at 5:4–6 | Makers Fund and Washington Harbour Partners | Wang Decl., ECF No. 91-1 ¶¶ 7, 9 | GRANTED, as confidential business and financial information of Makers Fund and Washington Harbour Partners |

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' administrative motions are GRANTED.

Dated:  March 24, 2022

BETH LABSON FREEMAN
United States District Judge