UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br><br> Plaintiff, <br><br> v. <br><br> AVIAGAMES INC., <br><br> Defendant. | Case No.  21-cv-02436-BLF <br><br> **ORDER DENYING PLAINTIFF SKILLZ PLATFORM INC.'S MOTION TO MODIFY SCHEDULING ORDER; STRIKING DEFENDANT AVIAGAMES INC.'S REQUEST TO FILE AN EARLY SUMMARY JUDGMENT MOTION** <br><br> [Re:  ECF No. 94] |

Before the Court is Plaintiff Skillz Platform Inc.'s ("Skillz") motion to modify the Court's scheduling order in this patent infringement case against Defendant AviaGames Inc. ("AviaGames").  *See* Motion, ECF No. 94.  Skillz seeks to advance the trial date from December 4, 2023 to early 2023 for a four-day trial.  *See id.*

Based on the below reasoning, the Court DENIES Skillz's motion.  Further, the Court *sua sponte* STRIKES AviaGames' request to file an early summary judgment motion in its claim construction brief.  *See* ECF No. 75 at 19:19–24.

**I.  BACKGROUND**

Skillz filed this action on April 5, 2021, alleging that AviaGames infringed two of Skillz's patents—U.S. Patent Nos. 9,479,602 (the "'602 Patent") and 9,649,564 (the "'564 Patent").  *See* Complaint, ECF No. 1.  On March 14, 2022, the Court dismissed Skillz's infringement claim as to the '602 Patent.  *See* Order, ECF No. 80.  Now that only Skillz's '564 Patent infringement claim remains, Skillz filed the present motion to advance the trial date, arguing that the December 4, 2023 trial date is far later than necessary due to the reduced number of issues in the case.  *See* Motion,

ECF No. 94.

On March 25, 2022, the Court issued an order indicating that the only dates that could work for advancing the trial date are a pretrial conference date of January 19, 2023 and a trial date of February 27, 2023. *See* Order, ECF No. 95. The Court also indicated that if it advanced the trial date, the parties would be required to forego summary judgment motions. *See id.*

Following the Court's order, Skillz filed a statement indicating that it agreed with the Court's proposed schedule and restriction regarding summary judgment motions. *See* ECF No. 96. AviaGames filed an opposition to Skillz's motion to modify the Court's scheduling order addressing the Court's proposed schedule. *See* Opposition, ECF No. 97. AviaGames argues that it would be disproportionately prejudiced by a lack of summary judgment motions. *See id.* Further, AviaGames argues that an advanced trial date is not justified in light of AviaGames' pending IPR petition on the '564 Patent and the remaining discovery burden for the parties. *See id.*

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, a party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *See In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). While a court may take into account any prejudice to the party opposing modification of the scheduling order, the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification. *See id.* If that party was not diligent, the inquiry should end. *See id.*

## III. DISCUSSION

Skillz argues that there is good cause to modify the scheduling order because the current schedule was set when there were two patents-in-suit, but only one remains. *See* Motion, ECF No. 94 at 2. Accordingly, Skillz argues that the discovery burden has been effectively halved. *See id.* Skillz further argues that much of fact discovery related to the remaining '564 Patent has been completed, and an early 2023 trial date would give the parties around six more months for

discovery, which AviaGames has previously argued is sufficient. *See id.* Additionally, Skillz argues it filed its motion to modify the scheduling order diligently, reserving a hearing date and filing its motion within two weeks of the Court's order dismissing its '602 Patent claim. *See id.* at 3.

In response, AviaGames argues that advancing the trial date is not justified. First, AviaGames argues that it would be disproportionately prejudiced by the lack of summary judgment motions if the trial date were advanced. *See* Opposition, ECF No. 97 at 1–2. AviaGames hopes to file two summary judgment motions with the Court's leave, and it argues that defendants file summary judgment motions more often than plaintiffs in patent cases. *See id.* Second, AviaGames argues that its IPR petition regarding the asserted claims of the '564 Patent counsels against an advanced trial date. *See id.* at 2–3. AviaGames argues that advancing the trial date could cause the PTAB to discretionarily deny institution of the IPR petition. *See id.* at 2. Otherwise, if IPR is instituted and the '564 claims are invalidated in August 2023, AviaGames argues that an early 2023 trial date would lead to significant waste by the Court and the parties. *See id.* at 3. Third, AviaGames argues that there is no good cause to advance the trial date, because the discovery burden has not been halved, but rather remains substantially the same—including the same number of interrogatories, hours of party deposition, and requests for admission. *See id.* at 3.

The Court agrees that advancing the trial date and foreclosing any summary judgment motion would cause AviaGames substantial prejudice, regardless of whether the Court grants it leave to file an early summary judgment motion. Skillz has failed to show good cause to advance the trial date, focusing exclusively on supposedly "halved" discovery obligations that AviaGames convincingly argues are only somewhat reduced. While the Court agrees with Skillz that it filed its motion to modify the scheduling order diligently, it has failed to show good cause in support of its motion, particularly in light of the significant prejudice an advanced trial date would cause to AviaGames. *See In re Western States*, 715 F.3d at 737. Accordingly, Skillz's motion must be denied.

The Court further notes that AviaGames seems to believe its request for a second and earlier summary judgment motion is pending before the Court. It is not. The Court notes such a request is buried in AviaGames' claims construction brief at page 19. *See* ECF No. 75 at 19:19–24. That

request is STRICKEN as an inappropriate request for affirmative relief in an unrelated matter.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Skillz's motion to modify the scheduling order is DENIED; and
2. AviaGames' request for leave to file an early summary judgment motion in its claim construction brief is STRICKEN.  *See* ECF No. 75 at 19:19–24.

Dated:  March 31, 2022

BETH LABSON FREEMAN
United States District Judge