# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER DENYING DEFENDANT AVIAGAMES INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW** <br><br> [Re: ECF No. 73] |

Before the Court is Defendant AviaGames Inc.'s ("AviaGames") Motion to Stay Case Pending *Inter Partes* Review in this patent infringement action brought by Plaintiff Skillz Platform Inc. ("Skillz"). *See* Motion, ECF No. 73. On February 15, 2022, AviaGames filed an *inter partes* review ("IPR") petition before the U.S. Patent Trial and Appeals Board ("PTAB") on the sole remaining patent asserted in this action—U.S. Patent No. 9,649,564 (the "'564 Patent" or the "Asserted Patent")—challenging all asserted claims. *See* IPR2022-00531. AviaGames now moves to stay the case in light of that petition, based on the stage of the case, the potential for IPR proceedings to simplify this case, and the lack of prejudice a stay would cause to Skillz. In the alternative, AviaGames requests that the Court continue the claim construction hearing—currently scheduled for April 29, 2022—until after the PTAB is set to decide whether or not to institute IPR. Skillz opposes AviaGames' Motion, arguing that a stay is not appropriate in this competitor case, particularly when the PTAB has yet to institute IPR proceedings on AviaGames' petition.

Based on the below reasoning, the Court DENIES AviaGames' Motion WITHOUT PREJUDICE to filing a renewed stay motion if the PTAB institutes *inter partes* review of the '564 Patent.

## I. BACKGROUND

Skillz is a Delaware corporation with its principal place of business in Oregon. *See* Complaint, ECF No. 1 ¶ 12. Skillz owns the Asserted Patent. *See id.* ¶ 82. Further, Skillz maintains a mobile gaming platform, and it enables third-party game developers to make games available on the platform through a Software Development Kit ("SDK"). *See id.* ¶¶ 2, 12, 22–27, 32–44. AviaGames is a Delaware corporation with its principal place of business in California. *See id.* ¶ 13. Skillz alleges that AviaGames maintains a competing mobile gaming platform—Pocket7Games— which AviaGames developed using Skillz's intellectual property that it gleaned while developing games for Skillz's platform. *See id.* ¶¶ 4–11, 45–56.

Skillz asserts a single patent against AviaGames—the '564 Patent—related to mobile gaming. *See id.* ¶¶ 79–96. Skillz previously claimed that AviaGames infringed a second patent— U.S. Patent No. 9,479,602 (the "'602 Patent")—but the Court dismissed Skillz's second infringement claim due to the '602 Patent's lack of patent eligible subject matter under § 101. *See* Order, ECF No. 80. Skillz alleges that AviaGames' Pocket7Games application and standalone game applications, including "Bingo Clash," "Solitaire Clash," "21 Gold," "Explodocube," and "Tile Blitz," infringe the sole remaining asserted patent—the '564 Patent. *See* Complaint ¶¶ 79–96.

On February 15, 2022, AviaGames filed an IPR petition with the PTAB as to claims 1–4, 6, 10, 10–14, 16, and 18–21 of the '564 Patent. *See* Wang Decl., ECF No. 73-1, Ex. 2. AviaGames' IPR petition asserted that the challenged claims of the '564 Patent—which represent all claims of the '564 Patent asserts in the above-captioned case—are invalid under § 103 based on five obviousness grounds. *See id.* The PTAB should issue an institution decision by August 28, 2022. *See* 35 U.S.C. §§ 314(b), 324(c); 37 C.F.R. §§ 42.107(b), 42.207(b). If the PTAB institutes IPR on AviaGames' petition, then it will issue a final written decision by August 28, 2023. *See* 35 U.S.C. §§ 316(a)(11), 326(a)(11); 37 C.F.R. §§ 42.100(c), 42.200(c).

On March 2, 2022, AviaGames followed up its IPR petition with its Motion to Stay. *See* ECF No. 73.

## II. LEGAL STANDARD

A district court has inherent power to manage its own docket and stay proceedings,

2

"including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988) (citation omitted). A court is under no obligation to stay proceedings pending parallel litigation in the PTAB. *See Aylus Networks, Inc. v. Apple, Inc.*, No. C–13–4700 EMC, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014) (citations omitted). The factors that courts in this District consider when determining whether to stay litigation are: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs., LLC v. Apple, Inc.*, 69 F.Supp.3d 1022, 1025 (N.D. Cal. 2014) (quoting *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D.Cal. 2006)). The moving party bears the burden of persuading the court that a stay is appropriate.[1] *See Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13–CV–04206–EJD, 2014 WL 2738501, at *3 (N.D. Cal. June 11, 2014).

