UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVIAGAMES INC.,<br><br>Defendant. | Case No. 21-cv-02436-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AND GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF Nos. 153, 155] |

Before the Court is Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed and Defendant's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF Nos. 153 ("Pl. Mot."), 155 ("Def. Mot."). Plaintiff's motion relates to its Amended Complaint ("AC"). *See* Pl. Mot. Defendant's motion relates to its Amended Answer. *See* Def. Mot. Defendant filed a statement in support of Plaintiff's motion. ECF No. 158 ("Def. Statement"). Plaintiff filed a statement in support of Defendant's motion. ECF No. 160 ("Pl. Statement"). The Court has considered the motions and supporting statements. For the following reasons, Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed is GRANTED IN PART and DENIED IN PART and Defendant's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed is GRANTED.

I.  **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records

and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because the motion to seal pertains to the pleadings, the Court will apply the "compelling reasons" standard. *See Ponomarenko v. Shapiro*, No. 16-cv-02763-BLF, 2017 WL 3605226, at *2 (N.D. Cal. Aug. 21, 2017) (applying "compelling reasons" standard to complaint).

### A. Plaintiff's Motion Re: Amended Complaint

Plaintiff filed an administrative motion to consider whether another party's material should

1  be sealed in connection with its AC.  *See* Pl. Mot.  Plaintiff identifies the potentially sealable
2  material to include highlighted portions of the AC, as well as the entirety of four exhibits to the
3  AC.  *Id.* at 1.  Plaintiff provides that this information was designated as Confidential or Highly
4  Confidential by Defendant.  Declaration of Lance L. Yang, ECF No. 153-1 ("Yang Decl.") ¶¶ 3-7.

5        Defendant filed a statement in support of the sealing.  *See* Def. Statement.  Defendant
6  asserts that the redacted portions of the AC and the identified exhibits "contain aspects of [its]
7  business practices and strategy" and that "publication of the sealed information would put
8  [Defendant] at a disadvantage compared to its competitors."  *Id.* ¶ 3.  Defendant also provides that
9  the request is narrowly tailored.  *Id.* ¶ 4.

10        The "compelling reasons" standard is met for confidential business information that would
11  harm a party's competitive standing.  *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-
12  HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for
13  "confidential business and proprietary information relating to the operations of both Plaintiff and
14  Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at
15  *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may
16  harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts,
17  contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir.
18  2008) (finding sealable "business information that might harm a litigant's competitive standing").

19        The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 153-3 | Skillz's Amended Complaint for Patent Infringement | Highlighted portions at ¶¶ 72, 74-80 | GRANTED, as containing confidential business information the release of which would cause competitive harm. |
| 153-4 | Exhibit 1 to Skillz's Amended Complaint for Patent Infringement | Entire Document | DENIED, as not narrowly tailored. |
| 153-5 | Exhibit 2 to Skillz's Amended Complaint for Patent Infringement | Entire Document | GRANTED, as containing confidential business information the release of which would cause competitive harm. |
| 153-6 | Exhibit 3 to Skillz's Amended Complaint for | Entire Document | GRANTED, as containing confidential business information |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | Patent Infringement | | the release of which would cause competitive harm. |
| 153-7 | Exhibit 4 to Skillz's Amended Complaint for Patent Infringement | Entire Document | DENIED, as not narrowly tailored. |

The Court concludes that Exhibits 1 and 4 should not be sealed in their entirety. The denial as to these documents is WITHOUT PREJUDICE to filing a new motion that includes redactions that are "narrowly tailored to seal only the sealable material." *See* Civ. L.R. 79-5(c)(3).

## B. Defendant's Motion Re: Amended Answer

Defendant filed an administrative motion to consider whether another party's material should be sealed in connection with its Amended Answer. *See* Def. Mot. Defendant identifies the potentially sealable material to include highlighted portions of the Amended Answer. *Id.* at 1. Defendant provides that this information was designated as Highly Confidential by Plaintiff. *Id.*

Plaintiff filed a statement in support of the sealing. *See* Pl. Statement. Plaintiff asserts that the redacted portions of the Amended Answer contain "aspects of [its] business practices and strategy" and "publication of the sealed information in the Amended Answer would put [it] at a disadvantage compared to its competitors." *Id.* ¶ 6. Plaintiff also provides that the requested sealing is narrowly tailored. *Id.* ¶ 7.

Again, the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc.*, 2020 WL 5576346, at *2; *Qualcomm, Inc.*, 2019 WL 95922, at *3; *In re Elec. Arts, Inc.*, 298 F. App'x at 569.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 155-1 | AviaGame's Amended Answer | Highlighted portions at ¶¶ 90-91, 93-95 | GRANTED, as containing confidential business information the release of which would cause competitive harm. |
| 155-1 | AviaGame's Amended Answer | Highlighted portions at ¶¶ 98, 110, 112, 118-19 | GRANTED, as containing confidential business information the release of which would cause competitive harm. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Administrative

4

Motion to Consider Whether Another Party's Material Should Be Sealed is GRANTED IN PART and DENIED IN PART.  The denial is WITHOUT PREJUDICE to refiling a new motion with redacted versions of Exhibits 1 and 4 within 21 days.  Defendant's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed is GRANTED.

Dated:  August 9, 2023

_____
BETH LABSON FREEMAN
United States District Judge

5