UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER RE: SEALING MOTIONS ON MOTIONS FOR SUMMARY JUDGMENT** <br><br> [Re: ECF Nos. 161, 164, 165] |

    Before the Court are three sealing motions relating to the parties' motions for summary judgment. ECF Nos. 161, 164, 165. The Court has considered the motions and supporting statements. The Court's ruling is laid out below.

**I.   LEGAL STANDARD**

    "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

    In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

**II.   DISCUSSION**

Because the motion to seal pertain to the motions for summary judgment, the Court will apply the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1177. The Court will address each motion in turn.

    **A.   Defendant's Administrative Motion to Seal Exhibits to its Motion for Summary Judgment (ECF No. 161)**

Defendant filed an administration motion to seal, seeking to seal highlighted portions of its motion for summary judgment as well as several exhibits thereto. ECF No. 161. Plaintiff does not oppose the motion. Defendant provides that these documents should be sealed because they "contain detailed descriptions and excerpts of AviaGames' confidential source code, and they contain confidential emails and deposition-transcript portions generally discussing AviaGames' confidential source code." ECF No. 161 at 3. Defendant states that the information about the source code "is highly confidential to AviaGames, is not generally known by others, and its disclosure would materially harm AviaGames." Declaration of Miguel Bombach, ECF No. 161-1 ("Bombach Decl.") ¶ 4.

Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179. "Confidential source code clearly meets the definition of a trade secret," and it thus meets the

compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 162 | AviaGames' Motion for Summary Judgment | Highlighted portion | GRANTED, as describing confidential source code. |
| 161-2 | Exhibit A to AviaGames' Motion for Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 161-3 | Exhibit F to AviaGames' Motion for Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 161-4 | Exhibit H to AviaGames' Motion for Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 161-5 | Exhibit I to AviaGames' Motion for Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 161-6 | Exhibit J to AviaGames' Motion for Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 161-7 | Exhibit O to AviaGames' Motion for Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |

Defendant seeks to seal the identified exhibits in their entirety. The Court finds this is not warranted. The denial as to these exhibits is WITHOUT PREJUDICE to refiling a renewed motion that seeks to seal specified redacted portions of these exhibits. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**B. Plaintiff's Administrative Motion to File Under Seal Re: Motion for Partial Summary Judgment (ECF No. 164)**

Plaintiff filed an administration motion to seal, seeking to seal highlighted portions of its motion for summary judgment as well as several exhibits thereto. ECF No. 164. Defendant does not oppose the motion. Plaintiff provides that these documents should be sealed because they "contain extremely sensitive and non-public business information that would harm Skillz if made publicly available." *Id.* at 1. Plaintiff claims these documents "include[] commercially sensitive information about Skillz's research and development, the design, development, structure,

implementation, functionality, and operation of Skillz's games and platform, market analysis, and business strategies, and Skillz's non-public business practices and recruiting efforts." *Id.*

The "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *Koninklijike Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at *2 (N.D. Cal. Feb. 10, 2015) (finding compelling reasons for "contracts regarding the terms and conditions of employment, as well as information regarding non-public recruitment efforts and business practices of [defendant]"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 164-3 | Skillz's Motion for Partial Summary Judgment | Highlighted portion in yellow | GRANTED, as containing confidential business information the release of which would cause competitive harm. |
| 164-4 | Exhibit 1 to Skillz's Motion for Partial Summary Judgment | Entire Document | GRANTED, as containing confidential business information the release of which would cause competitive harm. |
| 164-5 | Exhibit 2 to Skillz's Motion for Partial Summary Judgment | Entire Document | GRANTED, as containing confidential business information the release of which would cause competitive harm. |
| 164-6 | Exhibit 3 to Skillz's Motion for Partial Summary Judgment | Entire Document | GRANTED, as containing confidential business information the release of which would cause competitive harm. |
| 164-7 | Exhibit 4 to Skillz's Motion for Partial | Entire Document | GRANTED, as containing confidential business information |

| | | | |
|---|---|---|---|
| | Summary Judgment | | the release of which would cause competitive harm. |
| 164-8 | Exhibit 5 to Skillz's Motion for Partial Summary Judgment | Entire Document | GRANTED, as containing confidential business information the release of which would cause competitive harm. |

### C. Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Motion for Partial Summary Judgment (ECF No. 165)

Plaintiff filed an administrative motion to consider whether another party's material should be sealed in connection with its motion for partial summary judgment. *See* ECF No. 165. Plaintiff identifies the potentially sealable material to include highlighted portions of the motion as well as two exhibits thereto. *Id.* at 1. Plaintiff provides that this information was designated as Highly Confidential by Defendant. *Id.*

Defendant filed a statement in support of the sealing. *See* ECF No. 167. Defendant asserts that the highlighted portion of the motion and exhibits thereto "contain aspects of AviaGames' business practices and strategy, and its products' source code." *Id.* ¶ 3. Plaintiff also provides that the requested sealing is narrowly tailored. *Id.* ¶ 4.

The "compelling reasons" standard is met for trade secrets, which includes confidential source code. *See Apple, Inc.*, 2012 WL 6115623, at *2.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 165-3 | Skillz's Motion for Partial Summary Judgment | Highlighted portion in green | GRANTED, as containing confidential business information and source code the release of which would cause competitive harm. |
| 165-4 | Exhibit 8 to Skillz's Motion for Partial Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 165-5 | Exhibit 9 to Skillz's Motion for Partial Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |

Defendant seeks to seal the identified exhibits in their entirety. The Court finds this is not warranted. The denial as to these exhibits is WITHOUT PREJUDICE to refiling a renewed motion that seeks to seal specified redacted portions of these exhibits. The Court notes that

5

redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**III.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's Administrative Motion to Seal Exhibits to its Motion for Summary Judgment (ECF No. 161) is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's Administrative Motion to File Under Seal Re: Motion for Partial Summary Judgment (ECF No. 164) is GRANTED;

3. Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Motion for Partial Summary Judgment (ECF No. 165) is GRANTED IN PART and DENIED IN PART.

The denials are WITHOUT PREJUDICE to refiling renewed motions that include exhibits with narrowly tailored redactions. Any such motions SHALL be filed within 21 days.

Dated:  August 9, 2023

BETH LABSON FREEMAN
United States District Judge