**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER RE: SEALING MOTIONS ON OPPOSITIONS TO SUMMARY JUDGMENT MOTIONS** <br><br> [Re: ECF Nos. 169, 171, 172] |

Before the Court are three sealing motions relating to the parties' opposition briefs to the motions for summary judgment. ECF Nos. 169, 171, 172. The Court has considered the motions and supporting statements. The Court's ruling is laid out below.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because the motion to seal pertain to the motions for summary judgment, the Court will apply the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1177. The Court will address each motion in turn.

### A. Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed Re: Opposition to Skillz's Motion for Partial Summary Judgment (ECF No. 169)

Defendant filed an administrative motion to consider whether another party's material should be sealed in connection with its opposition to Plaintiff's for partial summary judgment. *See* ECF No. 169. Defendant identifies the potentially sealable material to include highlighted portions of its opposition brief as well as three exhibits thereto. *Id.* at 1. Defendant provides that this information was designated as Highly Confidential by Plaintiff. *Id.*

Plaintiff filed a statement in support of the sealing. *See* ECF No. 184. Plaintiff asserts that the highlighted portion of the brief and exhibits thereto "contain information conveying aspects of Skillz's business practices and strategy." *Id.* ¶ 6. Plaintiff states that the release of the sealed material would put it at a disadvantage compared to its competitors. *Id.* Plaintiff also provides that the requested sealing is narrowly tailored. *Id.* ¶ 7.

The "compelling reasons" standard is met for confidential business information that would

1 harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 169-1 | AviaGames' Opposition to Skillz's Motion for Partial Summary Judgment | Highlighted portion | GRANTED, as containing confidential business information the release of which would cause competitive harm. |
| 169-2 | Exhibit 1 to AviaGames' Opposition to Skillz's Motion for Partial Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 169-3 | Exhibit 2 to AviaGames' Opposition to Skillz's Motion for Partial Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 169-4 | Exhibit 4 to AviaGames' Opposition to Skillz's Motion for Partial Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |

Plaintiff seeks to seal the identified exhibits in their entirety. *See* ECF No. 184 at 3-4. The Court finds this is not warranted. The denial as to these exhibits is WITHOUT PREJUDICE to refiling a renewed motion that seeks to seal specified redacted portions of these exhibits. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

### B. Plaintiff's Administrative Motion to File Under Seal Re: Opposition to Defendant's Motion for Summary Judgment (ECF No. 171)

Plaintiff filed an administration motion to seal, seeking to seal highlighted portions of its opposition to Defendant's motion for summary judgment. ECF No. 171. Defendant does not oppose the motion. Plaintiff provides that the identified portions of its opposition brief should be sealed because they "contain[] extremely sensitive and non-public business information that would harm [Plaintiff] if made publicly available." *Id.* at 1.

The "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars*, 2020 WL 5576346, at \*2; *Qualcomm, Inc.*, 2019 WL 95922, at \*3; *In re Elec. Arts, Inc.*, 298 F. App'x at 569.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 171-3 | Skillz's Opposition to AviaGames's Motion for Summary Judgment | Highlighted portion in blue | GRANTED, as containing confidential business information the release of which would cause competitive harm. |

### C. Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Opposition to Defendant's Motion for Summary Judgment (ECF No. 172)

Plaintiff filed an administrative motion to consider whether another party's material should be sealed in connection with its opposition to Defendant's motion for summary judgment. *See* ECF No. 172. Plaintiff identifies the potentially sealable material to include highlighted portions of the opposition brief as well as five exhibits thereto. *Id.* at 1. Plaintiff provides that this information was designated as Highly Confidential by Defendant. *Id.*

Defendant filed a statement in support of the sealing. *See* ECF No. 183. Defendant asserts that the highlighted portion of the motion and exhibits thereto "contain aspects of AviaGames' business practices and strategy, and its products' source code." *Id.* ¶ 3. Plaintiff also provides that the requested sealing is narrowly tailored. *Id.* ¶ 4.

Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179. "Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-

4

LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 172-3 | Skillz's Opposition to AviaGames's Motion for Summary Judgment | Highlighted portion in purple | GRANTED, as containing confidential business information and source code the release of which would cause competitive harm. |
| 172-4 | Exhibit 1 to Skillz's Opposition to AviaGames's Motion for Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 172-5 | Exhibit 2 to Skillz's Opposition to AviaGames's Motion for Summary Judgment | Entire Document | GRANTED, as containing confidential business information the release of which would cause competitive harm. |
| 172-6 | Exhibit 3 to Skillz's Opposition to AviaGames's Motion for Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 172-7 | Exhibit 4 to Skillz's Opposition to AviaGames's Motion for Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 172-8 | Exhibit 5 to Skillz's Opposition to AviaGames's Motion for Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |
| 172-9 | Exhibit 6 to Skillz's Opposition to AviaGames's Motion for Summary Judgment | Entire Document | DENIED, as not narrowly tailored. |

Defendant seeks to seal the identified exhibits in their entirety. The Court finds this is not warranted as to certain exhibits. The denial as to these exhibits is WITHOUT PREJUDICE to refiling a renewed motion that seeks to seal specified redacted portions of these exhibits. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another

1  Party's Material Should be Sealed Re: Opposition to Skillz's Motion for Partial Summary

2  Judgment (ECF No. 169) is GRANTED IN PART and DENIED IN PART;

3      2.    Plaintiff's Administrative Motion to File Under Seal Re: Opposition to Defendant's

4  Motion for Summary Judgment (ECF No. 171) is GRANTED; and

5      3.    Plaintiff's Administrative Motion to Consider Whether Another Party's Material

6  Should Be Sealed Re: Opposition to Defendant's Motion for Summary Judgment (ECF No. 172)

7  is GRANTED IN PART and DENIED IN PART.

    The denials are WITHOUT PREJUDICE to refiling renewed motions that include exhibits with narrowly tailored redactions. Any such motions SHALL be filed within 21 days.

Dated: August 10, 2023

_____
BETH LABSON FREEMAN
United States District Judge