# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER RE: MOTIONS TO FILE ANOTHER PARTY'S MATERIAL UNDER SEAL ON REPLY BRIEFS TO SUMMARY JUDGMENT MOTIONS** <br><br> [Re: ECF Nos. 186, 191] |

Before the Court are two administrative motions to file another party's material under seal relating to the parties' reply briefs to the motions for summary judgment. ECF Nos. 186, 191. The Court has considered the motions and supporting statements. The Court's ruling is laid out below.

## I.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
3  requires the moving party to provide "evidentiary support from declarations where necessary."
4  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
5  material." Civ. L.R. 79-5(c)(3).

6  Further, when a party seeks to seal a document because it has been designated as
7  confidential by another party, the filing party must file an Administrative Motion to Consider
8  Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing
9  party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the
10 party who designated the material as confidential must, within seven days of the motion's filing,
11 file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-
12 5(f)(3). Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

13 **II.    DISCUSSION**

14 Because the motion to seal pertain to the motions for summary judgment, the Court will
15 apply the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1177. The Court will
16 address each motion in turn.

17 **A.    Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed Re: Reply in Support of Motion for Summary Judgment (ECF No. 186)**
18

19 Defendant filed an administrative motion to consider whether another party's material
20 should be sealed in connection with its reply in support of its motion for summary judgment. ECF
21 No. 186. Defendant identifies the potentially sealable material to include Exhibit W, which
22 Plaintiff designated as Highly Confidential. *Id.* at 1.

23 Plaintiff filed a statement in support of the motion. ECF No. 204. Plaintiff states that the
24 Exhibit "contain[s] information conveying aspects of Skillz's internal practices and strategy,
25 which include the design, development, structure, implementation, functionality, and operation of
26 Skillz's games and platform." *Id.* ¶ 5. Plaintiff provides that publication of the information would
27 put it at a disadvantage compared to its competitors. *Id.* It also states that the request is narrowly
28 tailored. *Id.* ¶ 6.

The "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
| --- | --- | --- | --- |
| 186-2 | Exhibit W to AviaGames' Reply ISO Motion for Summary Judgment | Entire document | GRANTED, as containing confidential business information the release of which would cause competitive harm. |

**B.   Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Reply in Support of Motion for Partial Summary Judgment (ECF No. 191)**

Plaintiff filed an administrative motion to consider whether another party's material should be sealed in connection with its reply in support of its motion for partial summary judgment. *See* ECF No. 191. Plaintiff identifies the potentially sealable material to include highlighted portions of its reply brief. *Id.* at 1. Plaintiff provides that this information was designated as Highly Confidential by Defendant. *Id.*

Defendant filed a statement in support of the sealing. ECF No. 202. Defendant provides that the highlighted portion "contain[s] aspects to AviaGames' business practices and strategy, and its products' source code." *Id.* ¶ 3. It states that release of this information would cause competitive harm and that the request is narrowly tailored. *Id.* ¶ 4.

Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179. "Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-

3

LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). And the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm, Inc.*, 2019 WL 95922, at *3; *In re Elec. Arts, Inc.*, 298 F. App'x at 569.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 191-3 | Skillz's Reply in Support of Motion for Partial Summary Judgment | Highlighted portion | GRANTED, as containing confidential business information and descriptions of source code, the release of which would cause competitive harm. |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed Re: Reply in Support of Motion for Summary Judgment (ECF No. 186) is GRANTED; and

2. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Reply in Support of Motion for Partial Summary Judgment (ECF No. 191) is GRANTED.

Dated: August 15, 2023

_____
BETH LABSON FREEMAN
United States District Judge

4