JENNIFER TAYLOR STEWART (SBN 298798)
jstewart@kslaw.com
**KING & SPALDING LLP**
50 California St., Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

CHRISTOPHER C. CAMPBELL (*Pro Hac Vice*)
ccampbell@kslaw.com
YUSHAN LUO (SBN 329770)
yluo@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Ave. NW Ste. 200
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-7411

MATTHEW DAVID WOOD (*Pro Hac Vice*)
mwood@kslaw.com
**KING & SPALDING LLP**
500 W 2nd St.
Austin, TX 78701
Telephone (512) 457-2000

LAZAR POL RAYNAL (*Pro Hac Vice*)
lraynal@kslaw.com
**KING & SPALDING LLP**
110 N Wacker Dr., Ste. 3800
Chicago, IL 60606
Telephone: (312) 995-6333
Facsimile: (312) 995-6330

BRITTON F. DAVIS *(Pro Hac Vice)*
bdavis@kslaw.com
ROY FALIK *(Pro Hac Vice)*
rfalik@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence St. Ste 1900
Denver, CO 80202
Telephone: (720) 535-2300
Facsimile: (720) 535-2400

RAHUL SARKAR (*Pro Hac Vice*)
rsarkar@kslaw.com
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2100

*Attorneys for Plaintiff*
SKILLZ PLATFORM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVIAGAMES INC.,<br><br>Defendant. | Case No. 5:21-cv-02436-BLF<br><br>The Hon. Judge Beth Labson Freeman<br><br>**SKILLZ'S RULE 37 MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH A COURT ORDER**<br><br>Date: September 5, 2023<br>Time: 1:00 p.m.<br>Courtroom: 3<br>Judge: Hon. Judge Beth Labson Freeman<br><br>**PUBLIC VERSION** |

# TABLE OF CONTENTS

Page

I. Background .................................................................................................................2

II. Legal Standard ............................................................................................................3

III. Avia's Conduct Is Contempt Of The Court's Order ...................................................4

    1. Avia's refusal to provide its source code computer for more than a single day defies the Court's Order ...........................................................4

    2. Avia is unjustifiably withholding discovery. ..................................................6

        i. Additional days of review do not increase Avia's burden. ................7

        ii. Avia's refusal to provide the complete source code violates the Court Order ......................................................................................7

    3. Avia's conduct is prejudicial to Skillz. ...........................................................8

    4. Avia's eleventh-hour compromise does nothing to resolve this issue ..........10

IV. Skillz's Requested Relief Is Reasonable And Proportional To Avia's Contempt .....11

V. Requested Relief .......................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
  No. 11-CV-01846-LHK, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) .................................... 3

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
  No. 10-CV-03428-LHK, Dkt. 202 (N.D. Cal. Sept. 6, 2011) ..................................................... 4

*Hyde & Drath v. Baker*,
  24 F.3d 1162 (9th Cir. 1994) ........................................................................................................ 4

*Navellier v. Sletten*,
  262 F.3d 923 (9th Cir. 2001) ................................................................................................. 4, 11

*Orthopaedic Hostpical v. Encore Medical, L.P.*,
  No. 3:19-cv-00970, Dkt. 276 (S.D. Cal. Nov. 19, 2021) ............................................................ 3

**Other Authorities**

Fed. R. Civ. P. 37(b)(2) .................................................................................................................. 3

Fed. R. Civ. P. 37(b)(2)(A) ....................................................................................................... 3, 11

Fed. R. Civ. P. 37(b)(2)(A)(i) .................................................................................................. 10, 12

Fed. R. Civ. P. 37(b)(2)(A)(ii) ....................................................................................................... 12

Fed. R. Civ. P. 37(b)(2)(A)(vii) ..................................................................................................... 12

