UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br>Plaintiff,<br>v.<br>AVIAGAMES INC.,<br>Defendant. | Case No. 21-cv-02436-BLF<br><br>**ORDER RE: MOTION TO REOPEN DISCOVERY AND FOR SANCTIONS**<br><br>[Re: ECF No. 208, 209] |

Plaintiff Skillz Platform Inc. ("Skillz") brings this patent infringement action against Defendant AviaGames Inc. ("AviaGames"). Before the Court is Skillz's motion to reopen discovery for the limited purpose of investigating AviaGames' use of "bots" in its Pocket7Games platform and to impose sanctions against AviaGames for the knowingly false testimony of two of its senior witnesses. ECF Nos. 208, 209. The Court held a hearing on August 15, 2023. Skillz filed a proposed discovery plan on August 18, 2023. ECF No. 215. AviaGames filed objections to Skillz's discovery plan on August 21, 2023. ECF No. 221.

For the reasons discussed below, the Court GRANTS Skillz's request to reopen discovery and DENIES without prejudice Skillz's request to impose sanctions. However, the Court rejects Skillz's proposed discovery plan as too extensive and instead orders more limited discovery as described below.

**I.   BACKGROUND**

At a deposition on May 17, 2023, AviaGames' VP of Products, Jamie Leung, testified that matches in Pocket7Games are always between two or more human players. ECF No. 208-2 at 72:10–21. Similarly, at a deposition on May 20, 2023, AviaGames' founder and CEO, Vickie Chen, testified that AviaGames does not use "bots" (i.e., nonhuman players) in its Pocket7Games

platform. ECF No. 208-3 at 177:7–180:13. However, shortly before fact discovery closed on May 25, 2023, AviaGames produced instant messages from the "Lark" messaging platform that appear to suggest that AviaGames uses bots in its Pocket7Games platform and that Leung and Chen were aware that AviaGames uses bots. *See, e.g.*, ECF No. 208 at 4–5.

## II. REOPENING DISCOVERY

Pretrial deadlines may be modified "only for good cause and with the judge's consent." Fed R. Civ. P. 16. Courts consider the following factors in determining whether there is good cause to re-open discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*See, e.g.*, *Bookhamer v. Sunbeam Prod., Inc.*, No. C-09-6027, 2012 WL 5269677, at *6–7 (N.D. Cal. Oct. 23, 2012) (citing *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) *vacated on other grounds*, 520 U.S. 939 (1997)). A "good cause determination focuses primarily on the diligence of the moving party in his attempts to complete discovery in a timely manner." *Yeager v. Yeager*, No. 2:06-CV-001196, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "If [the party seeking the modification] was not diligent, the inquiry should end there." *See Johnson*, 975 F.2d at 609.

Skillz argues that it was diligent because AviaGames witnesses made false statements under oath and Skillz worked quickly to review AviaGames' Lark messages. ECF No. 208 at 5–8. AviaGames responds that Skillz was not diligent because AviaGames' source code, which AviaGames produced in December 2021, ███████████████████████ ECF No. 218 at 5–6. AviaGames also denies the allegation that it uses bots in its cash games and argues that

1  Skillz should not be permitted to introduce new infringement theories this late in the case. *Id.* at
2  3–4, 7–8.
3        The Court finds that Skillz was diligent. On May 5, 2023, AviaGames produced Chinese-
4  language instant messages from the "Lark" messaging platform. ECF No. 208-18 ¶¶ 3, 7.
5  AviaGames originally produced these documents in a format that did not include images or
6  embedded content. *Id.* On May 10, 2023, AviaGames produced the Lark messages in their native
7  file format. *Id.* This file format was unreadable for Skillz, and Skillz retained a third-party to
8  convert the files into a reviewable format. *Id.* at ¶ 5. Skillz did not have readable versions of the
9  Lark messages until May 19, 2023. *Id.* at ¶ 6. At this point, Leung's deposition had already
10 passed and Skillz had only a day to translate and review 18,467 documents before Chen's
11 deposition on May 20, 2023. *See id.* at ¶ 3. Because of the file format, batched machine
12 translation of the documents was not possible, and the messages had to be translated manually and
13 individually. *Id.* Further complicating review, the messages refer to bots not as "robots" but as
14 "guides" and "cucumbers." *See* ECF Nos. 2085, 208-6, 208-7. Fact discovery in this case closed
15 on May 25, 2023. Skillz brought the instant motion August 11, 2023. ECF No. 208. As this
16 summary of events indicates, Skillz did not delay in converting, translating, or reviewing
17 AviaGames' Lark messages. Skillz converted the messages into a readable format between 10 and
18 15 days of receipt. Moreover, Skillz translated and reviewed the messages and filed the instant
19 motion in less than 3 months.
20       Although there may be some indication that AviaGames' source code ▮▮▮▮▮
21 ▮▮▮ the Court still finds good cause for limited discovery. Trial is not imminent—the trial date
22 is four months away, and there is ample time to conduct limited discovery on this discrete issue.
23 Although AviaGames opposes the motion, it is not prejudiced because trial is four months away
24 and Skillz seeks only limited discovery. The potential need for additional discovery on this issue
25 was not reasonably foreseeable, and thus weighs slightly in favor of reopening, because the
26 relevant Lark messages were not produced until shortly before the close of discovery. Moreover,
27 evidence that AviaGames uses bots might be relevant to direct infringement if, for example, Skillz
28 can show that AviaGames' bots receive game data at a client in the United States. The use of bots

3

might also be relevant to damages if, for example, Skillz can show that AviaGames used bots to increase its revenue. Thus, upon considering the relevant factors, the Court finds good cause to GRANT Skillz's request to re-open discovery for the limited purpose of permitting Skillz to conduct discovery on whether AviaGames uses bots in its Pocket7Games platform. *See Johnson*, 975 F.2d at 609 ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment))).

