United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SKILLZ PLATFORM INC., | Case No.  21-cv-02436-BLF |
| Plaintiff, | |
| v. | **ORDER RE: SEALING MOTIONS ON OPPOSITION TO MOTION TO REOPEN DISCOVERY AND FOR SANCTIONS** |
| AVIAGAMES INC., | |
| Defendant. | [Re:  ECF No. 216, 217] |

Before the Court are two administrative motions to file under seal relating to Defendant AviaGames Inc.'s Opposition, ECF No. 218, to Plaintiff Skillz Platform Inc.'s Motion to Reopen Discovery and for Sanctions, ECF No. 208.  *See* ECF Nos. 216, 217.  The Court has considered the motions.  The Court's ruling is laid out below.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.    DISCUSSION

The good cause standard applies here because the sealing motions relate to briefing on the motion to reopen discovery and for sanctions, which is only tangentially related to the merits of the case. *Cf. Ctr. for Auto Safety*, 809 F.3d at 1097; *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) (applying "good cause" standard to evaluate sealing of documents submitted with a motion to stay); *E. W. Bank v. Shanker*, 2021 WL 4916729, at *1 (N.D. Cal. Aug. 31, 2021) (same). The Court will address each motion in turn.

### A.    AviaGames' Administrative Motion to File Under Seal Re: Opposition to Motion to Reopen Discovery and for Sanctions (ECF No. 216)

On August 18, 2023, AviaGames filed an administrative motion to file under seal portions of its Opposition to Skillz's motion to reopen discovery and for sanctions and certain exhibits attached to AviaGames' opposition. ECF No. 216. Skillz filed an opposition to AviaGames' motion. ECF No. 222. Skillz argues that AviaGames' motion should be denied because

United States District Court
Northern District of California

1    AviaGames' proposed redactions do not discuss source code in any detail and the public has a

2    right to know about AviaGames' allegedly fraudulent conduct.  *Id.* at 2–5.  AviaGames responds

3    that Skillz misrepresents or fails to acknowledge the information that AviaGames seeks to seal.

4    ECF No. 226 at 1–2.

5            Good cause exists to seal trade secrets.  *Kamakana*, 447 F.3d at 1179.  Confidential source

6    code and confidential business information that would harm a party's competitive standing meet

7    the compelling reasons standard, and thus also meet the "less exacting" good cause standard.  *See*

8    *Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-

9    CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding that "[c]onfidential

10   source code clearly meets the definition of a trade secret," and meets the compelling reasons

11   standard); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2

12   (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary

13   information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v.*

14   *Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding

15   compelling reasons for "information that, if published, may harm [a party's] or third parties'

16   competitive standing and divulges terms of confidential contracts, contract negotiations, or trade

17   secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business

18   information that might harm a litigant's competitive standing").

19           The Court agrees with AviaGames that what AviaGames seeks to seal satisfies the good

20   cause standard, but it finds that some of AviaGames' proposed redactions are overbroad.  Skillz's

21   argument that AviaGames' redactions include only "a single piece of source code" is incorrect—

22   two of the documents that AviaGames seeks to seal contain only source code, and there are other

23   good causes to seal the documents.  To the extent that AviaGames seeks to seal information that

24   does not contain source code, that information is still sealable because it discusses AviaGames'

25   internal business plans and propriety information about its products.  *See Jam Cellars*, 2012 WL

26   6115623, at *2 (finding "confidential business and proprietary information" sealable).  Skillz

27   further argues the public interest is stronger in causes of fraud or anticompetitive conduct, but

28   Skillz has not brought fraud or antitrust claims, nor has Skillz presented any argument why any of

                                                    3

AviaGames' redactions are not confidential business information.  Although the Court finds that some of the information in AviaGames' motion may be filed under seal, it finds that AviaGames' proposed redactions are overbroad.  For example, AviaGames seeks to seal declarations of its employees and an expert report in their entirety—including name, age, and job title information for which there is no good cause to seal.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---------|----------|------------------|--------|
| 216-3 | AviaGames' Opposition to Plaintiff Skillz Platform Inc.'s Emergency Motion | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 216-4 | Declaration of V. Chen | Entire Document | DENIED as not narrowly tailored. |
| 216-5 | Declaration of J. Leung | Entire Document | DENIED as not narrowly tailored. |
| 216-6 | Declaration of P. Zhang | Entire Document | DENIED as not narrowly tailored. |
| 216-7 | Declaration of M. Bombach | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 216-8 | AVIA_SC_000001-188 | Entire Document | GRANTED as containing confidential source code. |
| 216-9 | Skillz Platform Inc.'s Amended and Supplemental Responses and Objections to AviaGames Inc.'s Second Set of Interrogatories | Entire Document | DENIED as not narrowly tailored. |
| 216-10 | Opening Expert Report of Jose P. Zagal Regarding Infringement | Entire Document | DENIED as not narrowly tailored. |
| 216-11 | AVIA_SC_0003331-359 | Entire Document | GRANTED as containing confidential source code. |
| 216-12 | Deposition Transcript of Peng Zhang | Entire Document | DENIED as not narrowly tailored. |

The above denials are WITHOUT PREJUDICE to refiling a renewed motion that seeks to seal specified redacted portions of these exhibits.  The Court notes that redactions must be "narrowly

1    tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).

