UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No.  21-cv-02436-BLF <br><br> **ORDER RE: RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> [Re:  ECF No. 235] |

Before the Court is Plaintiff Skillz Platform Inc.'s Renewed Administrative Motion to File Under Seal certain exhibits attached to Defendant AviaGames Inc.'s Opposition to Skillz's Motion for Summary Judgment.  ECF No. 235.  The Court has considered the motion, and its ruling is laid out below.

I.   **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

## II. DISCUSSION

Because the motion to seal pertains to a motion for summary judgment, the Court will apply the "compelling reasons" standard.  *See Kamakana*, 447 F.3d at 1177.

Skillz seeks to seal three exhibits attached to AviaGames' Opposition to Skillz's Motion for Summary Judgment that AviaGames identified as containing information that Skillz had designated as highly confidential.  AviaGames does not oppose Skillz's renewed sealing motion. Skillz argues that the identified exhibits should be sealed because they "contain nonpublic, confidential, and proprietary information concerning Skillz's research and development, the design, development, structure, implementation, functionality, and operation of Skillz's games and platform, market analysis, and business strategies." ECF No. 235 at 1.  Skillz further argues that "[p]ublic disclosure of this information would cause competitive harm to Skillz by potentially giving bad actors a roadmap to identifying sensitive information about Skillz's products, which could be used to gain an unfair advantage against Skillz." *Id.* at 2.

The "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing.  *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). Courts have also found compelling reasons to seal certain personnel information.  *See Pryor v.*

*City of Clearlake*, No. C 11-0954 CW, 2012 WL 2711032, at *2 (N.D. Cal. July 6, 2012).

The Court previously denied without prejudice the motion to seal these exhibits because Skillz sought to seal the documents in their entirety. *See* ECF No. 203. The Court finds that the proposed redactions in Skillz's renewed motion are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 235-2 | Exhibit 1 to AviaGames' Opposition to Skillz's Motion for Partial Summary Judgment | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 235-3 | Exhibit 2 to AviaGames' Opposition to Skillz's Motion for Partial Summary Judgment | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 235-4 | Exhibit 4 to AviaGames' Opposition to Skillz's Motion for Partial Summary Judgment | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Skillz Platform Inc.'s Renewed Administrative Motion to File Under Seal (ECF No. 235) is GRANTED. Skillz SHALL file the redacted versions of these exhibits on the public docket within 10 days of the date of this Order.

Dated: September 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge

3