1

2

3              UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5                   SAN JOSE DIVISION

6

7    SKILLZ PLATFORM INC.,              Case No.  21-cv-02436-BLF

8                   Plaintiff,

9          v.                          **ORDER RE: ADMINISTRATIVE
                                        MOTION TO CONSIDER WHETHER
10   AVIAGAMES INC.,                    ANOTHER PARTY'S MATERIAL
                                        SHOULD BE SEALED**
11                  Defendant.
                                        [Re:  ECF No. 241]
12

13          Before the Court is Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider

14   Whether Another Party's Material Should Be Sealed in connection with Skillz's Motion for

15   Sanctions.  ECF No. 241.  The Court has considered the motion, and its ruling is laid out below.

16   **I.      LEGAL STANDARD**

17          "Historically, courts have recognized a 'general right to inspect and copy public records

18   and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of*

19   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

20   U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are

21   "more than tangentially related to the merits of a case" may be sealed only upon a showing of

22   "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

23   1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed

24   upon a lesser showing of "good cause."  *Id.* at 1097.

25          In addition, in this district, all parties requesting sealing must comply with Civil Local

26   Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a

27   document under seal, including an explanation of: (i) the legitimate private or public interests that

28   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

1   alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5

2   requires the moving party to provide "evidentiary support from declarations where necessary."

3   Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable

4   material." Civ. L.R. 79-5(c)(3).

5          Further, when a party seeks to seal a document because it has been designated as

6   confidential by another party, the filing party must file an Administrative Motion to Consider

7   Whether Another Party's Material Should be Sealed.  Civ. L.R. 79-5(f).  In that case, the filing

8   party need not satisfy the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(1).  Instead, the

9   party who designated the material as confidential must, within seven days of the motion's filing,

10  file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civ. L.R. 79-

11  5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing

12  of the provisionally sealed document without further notice to the designating party.  *Id.*  Any

13  party can file a response to that declaration within four days.  Civ. L.R. 79-5(f)(4).

14  **II.    DISCUSSION**

15         Courts in this district apply the "good cause" standard when considering motions to seal in

16  connection with motions for Rule 37(b)(2) sanctions.  *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*,

17  No. 11-CV-01846 LHK PSG, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (applying the

18  "good cause" standard to motions to file under seal in connection with motions for Rule 37(b)(2)

19  sanctions); *Howell v. Taicoa Corp.*, No. CV 12-3785-WHO, 2013 WL 5718527, at *1 (N.D. Cal.

20  Oct. 21, 2013) (applying the "good cause" standard to motions to file under seal in connection

21  with a motion for sanctions).

22         On September 2, 2023, Skillz filed an administrative motion to consider whether another

23  party's material should be sealed identifying its motion to for sanctions, ECF No. 242, and an

24  exhibit attached to that motion as containing information that AviaGames has designated as highly

25  confidential.  ECF No. 207.  As of the date of this Order, AviaGames has not filed a statement

26  and/or declaration in support of this motion under Civ. L.R. 79-5(f)(3).  *See, e.g.*, *Plexxikon Inc. v.*

27  *Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2022 WL 1131725, at *2 (N.D. Cal. Mar. 31,

28  2022) (denying motions to seal because the designating party failed to comply with Civ. L.R. 79-

United States District Court
Northern District of California

2

5(f)(3)).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---------|----------|------------------|--------|
| 241-2 | Skillz Rule 37 Motion For Sanctions For Failure to Comply With A Court Order | Highlighted Portions | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 241-3 | Ex. D to Decl. of M. Wood, Transcript of Deposition of Peng Zhang (Excerpts) | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

These denials based on failure to comply with Civ. L.R. 79-5(f)(3) are WITHOUT PREJUDICE to AviaGames filing a statement and/or declaration in support of sealing these documents within 10 days of the date of this Order.  The Court notes that redactions must be "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).

## III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Motion to for Sanctions (ECF No. 241) is DENIED WITHOUT PREJUDICE.  AviaGames may file a statement in support of sealing the denied documents within 10 days of this Order.

Dated:  September 18, 2023

BETH LABSON FREEMAN
United States District Judge