UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br><br>Plaintiff, <br><br>v. <br><br>AVIAGAMES INC., <br><br>Defendant. | Case No.  21-cv-02436-BLF <br><br>**ORDER RE: RENEWED ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br>[Re:  ECF Nos. 229, 244] |

Before the Court are Defendant AviaGames Inc.'s renewed administrative motions to file under seal certain exhibits attached to the parties' briefs on summary judgment.  ECF Nos. 229, 244.  AviaGames requests that the Court allow the motion at ECF No. 244 to supersede the motion at ECF No. 229.  Because the documents that AviaGames seeks to seal in the motion at ECF No. 244 are inclusive of the documents in ECF No. 229, the Court GRANTS AviaGames' request and the motion at ECF No. 229 is TERMINATED.  The Court has considered the motion at ECF No. 244, and its ruling is laid out below.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

## II. DISCUSSION

Because the renewed motion to seal at ECF No. 244 pertains to motions for summary judgment, the Court will apply the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1177.

AviaGames seeks to seal several exhibits attached to the parties' briefing on their motions for summary judgment. Plaintiff Skillz Platform Inc. does not oppose the motion. AviaGames provides that these documents should be sealed because they "contain nonpublic, confidential, and propriety information concerning AviaGames' internal software and trade secrets, and other internal confidential information concerning AviaGames' games, market analysis, and business strategies." ECF No. 244 at 1. AviaGames further provides that "[p]ublic disclosure of this information would cause competitive harm to AviaGames by potentially giving bad actors a roadmap to identifying sensitive information about AviaGames' products, which could be used to gain an unfair advantage against AviaGames." *Id.* at 1–2.

Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179. "Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). And the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and

2

proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). Courts have also found compelling reasons to seal certain personnel information. *See Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 2711032, at *2 (N.D. Cal. July 6, 2012).

The Court previously denied without prejudice AviaGames' motions to seal these exhibits because AviaGames sought to seal the exhibits in their entirety. *See* ECF Nos. 201, 203, 206. The Court finds that the proposed redactions in AviaGames' renewed motion are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 161-2 (244-2) | Ex. A to AviaGames' Summary Judgment (Dr. Welch Opening Rpt.) | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 161-3 (244-3) | Ex. F to AviaGames' Summary Judgment (Dr. Zagal Opening Rpt.) | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 161-4 (244-4) | Ex. H to AviaGames' Summary Judgment (Welch Rebuttal Rpt.) | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 161-5 (244-5) | Ex. I to AviaGames' Summary Judgment (Zagal. Dep. Tr.) | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 161-6 (244-6) | Ex. J to AviaGames' Summary Judgment (Z. Peng Dep. Tr.) | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm |

| | | | a party's competitive standing. |
|---|---|---|---|
| 161-7 (244-7) | Ex. O to AviaGames' Summary Judgment (Rebuttal Rpt. Of J. Zagal) | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 165-4 (244-8) | Ex. 8 to Skillz's Motion for Summary Judgment (Welch Rpt.) | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 165-5 (244-9) | Ex. 9 to Skillz's Motion for Summary Judgment (Welch Dep. Tr.) | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 172-4 (244-10) | Ex. 1 to Skillz's Opposition to AviaGames' Summary Judgment (AVIA_0000303) | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 172-6 (244-11) | Ex. 3 to Skillz Opposition to AviaGames' Summary Judgment (B. Liu Dep. Tr.) | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 172-7 (244-12) | Ex. 4 to Skillz Opposition to AviaGames' Summary Judgment (P. Wang Dep. Tr.) | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 172-8 (244-13) | Ex. 5 to Skillz Opposition to AviaGames' Summary Judgment (Welch Dep. Tr.) | Highlighted Portions | GRANTED as containing confidential source code, the release of which would harm a party's competitive standing. |
| 185-5 (244-14) | Ex. S to AviaGames Reply (AVIA_0017342) | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 185-6 (244-15) | Ex. T to AviaGames Reply (Chen Dep. Tr.) | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 185-8 (244-16) | Ex. V to AviaGames Reply (Skillz Rog. Resp.) | Highlighted Portions | GRANTED as containing confidential source code, the release of which would harm a party's competitive standing. |

**III.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant AviaGames Inc.'s Renewed Administrative Motion to File Under Seal (ECF No. 229) is TERMINATED as superseded by the motion at ECF No. 244.

2. Defendant AviaGames Inc.'s Renewed Administrative Motion to File Under Seal (ECF No. 244) is GRANTED.

Dated:  September 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge