# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER RE: ADMINSTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> [Re: ECF No. 255] |

Before the Court is Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with Skillz's Notice to Correct the Record. ECF No. 255. The Court has considered the motion, and its ruling is laid out below.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  Civ. L.R. 79-5(f).  In that case, the filing party need not satisfy the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(1).  Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party.  *Id.*  Any party can file a response to that declaration within four days.  Civ. L.R. 79-5(f)(4).

## II.  DISCUSSION

Because Skillz's notice to correct the record is only tangentially related to the merits of the case, the Court will apply the lower "good cause" standard.  *See Ctr. for Auto Safety*, 809 F.3d at 1097.

On September 15, 2023, Skillz filed an administrative motion to consider whether another party's material should be sealed identifying its notice to correct the record, ECF No. 256, and related exhibits as containing information that Defendant AviaGames Inc. has designated as highly confidential.  ECF No. 255.  As of the date of this Order, AviaGames has not filed a statement and/or declaration in support of this motion under Civ. L.R. 79-5(f)(3).  *See, e.g.*, *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2022 WL 1131725, at *2 (N.D. Cal. Mar. 31, 2022) (denying motions to seal because the designating party failed to comply with Civ. L.R. 79-5(f)(3)).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 255-3 | Plaintiff Skillz | Highlighted | DENIED, as failing to comply |

|  | Platform Inc.'s Notice to Correct the Record re Dkt. 249 | Portions | with Civ. L.R. 79-5(f)(3). |
|---|---|---|---|
| 255-4 | Exhibit A to Decl. of Matthew Wood, Bates numbered AVIA_0092070, AVIA_0100138, and AVIA_0101916, produced by AviaGames | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 255-5 | Exhibit D to Decl. of Matthew Wood, Bates numbered AVIA_0110766, produced by AviaGames | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 255-6 | Exhibit E to Decl. of Matthew Wood, Bates numbered AVIA0217223, produced by AviaGames | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 255-7 | Exhibit F to Decl. of Matthew Wood, Bates numbered AVIA0193434, produced by AviaGames | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 255-8 | Exhibit G to Decl. of Matthew Wood, Bates numbered AVIA0211000, produced by AviaGames | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 255-9 | Exhibit H to Decl. of Matthew Wood, Bates numbered AVIA0211063, produced by AviaGames | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

These denials based on failure to comply with Civ. L.R. 79-5(f)(3) are WITHOUT PREJUDICE to AviaGames filing a statement and/or declaration in support of sealing these documents within 10 days of the date of this Order. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Notice to Correct the Record (ECF No. 255) is DENIED WITHOUT PREJUDICE. AviaGames may file a statement in support of sealing the denied documents within 10 days of this Order.

Dated:  October 2, 2023

_____
BETH LABSON FREEMAN
United States District Judge