**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> [Re: ECF No. 207, 262] |

Before the Court is Defendant AviaGames Inc.'s statement in support of sealing certain exhibits attached to Plaintiff Skillz Platform Inc.'s Motion to Reopen Discovery and for Sanctions. ECF No. 262. The Court previously granted in part and denied without prejudice the motion to seal these exhibits, ECF No. 207, and its denial was because AviaGames failed to file a statement pursuant to Civ. L.R. 79-5(f)(3). ECF No. 250. The Court has considered AviaGames statement, and its ruling is laid out below.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local

1  Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a
2  document under seal, including an explanation of: (i) the legitimate private or public interests that
3  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
4  alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5
5  requires the moving party to provide "evidentiary support from declarations where necessary."
6  Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable
7  material."  Civ. L.R. 79-5(c)(3).

8        Further, when a party seeks to seal a document because it has been designated as
9  confidential by another party, the filing party must file an Administrative Motion to Consider
10 Whether Another Party's Material Should be Sealed.  Civ. L.R. 79-5(f).  In that case, the filing
11 party need not satisfy the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(1).  Instead, the
12 party who designated the material as confidential must, within seven days of the motion's filing,
13 file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civ. L.R. 79-
14 5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing
15 of the provisionally sealed document without further notice to the designating party.  *Id.*  Any
16 party can file a response to that declaration within four days.  Civ. L.R. 79-5(f)(4).

17 **II.   DISCUSSION**

18       The good cause standard applies here because the sealing motions relate to briefing on the
19 motion to reopen discovery and for sanctions, which is only tangentially related to the merits of
20 the case.  *Cf. Ctr. for Auto Safety*, 809 F.3d at 1097; *LELO, Inc. v. Standard Innovation (US)*
21 *Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) (applying "good
22 cause" standard to evaluate sealing of documents submitted with a motion to stay); *E. W. Bank v.*
23 *Shanker*, 2021 WL 4916729, at *1 (N.D. Cal. Aug. 31, 2021) (same).

24       AviaGames first submits that four of the documents identified in Skillz's motion, ECF No.
25 207, should be filed publicly and not under seal.  ECF No. 262 ¶ 2 (identifying ECF Nos. 207-18,
26 207-19, 207-21, and 207-22).  As such, the Court will DENY the motion to the extent that it
27 request sealing of these documents.  However, AviaGames provides that the other documents
28 should be sealed because they "contain aspects of AviaGames' business practices and strategy, its

products and source code algorithms." ECF No. 262 ¶ 6. AviaGames further provides that "the proposed sealing is narrowly tailored to preventing harm and/or disclosure of the confidential business information of AviaGames." *Id.* ¶ 7. Skillz has not filed an opposition to AviaGames' statement.

Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179. "Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). And the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). Courts have also found compelling reasons to seal certain personnel information. *See Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 2711032, at *2 (N.D. Cal. July 6, 2012).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 207-2 | Ex. 1 to Wang Decl., Skillz's Emergency Motion to Reopen Discovery And For Sanctions | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 207-3 | Ex. 2 to Wang Decl., Jamie Leung Deposition Transcript | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 207-4 | Ex. 3 to Wang Decl., Vickie Chen Deposition Transcript | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm |

3

| | | | a party's competitive standing. |
|---|---|---|---|
| 207-18 | Exhibit P, Yushan Luo Declaration | Entire Document | DENIED because AviaGames submits the document can be filed publicly. |
| 207-19 | Exhibit Q, Lance Yang Declaration | Entire Document | DENIED because AviaGames submits the document can be filed publicly. |
| 207-20 | Ex. 4 to Wang Decl., Skillz Letter | Entire Document | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 207-21 | Exhibit S, Service Email | Entire Document | DENIED because AviaGames submits the document can be filed publicly. |
| 207-22 | Exhibit T, W. Wang Email | Entire Document | DENIED because AviaGames submits the document can be filed publicly. |

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Motion to Reopen Discovery and for Sanctions (ECF No. 207) is GRANTED in part and DENIED in part.  AviaGames SHALL file ECF Nos. 207-18, 207-19, 207-21, and 207-22 on the public docket within 10 days of the date of this Order.

Dated:  October 2, 2023

_____
BETH LABSON FREEMAN
United States District Judge