1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SKILLZ PLATFORM INC.,

             Plaintiff,

    v.

AVIAGAMES INC.,

             Defendant.

Case No.  21-cv-02436-BLF

**ORDER RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

[Re:  ECF No. 274, 277]

Before the Court is Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with AviaGames' Response to Plaintiff Skillz Platform Inc.'s Notice to Correct the Record.  ECF Nos. 274, 277.  The Court has considered the motion, and its ruling is laid out below.

I.    **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f).  In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1).  Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.*  Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.    DISCUSSION

The good cause standard applies here because the sealing motion relates to a notice to correct the record, which is only tangentially related to the merits of the case. *Cf. Ctr. for Auto Safety*, 809 F.3d at 1097.

On September 22, 2023, AviaGames filed an administrative motion to consider whether another party's material should be sealed which identified its response to Skillz's notice, ECF No. 249, as containing information that Skillz has designated as highly confidential. ECF No. 274.  As of the date of this Order, Skillz has not filed a statement and/or declaration in support of this motion under Civ. L.R. 79-5(f)(3). *See, e.g.*, *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2022 WL 1131725, at *2 (N.D. Cal. Mar. 31, 2022) (denying motions to seal because the designating party failed to comply with Civ. L.R. 79-5(f)(3)).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 277 | AviaGames' Response | Highlighted | DENIED, as failing to comply |

United States District Court
Northern District of California

| | to Skillz's Notice to Correct the Record re: Dkt. 249 | Portions | with Civ. L.R. 79-5(f)(3). |
|---|---|---|---|

This denial based on failure to comply with Civ. L.R. 79-5(f)(3) is WITHOUT PREJUDICE to Skillz filing a statement and/or declaration in support of sealing this document within 10 days of the date of this Order.

## III.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Response to Notice to Correct the Record (ECF Nos. 274, 277) is DENIED WITHOUT PREJUDICE.  Skillz may file a statement in support of sealing the denied documents within 10 days of this Order.

Dated:  October 3, 2023

_____
BETH LABSON FREEMAN
United States District Judge