## III. DISCUSSION

Unsurprisingly, the parties dispute whether the (1) stage of the case; (2) potential for simplification; and (3) prejudice factors support a stay. The Court considers each factor in turn.

### A. Stage of the Case

First, the Court considers whether the case has progressed significantly enough for a stay to be disfavored. *PersonalWeb*, 69 F.Supp.3d at 1025. AviaGames argues that the case is at an early stage. *See* Motion, ECF No. 73 at 4. AviaGames points to the fact that Skillz has produced only 572 documents, and AviaGames has produced about 876. *See* Wang Decl., ECF No. 73-1 ¶ 4. Further, AviaGames argues that the costliest stages of litigation have yet to occur, including the claim construction hearing, ESI discovery, depositions, expert discovery, summary judgment, pre-trial, and trial. *See* Motion, ECF No. 73 at 4. In response, Skillz argues that the stage of the case

---

[1] Skillz argues based on the *Landis* case that AviaGames "must make out a clear case of hardship or inequity" to prevail on its stay motion. *See* Opposition, ECF No. 84 at 3, 10 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). AviaGames argues that courts have found this burden to apply "only where the parallel case is another federal district court case." *See* Reply, ECF No. 92 at 5 (citing *Fisk Elec. Co. v. Obayashi Corp.*, No. 18–CV–07671–EMC, 2021 WL 197671, at *2 (N.D. Cal. Jan. 20, 2021)). The Court agrees with AviaGames. Skillz cannot point to a single case applying the *Landis* standard in the context of a motion for stay pending IPR.

3

weighs against a stay, because the parties have engaged in substantial discovery. *See* Opposition, ECF No. 84 at 3–4. For example, the parties have produced over 22,700 pages of documents; engaged in third-party discovery; engaged in written and source code discovery; and exchanged infringement, invalidity, and damages contentions. *See id.*; Yang Decl., ECF No. 84-1 ¶¶ 3–6. Further, Skillz points to the fact that a trial date has been set and claim construction briefing is complete. *See* Motion, ECF No. 73 at 4. Skillz additionally argues that the fact that the case has been reduced to a single asserted patent further supports that it is in an advanced stage, since discovery can now proceed more quickly. *See id.*

While the Court does not consider the case to be at an "early stage" as AviaGames asserts, it is certainly not at an "advanced" stage as Skillz asserts. *See* Motion, ECF No. 73 at 2; Opposition, ECF No. 84 at 3. *See Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14–cv–00570–BLF, 2015 WL 1737920, at *2 (N.D. Cal. April 9, 2015). The case has been pending for less than a year, and trial is not scheduled until the end of 2023. *See* ECF No. 49. There is clearly still significant discovery in the offing, even with only one patent at issue. *See Delphix Corp. v. Actifio*, No. 13–cv–04613–BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014) (finding stage of the case favors a stay where "[d]iscovery . . . is far from complete"). For example, the entirety of expert discovery lies ahead.

Further, claim construction is fully briefed (and briefing had started when AviaGames filed its motion) and the claim construction hearing is only two weeks away. *See Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13–cv–02013–JST, 2014 WL 5021100, at *2 (N.D. Cal. Oct. 7, 2014) (finding stage of the case to favor stay where "claim construction has already been fully briefed" and the claim construction hearing was scheduled in three weeks); *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14–cv–05330–HSG, 2015 WL 1967878, at *2 ("While claim construction issues are fully briefed, the hearing has not yet occurred and the Court has not issued a claim construction order.").

Additionally, the fact that a trial date has been set holds little weight when that trial date is nearly two years from now. *See* ECF No. 49; *Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, No. 17–CV–07289–LHK, 2018 WL 4859167, at *1 (N.D. Cal. Sep. 28, 2018) (finding this factor in favor of a stay where trial date set for around a year and a half later); *GoPro, Inc. v. C&A*

4

*Mktg., Inc.*, No. 16–CV–03590–JST, 2017 WL 2591268, at *3 (N.D. Cal. June 15, 2017).