PLEASE TAKE NOTICE that on Tuesday, September 5, 2023 at 1:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Beth Labson Freeman, located at 280 South 1st Street, Courtroom 3, San Jose, California, 95113, Plaintiff Skillz Platform Inc. ("Skillz") will and hereby does move the Court for an order: (1) ordering Avia to comply with the Court's Order (Dkt. 224) reopening discovery regarding Avia's bot use and make its complete source code available for inspection until at least September 29, 2023 (the date supplemental depositions are to be completed); and (2) ordering that if Avia does not comply with the Court's order (a) Avia may not rely upon its source code for any purpose at trial; (b) it will be taken as established that Avia directly infringes U.S. Patent No. 9,649,564 (the "'564 Patent") through its use of bots; and (c) Avia will be in contempt of court for violating the Court's order and will incur such sanctions as the Court finds appropriate.

This relief is warranted because Avia has stated it intends to violate the Court's Order by (i) only making its source code available for *ONE* day of the *25* days the Court reopened for discovery and (ii) refusing to make its complete source code available. Avia's obstruction is yet another attempt to shield its bot usage from discovery, this time in contempt of a Court Order.

Skillz has attempted to resolve this issue with Avia, but Skillz does not have the luxury of time. Skillz scheduled source code review begins Wednesday, September 6—one business day away. Skillz reviewers will arrive on Wednesday without the tools they need to review the source code and under unilateral time pressure to conduct a hasty, incomplete review before they are barred from further inspection. Given the abbreviated discovery schedule, this prejudice cannot be remedied after the fact. Skillz respectfully submits that Avia is not in compliance with the Court's order because it is imposing obligations on Skillz inconsistent with the Court's order, and Skillz needs relief from these oppressive and unjustified conditions *before* its review begins on Wednesday.

If Avia does not use bots, as it suggests, it should have no issue with providing unfettered access to its source code, so that Skillz can determine this "truth" for itself. The easiest way for Avia to exonerate itself from what it claims are unfounded accusations is to let Skillz attempt to

find the proof only to come up short. That Avia has gone to such extraordinary lengths to contravene the Court's discovery order raises serious questions about what Avia is trying to hide.

### I.     Background

Shortly before the close of fact discovery in this case, Avia produced evidence revealing that CEO Vickie Chen and VP of Products Jamie Leung perjured themselves at their depositions concerning Avia's use of bots in its Pocket7Games platform. (*See, e.g.*, Dkt. 207-02 at 4–5.) At a hearing held on August 15, 2023, the Court recognized the seriousness of this false testimony and its implications on Skillz's infringement case. Ex. C to Decl. of M. Wood[1], Tr. Of Summ. J. Hr'g. at 12:10.  Skillz filed a proposed discovery plan on August 18, 2023. (Dkt. 215.) Avia filed objections to Skillz's proposed discovery plan on August 21, 2023 (Dkt. 221) and specifically requested that the Court limit Skillz's discovery to: "(1) ***an*** *additional day of source code inspection* by Skillz's expert(s), and (2) a two-hour deposition on AviaGames' bot usage in source code." (Dkt. 221 at 1:8–10.)

On August 22, the Court issued an Order granting Skillz's motion to re-open discovery, rejected Avia's proposals, and ordered Avia to "produce all documents and communications, *including source code*, that refer to, bear on, or relate to … use of bots." (Dkt. 224 at 5:11–18.) Importantly, the Court provided Skillz the relief it needed to assess infringement through the lens of Avia's usage of bots, particularly given the false testimony and misdirection by Avia's senior executives denying the use of bots.  To be sure, the Court's order did not limit Skillz's source code review to *one day.* Yet, that is exactly Avia's position – in essence saying, "you get one day with our source code in a locked room where multiple reviewers can huddle over one another and, after that the code review is complete, be gone." Avia already lost this argument. Avia is now under Court order. Avia is defying the Court's Order. Avia is in contempt.