However, the Court finds that Skillz's proposed discovery plan, ECF No. 215, is too vast, would likely delay the trial date, and is not warranted given the limited nature of the issue on which it seeks discovery. The Court will instead allow the discovery set forth at the end of this Order.

### III. SANCTIONS

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Goodyear*, 581 U.S. at 107). "When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either: (1) a willful violation of a court order; or (2) bad faith." *Id.* at 1090. "[B]ad faith, including conduct done vexatiously, wantonly, or for oppressive reasons, requires proof of bad intent or improper purpose." *Id.*; *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) ("Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980))).

Skillz argues that AviaGames should be sanctioned because Chen and Leung testified falsely about AviaGames' use of bots. ECF No. 208 at 8–9. AviaGames argues that it does not use bots in its cash games and thus Chen and Leung testified truthfully. ECF No. 218 at 3–4.

At this stage, the Court finds that insufficient evidence has been submitted for it to determine whether Chen's and Leung's testimonies were false and whether any falsehoods were submitted knowingly or otherwise constituted conduct in bad faith or tantamount to bad faith. *Cf. Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, No. CV126972FMOJEMX, 2015 WL 12732433, at *25 (C.D. Cal. Dec. 14, 2015) (finding bad faith where the defendants knowingly filed false declarations). Thus, the Court DENIES without prejudice Skillz's request for sanctions.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff Skillz Platform Inc's Motion to Reopen Discovery and for Sanctions, ECF No. 208, is GRANTED in part and DENIED in part without prejudice. The Court will permit limited discovery on the issue of whether AviaGames uses bots in its Pocket7Games platform as follows:

   a. AviaGames shall produce all documents and communications, including source code, that refer to, bear on, or relate to AviaGames' or Pocket7Games' use of bots (including, but not limited to, all documents and communications that refer to, bear on, or relate to Avia's use, directly or indirectly, of bots, robots, cucumbers, guides, any artificial or computer-enabled virtual player, or any other naming convention used by Avia to refer to the same).

   b. AviaGames shall produce all documents and communications from all sources, including but not limited to Lark, WeChat, messaging on personal devices and any other messaging platforms used by AviaGames and AviaGames' employees regarding AviaGames' or Pocket7Games' business practices, that hit on the original search terms and the search terms contained in Schedule A of Skillz's proposed discovery plan. *See* ECF No. 215.

   c. Skillz may propound, and AviaGames shall answer up to 3 interrogatories limited to AviaGames' use of bots. Skillz will not be permitted to propound requests for admission.

   d. Skillz may serve a supplemental 30(b)(6) corporate deposition notice regarding

5

      AviaGames' use of bots, and Skillz may take an additional deposition of AviaGames under Rule 30(b)(6) not to exceed 3 hours (AviaGames may designate more than one witness to address the topics in the 30(b)(6) notice, and the total time that the individuals may be deposed may not exceed 3 hours) and up to 1 deposition of an individual witness not to exceed 3 hours.

e. Skillz may file 1 supplemental expert report that is strictly limited to AviaGames' use of bots and consistent with previously disclosed infringement and damages theories.  AviaGames may file 1 rebuttal expert report limited to only issues identified in Skillz's supplemental expert report.

f. Any amended complaint must be accompanied by a motion for leave to amend and a copy of the proposed amended complaint.  The Court DENIES without prejudice Skillz's request to file an amended complaint sight unseen.

g. The Court hereby ORDERS the following deadlines:

| EVENT | DEADLINE |
| --- | --- |
| AviaGames to Complete Production of Documents Responsive to the Discovery in Items Above | 9/5/2023 |
| Responses to Interrogatories | 9/5/2023 |
| Skillz to Serve 30(b)(6) Notice on AviaGames | 9/15/2023 |
| Skillz to Notice Individual Deposition | 9/15/2023 |
| AviaGames to Designate 30(b)(6) Representative(s) | 9/20/2023 |
| Depositions to be Completed | 9/29/2023 |
| Skillz to Serve Supplemental Expert Report | 10/9/2023 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | 10/12/2023 |
| Motions in Limine | 10/12/2023 |
| Motion for Leave to File Amended Complaint | 10/16/2023 |
| Oppositions to Motions in LImine | 10/19/2023 |
| AviaGames to Serve Rebuttal Expert Report | 10/20/2023 |
| Joint Pretrial Order | 10/26/2023 |
| Jury Materials | 11/2/2023 |
| Final Pretrial Conference and Hearing on Motions in Limine and Daubert motions | 11/9/2023 |
| Trial Briefs | 11/27/2023 |
| Trial Date | 12/4/2023 |

h. The Court hereby DENIES all other requests set forth in Skillz's proposed discovery plan.  *See* ECF No. 215.

6

2. Plaintiff Skillz Platform Inc.'s Motion for Hearing, ECF No. 209, was GRANTED on August 15, 2023 when the hearing was held.

Dated: August 22, 2023

_____
BETH LABSON FREEMAN
United States District Judge