2    **B.    AviaGames' Administrative Motion to Consider Whether Another Party's Material Should be Sealed Re: Opposition to Motion to Reopen Discovery and for Sanctions (ECF No. 217)**

3

4    AviaGames filed an administrative motion to consider whether another party's material

5    should be sealed in connection with its opposition to Skillz's motion to reopen discovery and for

6    sanctions.  ECF No 218.  AviaGames identifies the potentially sealable material to include

7    Exhibits 2, 3, 6, 7, 16, 17, and 19 to the Bombach Declaration in support of its opposition, which

8    Skillz has designated as highly confidential.  *Id.* at 2.

9    Skillz filed a statement in support of the motion.  ECF No. 227.  Skillz states that Exhibit 3

10   contains descriptions of Skillz's financial information and market research; Exhibits 2 and 19

11   contain notes on the revision and improvement of Skillz's products; and Exhibits 6, 7, 16, and 17

12   contain descriptions of AviaGames' source code, which Skillz does not oppose sealing.  *Id.*  Skillz

13   provides that it would be competitively harmed by the publication of the information in Exhibits 2,

14   3, and 19, but it does not make any representation about injury from Exhibits 6, 7, 16, and 17 nor

15   does it specify why a less restrictive alternative to sealing is not sufficient.  *Id.*

16   The confidential business information that would harm a party's competitive standing

17   meets the higher "competitive reasons" standard.  *See Jam Cellars*, 2020 WL 5576346, at *2

18   (finding compelling reasons for "confidential business and proprietary information relating to the

19   operations of both Plaintiff and Defendant"); *Qualcomm*, 2019 WL 95922, at *3 (finding

20   compelling reasons for "information that, if published, may harm [a party's] or third parties'

21   competitive standing and divulges terms of confidential contracts, contract negotiations, or trade

22   secrets"); *Elec. Arts*, 298 F. App'x at 569 (finding sealable "business information that might harm

23   a litigant's competitive standing").  Such information is therefore sealable under the "less

24   exacting" good cause standard.  *See Ctr. for Auto Safety*, 809 F.3d at 1097.

25   As noted above, trade secrets, including confidential source code, meet the compelling

26   reasons standard.  *Apple*, 2012 WL 6115623, at *2.  However, for certain exhibits, the Court does

27   not find good cause to seal them in their entirety.

28   The Court rules as follows:

United States District Court
Northern District of California

5

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Ruling |
|---------|----------|------------------|--------|
| 217-2 | Exhibit 2 to Bombach Decl. ISO AviaGames' Opposition | Entire Document | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 217-3 | Exhibit 3 to Bombach Decl. ISO AviaGames' Opposition | Entire Document | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 217-4 | Exhibit 6 to Bombach Decl. ISO AviaGames' Opposition | Entire Document | DENIED as not narrowly tailored |
| 217-5 | Exhibit 7 to Bombach Decl. ISO AviaGames' Opposition | Entire Document | GRANTED as containing trade secrets. |
| 217-6 | Exhibit 16 to Bombach Decl. ISO AviaGames' Opposition | Entire Document | DENIED as not narrowly tailored |
| 217-7 | Exhibit 17 to Bombach Decl. ISO AviaGames' Opposition | Entire Document | GRANTED as discussing trade secrets. |
| 217-8 | Exhibit 19 to Bombach Decl. ISO AviaGames' Opposition | Entire Document | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |

The above denials are WITHOUT PREJUDICE to Skillz filing a renewed statement in support of

the motion that seeks to seal specified redacted portions of these exhibits.  The Court notes that

redactions must be "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Defendant AviaGames Inc.'s Administrative Motion to File Under Seal Re:

Opposition to Motion to Reopen Discovery and for Sanctions (ECF No. 216) is GRANTED in

part and DENIED WITHOUT PREJUDICE in part.  AviaGames may file a renewed motion to file

under seal within 10 days of this Order.

2.      Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another

Party's Material Should Be Sealed Re: Opposition to Motion to Reopen Discovery and for

Sanctions (ECF No. 217) is GRANTED in part and DENIED WITHOUT PREJUIDCE in part.

Skillz may file a renewed statement in support of the motion that seeks to seal specified redacted

1    portions of these exhibits within 10 days of this Order.

2

3    Dated:  September 18, 2023

4                               _____

5                               BETH LABSON FREEMAN
                              United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California