Accordingly, the Court finds that the stage of litigation factor somewhat favors a stay.

**B.     Simplification**

The second factor courts consider is "whether a stay will simplify the issues in question and trial of the case[.]" *PersonalWeb*, 69 F.Supp.3d at 1025. AviaGames argues that since its IPR petition challenges all asserted claims of the Asserted Patent, this factor favors a stay. *See* Motion, ECF No. 73 at 5. Further, AviaGames lays out a lengthy list of cases where other courts in this District granted stays prior to institution of IPRs. *See id.* at 6–7. In response, Skillz argues that courts regularly deny stays prior to institution of IPRs, since any simplification is speculative. *See* Opposition, ECF No. 84 at 5. Further, Skillz argues AviaGames' cases are distinguishable. *See id.* at 5–6.

The Court agrees with Skillz. The Court finds that simplification from the IPRs is purely speculative at this stage. *See Lighting Science Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co., Ltd.*, No. 16–cv–03886–BLF, 2017 WL 2633131, at *3 (N.D. Cal. June 19, 2017) ("[W]hen the PTAB has never before considered the patentability of particular patent claims, the simple fact that a petition has been filed gives little indication as to the future course of the IPR."); *DiCon Fiberoptics, Inc. v. Preciseley Microtech. Corp.*, No. 15–cv–01362–BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) ("Absent unusual circumstances, the Court finds that the filing of an IPR request does not by itself simplify the issues in a case."); *Uniloc USA Inc. v. LG Elecs. USA Inc.*, Nos. 18–cv–06737–JST, 18–cv–06739–JST, 18–cv–06740–JST, 2019 WL 1905161, at *4 (N.D. Cal. April 29, 2019) ("[T]he filing of an IPR request by itself does not simplify the issues in question and trial of the case. Ultimately, the PTO may not institute IPR proceedings.") (citations omitted). If IPR is instituted, AviaGames is correct that simplification is likely to occur regardless of whether any claims are invalidated. But if IPR is *not* instituted, no simplification will result— notwithstanding AviaGames' baseless assertion that a stay "will" simplify the case. *See* Motion, ECF No. 73 at 5; Reply, ECF No. 92 at 2.

AviaGames' lengthy list of pre-institution stays is unpersuasive. Some courts in this district favor pre-institution stays while others do not. *See VirtualAgility Inc. v. Salesforce.com, Inc.*,

5

759 F.3d 1307, at 1315–16 (Fed. Cir. 2014) ("[I]t was not error for the district court to wait until the PTAB made its decision to institute CBM review before it ruled on the motion. Indeed, while some district courts ruled on motions to stay before the PTAB granted the petition for post-grant review . . . others have waited until post-grant review was instituted[.]"). The Court finds that the pre-institution stage of the IPR proceedings weighs against IPR here, particularly when there is evidence that Skillz and AviaGames are direct competitors, as outlined below.

AviaGames suggests that a stay would "lessen the discovery burden." *See* Reply, ECF No. 92 at 3. But if the Court stayed the case and IPR were not instituted, then the parties would have to engage in discovery in approximately half the amount of time they have currently. In light of that risk, the Court is not convinced that discovery considerations indicate simplification at this stage.

Based on the above reasoning, the Court finds that the simplification factor weighs against a stay.

### C. Prejudice

The third factor courts consider in assessing whether a stay is appropriate is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb*, 69 F.Supp.3d at 1025. Courts typically consider four subfactors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Uniloc*, 2019 WL 1905161, at *5.

#### 1. Timing of IPR Petition

Under the first subfactor, the Court considers whether the timing of AviaGames' petition for IPR indicates that a stay would prejudice Skillz. *PersonalWeb*, 69 F.Supp.3d at 1029. AviaGames argues that it timely filed its IPR petition around two months before the statutory deadline of one year following service of the Complaint in this action. *See* 35 U.S.C. § 315(b). In response, Skillz argues that AviaGames' conduct indicates tactical delay. *See* Opposition, ECF No. 84 at 6–7. First, Skillz points to the fact that AviaGames disclosed (1) the prior art it relied on in its IPR petition and (2) its intention to file IPRs as early as October 12, 2021 in its invalidity contentions—then waited four months to file its IPR petition. *See id.* at 7; Yang Decl. ¶ 6; *id.*, Ex. 1 at 5. Second, Skillz argues that AviaGames "strategically benefited" by filing its IPR petition (1) after Skillz disclosed