On August 29, in compliance with the Court's August 22 order and the Protective Order, Skillz notified Avia that it intended to review the source code on September 6 through 8. Ex. A, Aug. 31, 2023 M. Bombach email to R. Falik; *see also* Dkt. 58 at 13–14 (governing source code

---

[1]   Exhibits to the Declaration of Matthew Wood In Support of Plaintiff's Motion for Sanctions, are hereinafter referenced as ("Ex. __").

inspections). Skillz requested that the complete source code be made available, including any "scripts, schemas, and databases that enable the functionality of the Accused Products (including build files, make files, batch files, configuration files, versioning files, and any other collateral files)." Ex. A, Aug. 31, 2023 M. Bombach email to R. Falik.

Avia responded that it would only make the source code available for a single day. Avia also refused to make any of the scripts, schemas, or databases that enable the functionality of the Accused Products available for inspection.

Skillz and Avia met and conferred on September 1, 2023, but reached an impasse on all issues. Ex. B, Tr. of Meet and Confer at 45:9–14. Despite being notified that its proposal had already been rejected by the Court, Avia persisted in its intent to violate the Court's Order by refusing to provide the complete source code and allow more than one day of source code review. *Id*. As a result of Avia's contemptuous behavior, Skillz requests Avia be commanded to produce the complete source code throughout the reopened discovery period, and if it fails to do so, be found in contempt of court, be prohibited from relying on its source code at trial, and be deemed to directly infringe Skillz's '564 Patent through Avia's use of bots.

## II.     Legal Standard

Fed. R. Civ. P. 37(b)(2)(A) enables a court to issue "just orders" when a party disobeys a court order to permit discovery. Fed. Rs. Civ. P. 37(b)(2); *see also Orthopaedic Hostpical v. Encore Medical, L.P.,* No. 3:19-cv-00970 (S.D. Cal. Nov. 19, 2021) (Dkt. 276) (order granting in part and denying in part Rule 37 sanctions). Such "just orders" may include, but are not limited to "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" and "(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2).

This Court has previously issued just orders under Fed. R. Civ. P. 37(b)(2)(A) against a party that failed "to timely produce the source code" it was ordered to produce. *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3155574, at *1 (N.D. Cal. Aug. 2, 2012);

*see also*, *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-CV-03428-LHK (N.D. Cal. Sept. 6, 2011) (Dkt. 202).

A finding of bad faith is not a requirement for imposing sanctions under Fed. R. Civ. P. 37(b)(2)(A). *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). However, "good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust." *Id*. These sanctions may be warranted "for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001)

### III.  Avia's Conduct Is Contempt Of The Court's Order

The Court reopened discovery on the issue of whether Avia uses bots in its games. Reopening discovery was intended to allow further fact development of Skillz's "very serious allegations." Ex. C, Tr. Of Summ. J. Hr'g. at 12:10. Notwithstanding the Court's clear directive, at every turn, Avia attempts to relitigate the issue; first by challenging the new search terms (Dkt. 231) and now by obstructing Skillz's access to source code. Avia should be held in contempt and ordered to comply with the Court's Order by providing its complete source code, available during the entirety of the reopened discovery period, and be sanctioned for failing to abide by the Court's Order. Avia's refusal is a stark repudiation—indeed contempt—of this Court's order requiring it to produce all documents, communications, and source code related to bots. (Dkt. 224.) And Avia retreads a position already rejected by the Court, namely limiting source code review to one day. Avia has no basis to continue to withhold discovery into its bot use, and now is in contempt of the Court's Order.

**1. Avia's refusal to provide its source code computer for more than a single day defies the Court's Order.**

The Court already denied Avia's argument that any source code review be limited to a single day. Yet, Avia is defying the Court, which already rejected Avia's proposal, by continuing to demand instead that any source code review be limited to one day. Avia's refusal to provide its source code for more than one day was already rejected by the Court. (*C.f.* Dkt. 221, Avia's Obj.