6

its claim construction arguments and (2) after the Court had fully heard AviaGames' § 101 motion, which AviaGames did not seek to stay. *See id.* at 7. Third, Skillz argues that courts have denied a stay in cases involving IPR petition delays similar to AviaGames' 10-month delay. *See id.* at 7. On reply, AviaGames argues that it took time to draft its lengthy IPR petitions, and it did not seek to stay the § 101 motion because the Court had already spent substantial time on it. *See* Reply, ECF No. 92 at 4.

The Court agrees with AviaGames. While a delay of four months following AviaGames' disclosure of its IPR art in its invalidity contentions is on the longer side, it is not outlandish, particularly considering the work-intensive nature of IPR petitions. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14–cv–00876–RS, 2015 WL 13727876, at *3 (N.D. Cal. March 30, 2015) (IPR petitions "appear to have involved significant effort"). Further, AviaGames did not file its IPR petition on the eve of the filing deadline—it did so with months to spare. *See Delphix*, 2014 WL 6068407, at *3 ("[W]hile the Court does not condone gamesmanship, it will not require a patent infringement defendant to file a petition for *inter partes* review significantly earlier than the time allowed by statute."); *DSS Tech.*, 2015 WL 1967878, at *4 ("The Court declines to read a 'dilatory motive' into Defendant's timely exercise of its statutory rights."). The Court does not find it appropriate to fault AviaGames for filing its IPR petition 10 months after service of the Complaint. *See SAGE Electrochromics, Inc. v. View, Inc.*, No. 12–cv–06441–JST, 2015 WL 66415, at *4 (finding that defendant "acted with reasonable diligence in filing its IPR petitions within six months of being served with [plaintiff's] revised infringement contentions"). Skillz's cases do not say otherwise. *See KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05–03116 JSW, 2006 WL 708661, at *3 (N.D. Cal. March 16, 2006) ("This is not a case where reexamination is sought on the eve of trial or after protracted discovery."); *Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, No. 16–cv–00791–RS, 2017 WL 1316549, at **1–3 (N.D. Cal. April 10, 2017) (timing of IPR petitions weighed against stay when filed days before one-year statutory deadline).

Accordingly, the Court finds that this subfactor favors a stay.

### 2. Timing of Stay Request

Under the second subfactor, the Court considers whether the timing of AviaGames' stay

1  motion indicates prejudice to Skillz. *Uniloc*, 2019 WL 1905161, at *5. AviaGames argues that this
2  subfactor indicates a lack of prejudice to Skillz, since AviaGames filed its stay motion within two
3  weeks of filing its IPR petition. *See* Motion, ECF No. 73 at 8. In response, Skillz argues that this
4  subfactor is neutral. *See* Opposition, ECF No. 84.

5  The Court agrees with AviaGames. A delay of two weeks between the filing of an IPR
6  petition and a corresponding stay motion indicates diligence—not prejudice. *See AbCellera*
7  *Biologics Inc. v. Berkeley Lights, Inc.*, No. 20–CV–08624–LHK, 2021 WL 4499231, at *2
8  (N.D. Cal. Aug. 25, 2021) (finding two-week period between filing IPR and motion to stay did not
9  weigh against stay).

10  Accordingly, the Court finds that this subfactor favors a stay.

### 3. Status of Review Proceedings

12  Under the third subfactor, the Court considers whether the status of AviaGames' IPR
13  proceedings indicates that a stay would prejudice Skillz. *Uniloc*, 2019 WL 1905161, at *5.
14  AviaGames argues that institution is likely, because the PTAB's institution rate for petitions
15  concerning electrical/computer patents is 64%. *See* Motion, ECF No. 73 at 9. In response, Skillz
16  argues that the current lack of institution—and the five-month delay until an institution decision will
17  issue—disfavors a stay. *See* Opposition, ECF No. 84 at 8.

18  The Court agrees with Skillz. As the Court outlined above regarding the simplification
19  factor, since the PTAB may decide not to institute IPR, there is a possibility that a 5-month stay
20  would only delay the case without any benefit to the Court or the parties. Even with a 64%
21  institution rate, the Court is not keen to play those odds where the cost of non-institution would be
22  delay without benefit.