4

SKILLZ'S MOTION FOR SANCTIONS
FOR FAILURE TO COMPLY WITH A COURT ORDER                             Case No. 5:21-cv-02436-BLF

to Skillz's Proposed Disc. Plan, *with* Dkt. 224, Order to Reopen Disc. and Deny Sanctions.) Avia, now under Court Order, continues to refuse to comply, arguing that Skillz already had ample opportunity to review the source code for the past two years. Ex. B, Meet and Confer Tr. 7:3–9. But the Court also rejected this argument, as it was the heart of Avia's argument against reopening discovery in the first place—namely Avia's source code uses "robots" and it was available to Skillz to review. (Dkt. 221, Avia's Obj. to Skillz's Proposed Disc. Plan at 1.) The Court acknowledged Avia's argument and Ordered discovery reopened anyway. (Dkt. 224 at 3–4.)  That Avia continues to rely on this rejected argument as a basis to defy the Court's Order is remarkable. Avia is in contempt.

The Court rejected Avia's request to limit source code review to one day. At the August 15, 2023 hearing, the Court addressed Skillz's emergency motion to reopen discovery. Ex. C, Tr. Of Summ. J. Hr'g. at 5:5–8. Recognizing the implications of Skillz's allegations, the Court asked Skillz to submit a proposed discovery plan that would accommodate this investigation. *Id*. at 8:14–17. Skillz did (Dkt. 215) and Avia opposed (Dkt. 221). In its opposition, Avia argued that "Skillz's additional discovery should be limited to (1) an additional day of source code inspection by Skillz's expert(s)." (Dkt. 221 at 1:8–9.) When the Court issued its Order, that clause was not included. Avia nevertheless continues to insist that it's code may only be reviewed for one day. Ex. B, Meet and Confer Tr. 6:13–17. This utter disrespect of the Court's order should be corrected.

Moreover, the Court rejected Avia's reasoning for limiting Skillz's ability to conduct discovery into Avia's bot usage. At the hearing on Skillz's emergency motion, Avia argued that "there was extensive discovery" and that Avia "didn't deny any discovery, it was all open. And the reason why this whole issue came up was because we didn't withhold any information." Ex. C, Tr. Of Summ. J. Hr'g. at 51:20–52:3. In its opposition, Avia argued that "Skillz's experts had unfettered access to AviaGames' complete code base for two years, [so] the additional scope can and should be far narrowed than Skillz has requested." (Dkt. 221 at 1:6–8.) The Court acknowledged Avia's argument both times, but still found good cause for limited discovery. (Dkt. 224 at 3:20–21.) Yet, Avia continues to rely on these rejected arguments to justify defying the

5

Court's Order.

Indeed, Avia's basis for refusing to comply with the Court's Order given on the meet and confer are almost identical to the arguments the Court already rejected. For example, Avia argued that because "[Skillz] had this source code for two years. … You had the opportunity to inspect the source code which has gone sitting there with no complaint or further request. And, [Avia] think[s] with the limited scope of discovery, one day in two years is sufficient." Ex. B, Meet and Confer Tr. 7:1–9. Avia made this same argument *over half a dozen times* in its opposition to the motion to re-open discovery. (Dkt. 218 at 1:7-8, 3:1-3, 4:27-28, 6:14-15, 19-20, 9:22-24, 10:21-23.) It was rejected. Avia then asked for source code review to be limited to a single day. That was rejected. In other words, Avia is behaving as if the Court never issued its Order at all. Avia's behavior—imposing its own rejected relief based on rejected arguments in the face of the Court's Order to the contrary—is contemptuous and should be corrected.