23  Accordingly, the Court finds that this subfactor weighs against a stay.

### 4. Relationship of the Parties

25  Under the fourth subfactor, the Court considers whether the relationship between the parties
26  indicates that a stay would prejudice Skillz. *Uniloc*, 2019 WL 1905161, at *5. While AviaGames
27  acknowledges that the parties are competitors, AviaGames argues this does not indicate prejudice
28  to Skillz for three reasons. *See* Motion, ECF No. 73 at 9–10. First, AviaGames argues that Skillz

1   did not seek a preliminary injunction, which suggests that a monetary remedy would be adequate
2   compensation if Skillz prevails in this case. *See id.* at 9. Second, AviaGames argues that Skillz has
3   not presented any evidence of lost sales or market share resulting from AviaGames' alleged
4   infringement. *See id.* Third, AviaGames argues that Skillz has never claimed AviaGames is its *sole*
5   competitor in the market. *See id.* at 9–10.

6   In response, Skillz provides evidence that ▮▮▮▮▮▮▮▮▮▮ and commentators
7   consider Skillz to be a competitor. *See* Yang Decl., ECF No. 84-1, Ex. 10 at 4; *id.*, Ex. 9 at 3.
8   Further, Skillz provides evidence that AviaGames' growth has been precipitous and mobile gaming
9   is a fast-expanding industry, so Skillz argues that prejudice to Skillz accrues on a daily basis. *See*
10  *id.*, Ex. 10 at 1; *id.*, Ex. 7 at 2; *id.*, Ex. 6 at 11–12. Additionally, Skillz provides AviaGames
11  documents indicating that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which Skillz equates to revenue
13  loss. *See id.*, Ex. 8 at 1; *id.*, Ex. 7 at 9. Skillz also argues that its choice not to seek a preliminary
14  injunction and the fact that it is not AviaGames' sole competitor are not dispositive—Skillz argues
15  it will be prejudiced regardless of these circumstances. *See* Opposition, ECF No. 84 at 9–10.

16  The Court agrees with Skillz. Skillz's evidence supports a finding of prejudice regardless
17  of whether AviaGames is its sole competitor. "Unlike patent infringement actions involving non-
18  practicing entities, infringement among competitors can cause harm in the marketplace that is not
19  compensable by readily calculable money damages." *Avago Techs. Fiber IP (Sing.) Pte Ltd. v.*
20  *Iptronics Inc.*, No. 10–CV–02863–EJD, 2011 WL 3267768, at *5 (N.D. Cal. Jul. 28, 2011).
21  Whether the parties are sole competitors is only one factor courts consider. *See Karl Storz*,
22  2015 WL 13727876, at *4 (whether parties are sole competitors is "not of enormous significance");
23  *Lighting Science*, 2017 WL 2633131, at *4 (finding based on direct competition alone "that
24  prejudice to [plaintiff] from a stay would be heightened").

25  Further, one of the AviaGames' internal documents discusses ▮▮▮▮▮▮▮
26  ▮▮▮▮▮▮. *See* Yang Decl., ECF No. 84-1, Ex. 8 at 1; *see also id.*, Ex. 7 at 9. Even if
27  AviaGames is not Skillz's sole competitor, the evidence suggests that AviaGames still poses a risk
28  to Skillz's market share. This is sufficient to indicate that the relationship between the parties

9

weighs against a stay. *See Masimo Corp. v. Wireless*, No. 19–cv–01100–BAS–NLS, 2021 WL 321481, at *5 (S.D. Cal. Feb. 1, 2021) (multiple competitors in market undermines prejudice because they "limit[] the danger of loss of market share").

Skillz's evidence also adequately addresses AviaGames' argument that Skillz "has not presented any evidence of lost sales or lost market share as a result of AviaGames' accused infringement." Motion, ECF No. 73 at 9. Skillz presents evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Yang Decl., ECF No. 84-1, Ex. 7 at 9; *see also id.*, Ex. 5 at 39–40. This suggests that AviaGames is gaining market share over Skillz in the user-focused industry of mobile gaming. Further, Skillz presents AviaGames documents indicating ▮▮▮▮▮▮▮▮▮▮▮▮—suggesting *some* of Skillz's market share has already been conquered. *See id.*, Ex. 8 at 1. While these documents do not link AviaGames' market growth to its alleged infringement of the '564 Patent, the Court finds Skillz's evidence to be sufficient to suggest relevant lost market share at this early stage of the case.