**2. Avia is unjustifiably withholding discovery.**

Avia's refusal to allow Skillz to engage in meaningful continued discovery is entirely without merit. Avia cannot point to a single legitimate reason to deny Skillz access to source code. Avia has not raised concerns about staffing, financial ability to procure additional review computers, concerns about the Protective Order, or concerns about deadlines. Avia's only reason is that "[Skillz] had never identified any deficiency in the source code production." Ex. B, Meet and Confer Tr. 9:19–22. Again, this reasoning was considered and rejected by the Court. Skillz's request is reasonable in light of the Court's Order and the expedited discovery that must take place before depositions must be completed on September 29. It places no additional burden on Avia to accommodate Skillz's requests. Indeed, as the Court is well aware, source code review is labor-intensive for the reviewers, all of whom are under the Court's Protective Order, and have strict limitations placed upon them during the course of the source code review. By contrast, the burden of the source code review is *de minimis* on the party whose code is under review. Indeed, a paralegal or even a secretary could supervise the review.

### i. Additional days of review do not increase Avia's burden.

Avia already has the source code computer available and in the Bay Area. Ex. A, Aug. 31, 2023 M. Bombach email to R. Falik (stating Avia must "see if we can actually ship the computer" from San Francisco to Palo Alto). Setting aside Skillz's request for review in the Palo Alto office—which Skillz is willing to forego if it impedes additional days of review—it places no additional burden on Avia to make the computer available for review for more than one day. Avia has not provided any reason to believe that its counsel will not have staff available that could accommodate authorized source code reviewers. Reviewers will abide by Avia's counsel's office hours and require no overtime supervision or admission. There can be no justified reason for refusing additional days of review, especially when Skillz has only requested three consecutive days well in advance.

Skillz offered several accommodations to Avia to alleviate any burden on Avia. First, Skillz stated that it would bring in multiple reviewers to expedite its review of the source code and minimize the amount of time its review would take to the greatest extent possible. Ex. A, Aug. 29, 2023 R. Falik email to W. Wang. Second, Skillz offered to furnish, at its own cost, additional review source code computers to expedite its review. Ex. A, Aug. 31, 2023 R. Falik email to M. Bombach. Avia rejected all of these proposals. Instead, Avia stuck to its guns, re-advocating its position that the Court rejected, insisting that the code review occur in a single day and no more.

### ii. Avia's refusal to provide the complete source code violates the Court Order.

Avia is refusing to provide its complete source code related to its bot use in direct violation of the Court's Order to provide *ALL* documents and source code related to Avia's bot use. (Dkt 224 at 5:13–24.) Avia continues to justify its contemptuous behavior by repeating its rejected argument that its complete source code has been available for 2 years without complaint. (Dkt. 221 at 1:5–13; Ex. B, Tr. of Meet and Confer at 7:3–9.) But this tired refrain about complete source code production is false, despite Avia's repeated representations to the Court and Skillz; Avia has not made its complete source code available—only what it deemed relevant to its non-bot

7

operation. Now caught, Avia still refuses to make its complete source code available in contempt of the Court's Order to the contrary.

Based on what Skillz has been able to piece together from the "Lark" messages (produced at the very end of fact discovery), the missing files Avia contemptuously refuses to produce are directly relevant—indeed, critical—to understanding the operation of Avia's bots. This is because the bots in Avia's source code appear to rely on and interact with the very source code scripts, schemas, and databases that Avia is refusing to produce, apparently by calling the seed library database (which has not been produced) to find old games and scores Avia can recycle and use to cheat, and by calling its user database (which also has not been produced) to spoof inactive users for those recycled scores. The source code scripts, schemas, databases, and other files (including build files, make files, batch files, configuration files, versioning files, and any other collateral files) that Avia is refusing to produce are key to understanding how all the source code works together to implement Avia's bots.

Avia's refusal is even more remarkable because it has not indicated how providing these files would be unduly burdensome on Avia. Avia's only reason for refusing to provide these files is that they are not source code and not relevant to source code operations. *See* Ex. A, Aug. 31, 2023 M. Bombach email to R. Falik. But, as discussed above this is false. And whatever semantic games Avia may wish to play about what is, and is not, "source code," (just as they are playing word games with respect to what is and is not a "bot") the Court's Order requires Avia to produce ALL "documents and communications, including source code, that refer to, bear on, or relate to … use of bots." (Dkt. 224, Order at 5:13–18.) Thus even if Avia were correct, which it is not, that the requested files are not "source code," they are unquestionably documents and communications that refer to, bear on, or relate to Avia's use of bots, and must be produced regardless. Avia's determined efforts to block Skillz's investigation into Avia's bot use is a clear violation of this Court's order.