The Court agrees with AviaGames that Skillz's decision not to seek injunctive relief in this case undermines its prejudice case. *See Karl Storz*, 2015 WL 13727876, at *4. However, courts have still found a stay would prejudice a plaintiff even where the plaintiff did not seek injunctive relief. *See Avago*, 2011 WL 3267768, at *6 (finding prejudice factor weighs against stay where plaintiff "might have other reasons for deciding not to pursue injunctive relief at this stage"). And while Skillz's failure to seek preliminary injunction weighs against a finding of prejudice, the Court finds that it does not weigh heavily enough to nullify Skillz's ample evidence that AviaGames and Skillz are direct competitors. AviaGames' cases do not counsel otherwise. *See VirtualAgility*, 759 F.3d at 1319 ("[T]here could be a variety of reasons that a patentee does not move for a preliminary injunction."); *Parallax Grp. Int'l, LLC v. Greatmats.com Corp.*, No. SACV 16–00927–CJC(DFMx), 2017 WL 3485789, at *2 (C.D. Cal. March 23, 2017) (possibility of prejudice to direct competitor "is significant where the damage would be irreparable").

AviaGames further argues that whether the Court grants or denies its motion to stay here,

1   the case schedule will remain the same—which undermines Skillz's claims of prejudice. *See* Reply, ECF No. 92 at 5. The Court agrees with AviaGames that the schedule will remain the same regardless of whether the case is stayed. Indeed, the Court recently denied Skillz's motion to modify the case schedule to advance the trial date from late 2023 to early 2023. *See* Order, ECF No. 98. Still, the Court considers the relationship between the parties to support a likelihood of prejudice to Skillz from a stay. A stay would prevent Skillz from prosecuting its case during the pendency of AviaGames' IPR petition, and it would compress the remaining stages of litigation into a significantly shorter period.

Based on the above reasoning, the Court finds that this subfactor weighs against a stay.

\* \* \*

Under the prejudice factor, two of four subfactors favor a stay while the other two subfactors weigh against a stay. On balance, since Skillz provides ample evidence of direct competition between the parties, which is counterweighed only by a moderate showing of diligence on AviaGames' part in filing its IPR petition and its stay motion, the Court finds that the prejudice factor weighs slightly against a stay.

### D. Balancing the Factors

While the stage of the case factor somewhat supports granting AviaGames' stay request, both the simplification and prejudice factors weigh against the requested stay. Accordingly, the Court finds that AviaGames has failed to meet its burden for showing that a stay is appropriate here.

### E. Request to Continue Claim Construction Hearing

In the alternative to a stay, AviaGames requests that the Court continue the claim construction hearing until after the PTAB decides whether to institute *inter partes* review of the '564 Patent. *See* Motion, ECF No. 73 at 2.

Under Federal Rule of Civil Procedure 16, a party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *See In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson v. Mammoth Recs., Inc.*,

11

975 F.2d 604, 609 (9th Cir. 1992)). While a court may take into account any prejudice to the party opposing modification of the scheduling order, the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification. *See id.* If that party was not diligent, the inquiry should end. *See id.*

The Court finds that AviaGames has failed to show good cause for continuing the claim construction hearing. AviaGames was diligent in seeking a continuance, and continuing the claim construction hearing could promote judicial economy if the PTAB decides to institute *inter partes* review of the '564 Patent. But absent institution, a continuance of the claim construction hearing will merely compress the later stages of the case with no benefit to the Court or the parties. Accordingly, the Court finds that any good cause for continuing the claim construction hearing is too speculative at this pre-institution stage.

Accordingly, the Court DENIES AviaGames' request to continue the claim construction hearing.

IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that AviaGames' motion to stay is DENIED WITHOUT PREJUDICE to filing a renewed motion to stay if the PTAB institutes *inter partes* review of the '564 Patent.

Dated: April 13, 2022

_____
BETH LABSON FREEMAN
United States District Judge