3. **Avia's conduct is prejudicial to Skillz.**

Avia refuses to provide Skillz meaningful access to the source code, limiting review to one

day on one computer and without all of the necessary collateral files. Because Avia is engaging in obstructive behavior in contravention of the Court's Order, Skillz is suffering undue delay and is unable to address the Court's concerns regarding Avia's use of bots. This delay threatens to undermine the purpose of the Court's discovery plan, impede time to trial, and balloon expenses on unnecessary motions practice and discovery disputes.

Avia's arbitrary limit of one day of source code review is untenable because Skillz must not only attempt to understand the structure and operation of the code with regards to bots, but must contend with Avia's intentional obfuscation of bot-related functionality. In the interest of efficiency, this herculean task would be optimized by parallel review across multiple computers. Yet, Avia will not permit review on more than one computer for more than one day. As a result, Skillz must expend additional resources to ensure that it can have reviewers available for several consecutive days (or even weeks) in a row.

Moreover, Avia's refusal to provide the requested scripts, schemas, and databases (including build files, make files, batch files, configuration files, versioning files, and any other collateral files) is likewise contempt. The omission of these files is highly prejudicial to Skillz. By definition, these files are critical to source code operations. For example, configuration files determine how the source code behaves when it is compiled and executed, and versioning files reveal how the contents of the source code may have changed over time. Scripts, schemas, and databases are important because they disclose how data is stored and manipulated on Avia's servers. All of this information is crucial to Skillz's ability to determine how the Avia bots are controlled, store their data, and were introduced into the codebase. As set out above, these files are critical to understanding Avia's use of bots. Avia's claim that it will not provide these files is just a further demonstration of Avia's insistence on concealing its use of bots and refusing to comply with the Court's Order.

That Skillz had access to Avia's source code for two years does nothing to alleviate Skillz's prejudice. During those two years, Avia ***lied*** about how its code operated, frustrating Skillz's ability to understand the operation of the code. When Skillz caught on to Avia's fraud, Avia's VP

of Technology, Peng Zhang, explained that Avia will match ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 216-6 ¶ 6.) Yet at his deposition—given as a 30(b)(6) representative—Mr. Zhang stated the exact opposite. Mr. Zhang testified that if another player cannot be found for a match, the players waiting to play "would keep waiting" indefinitely. Ex. D, Zhang Tr. at 38:6–39:5. Avia's CEO, Ms. Chen, and VP of Products, Mr. Leung, also lied about Avia's bot use. (*See* Dkt. 222 at 3:20–4:6.) Avia deliberately misled Skillz about the operation of its code. Avia cannot credibly claim that Skillz's time to inspect the code should be limited because Skillz took too long to uncover Avia's fraud.

        4. **Avia**'s eleventh-hour compromise does nothing to resolve this issue.

Recognizing its unjustifiable position in light of the Court's Order—and only after repeated admonition by Skillz that Avia was in violation of the Court's order—Avia offered Skillz a "compromise." Ex. E, Sept. 2, 2023 M. Bombach email to M. Wood. Avia's transparent attempt to seem reasonable falls completely short of the discovery necessary to address the Court's concerns. Moreover, the proposed terms do nothing to correct the prejudice Skillz is suffering or the fact that Avia continues to unilaterally impose restrictions on discovery that were rejected by the Court.

On Sept. 2, at 10:06 a.m. PST (past the time at which Skillz had told Avia it would be prepared to file this Motion) Avia sent an email offering Skillz a "compromise." Avia's terms merely increased the review period to two days (instead of one) in exchange for Skillz agreeing to forego production of collateral files. Avia offered to produce only a singular row of a database "[t]o the extent [Skillz] believe[s] a database entry to be needed after [the] first day of review." Ex. E, Sept. 2, 2023 M. Bombach email to M. Wood.

Avia's unyielding attempts to circumvent the Court's Order must be addressed. The new proposition does not address any of the concerns that Skillz has presented; namely, that Avia is unilaterally imposing review limits before review has even begun and that Avia is refusing to provide the entirety of the relevant source code. Avia's modest relaxing of its own unilateral and unjustified conditions hardly cures Skillz's prejudice. Rather, it represents a continued effort by

Avia to unilaterally dictate conditions not included anywhere in—and which are directly contrary to—the Court's discovery order.

### IV. Skillz's Requested Relief Is Reasonable And Proportional To Avia's Contempt

The relief Skillz seeks bears a direct relationship to the discovery that has been withheld and is proportional to the seriousness of Avia's violations. *See Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001). The Court re-opened discovery precisely because, despite testimony from Avia's executives that Pocket7Games does not use bots, late produced instant messages "appear to suggest that AviaGames uses bots in its Pocket7Games platform ***and that Leung and Chen were aware that AviaGames uses bots***." (Dkt. 224 at 1–2.) Despite this, the Court denied Skillz's motion for sanctions without prejudice because "insufficient evidence ha[d] been submitted for it to determine whether Chen's and Leung's testimonies were false." *Id.* at 5. Now Avia attempts to frustrate any effort by Skillz to identify and provide that evidence to the Court. Whether Avia's source code in fact employs bots is direct and necessary evidence of whether Avia's testimony to the contrary was false and whether Avia's determined effort to withhold evidence of bot use was in bad faith.

Avia's continued obfuscation of its bot use also goes directly to the issue of infringement. The Court recognized that "evidence that AviaGames uses bots might be relevant to direct infringement if, for example, Skillz can show that AviaGames' bots receive game data at a client in the United States." (Dkt. 224 at 3.) Skillz can only show this by reference to the source code, which Avia is withholding unilaterally and without justification. If Avia succeeds in impeding Skillz's access to Avia's source code—thereby preventing Skillz from uncovering evidence of infringement—the only sanction that can correct this conduct is a finding that Avia infringes through its use of bots and an order prohibiting Avia from relying on its (wrongly withheld) source code at trial.

Rule 37(b) allows the Court to order sanctions against a party that "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The Court may "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the

action, as the prevailing party claims." *Id.* at 37(b)(2)(A)(i). Thus, the Court may appropriately enter an order directing that Avia's direct infringement by the use of bots is established.

The Court may also "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *Id.* at 37(b)(2)(A)(ii). Because Avia has prevented Skillz from fully developing its case based upon Avia's source code, Avia should be prevented from relying upon that code at trial.

The Court may also "treat[] as contempt of court the failure to obey any order." *Id.* at 37(b)(2)(A)(vii). Skillz respectfully submits that the imposition of monetary fines for failure to obey the Court's order is appropriate.

## V. Requested Relief

Skillz respectfully requests this Court to compel Avia to comply with the Court's August 22 Order and to provide Skillz with a meaningful opportunity to review the source code, by making its complete source code available throughout the reopened discovery period. Skillz also requests that the code be made available on two additional computers to expedite the review in the limited time available remaining in fact discovery.

Additionally, if Avia's non-compliance persists, Skillz respectfully requests this Court to correct Avia's intentional, bad-faith behavior by finding Avia in contempt of court for failure to obey the Court's Order (Dkt. 224), entering a finding of direct infringement of the '564 Patent against Avia for its bot use, and ordering that Avia may not rely upon its source code for any purpose at trial, pursuant to the Court's authority under Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), and (vii).

Dated: September 2, 2023                             Respectfully submitted,

**KING & SPALDING LLP**

/s/ *Christopher C. Campbell*
Christopher C. Campbell

*Attorney for Plaintiff*
SKILLZ PLATFORM, INC.cjh

12