UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER RE: RENEWED SEALING MOTION AND STATEMENTS** <br><br> [Re: ECF Nos. 223, 241, 290] |

Before the Court is Defendant AviaGames Inc.'s renewed administrative motion to file under seal certain exhibits in support of AviaGames' opposition to Plaintiff Skillz Platform Inc.'s motion to reopen discovery and for sanctions. ECF No. 290. The Court previously denied sealing certain exhibits because it found the proposed redactions overbroad or that sealing exhibits in their entirety was inappropriate. *See* ECF No. 257. Also before the Court are two statements in support of sealing under Civ. L.R. 79-5(f)(3) related to Skillz's opposition to AviaGames' sealing motion and Skillz's motion for sanctions. ECF Nos. 287, 288.

The Court has considered the renewed motion and AviaGames' statements. The Court's ruling is laid out below.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

### A. AviaGames' Renewed Administrative Motion to File Under Seal Re: Opposition to Motion to Reopen Discovery and for Sanctions (ECF No. 290)

The good cause standard applies to AviaGames' renewed motion because the sealing motion relates to briefing on the motion to reopen discovery and for sanctions, which is only tangentially related to the merits of the case. *Cf. Ctr. for Auto Safety*, 809 F.3d at 1097; *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) (applying "good cause" standard to evaluate sealing of documents submitted with a motion to stay); *E. W. Bank v. Shanker*, 2021 WL 4916729, at *1 (N.D. Cal. Aug. 31, 2021)

(same).

In its renewed motion, AviaGames seeks to seal several exhibits attached to its opposition to Skillz's motion to reopen discovery and for sanctions. These include six exhibits originally identified in AviaGames' Administrative Motion to File Under Seal, ECF No. 216, and one exhibit originally identified in AviaGames' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, ECF No. 217. Skillz does not oppose the renewed motion.

The Court previously found that what AviaGames seeks to seal satisfies the good cause standard. ECF No. 257. Confidential source code and confidential business information that would harm a party's competitive standing meet the compelling reasons standard, and thus also meet the "less exacting" good cause standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding that "[c]onfidential source code clearly meets the definition of a trade secret," and meets the compelling reasons standard); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court previously denied without prejudice AviaGames' motion to seal ECF Nos. 216-4, 216-5, 216-6, 216-9, 216-10, and 216-12 because AviaGames sought to seal the exhibits in their entirety. *See* ECF No. 257. The Court also denied without prejudice AviaGames' administrative motion to consider whether another party's material should be sealed with respect to ECF Nos. 217-4 and 217-6 because the Court found that sealing these documents in their entirety was unjustified. The Court finds that, for the seven exhibits that AviaGames seeks to seal, the proposed redactions in the renewed motion are "narrowly tailored to seal only the sealable

material." Civ. L.R. 79-5(c)(3). Because no party submitted revised redactions for ECF No. 217-6, the Court will direct AviaGames to file the unredacted version of that exhibit in the public docket.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 216-4 (290-1) | Declaration of V. Chen | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 216-5 (290-2) | Declaration of J. Leung | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |
| 216-6 (290-3) | Declaration of P. Zhang | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 216-9 (290-4) | Skillz Platform Inc.'s Amended and Supplemental Responses and Objections to AviaGames Inc.'s Second Set of Interrogatories | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 216-10 (290-5) | Opening Expert Report of Jose P. Zagal Regarding Infringement | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 216-12 (290-6) | Deposition Transcript of Peng Zhang | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 217-4 (290-7) | Exhibit 6 to Bombach Decl. ISO AviaGames' Opposition | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 217-6 | Exhibit 16 to Bombach Decl. ISO AviaGames' Opposition | Highlighted Portions | DENIED as failing to comply with Civ. L.R. 79-5(f)(3). |

4

**B. Skillz's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Rule 37 Motion for Sanctions for Failure to Comply with a Court Order (ECF No. 241)**

Courts in this district apply the "good cause" standard when considering motions to seal in connection with motions for Rule 37(b)(2) sanctions. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (applying the "good cause" standard to motions to file under seal in connection with motions for Rule 37(b)(2) sanctions); *Howell v. Taicoa Corp.*, No. CV 12-3785-WHO, 2013 WL 5718527, at *1 (N.D. Cal. Oct. 21, 2013) (applying the "good cause" standard to motions to file under seal in connection with a motion for sanctions).

Skillz previously identified its motion for sanctions and an exhibit in support of that motion as containing information that AviaGames designated as highly confidential. ECF No. 241 at 2. The Court denied without prejudice the sealing motion because AviaGames failed to file a statement complying with Civ. L.R. 79-5(f)(3). ECF No. 260.

AviaGames has filed a statement that complies with Civ. L.R. 79-5(f)(3). ECF No. 287. Skillz does not oppose the statement. AviaGames provides that the motion and exhibit quote from documents discussing "highly confidential trade secrets, matching algorithms, and business practice[s]." *Id.* at 3. AviaGames further provides that the request is "narrowly tailored to preventing harm and/or disclosure of the convidential business information of AviaGames." *Id.* ¶ 7.

As noted above, confidential source code and confidential business information that would harm a party's competitive standing meet the compelling reasons standard, and thus also meet the "less exacting" good cause standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569. The Court further finds that AviaGames' redactions are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 241-2 (287-1) | Skillz Rule 37 Motion for Sanctions For | Highlighted Portions | GRANTED as containing confidential business information |

| | Failure to Comply With A Court Order | | the release of which would harm a party's competitive standing. |
|---|---|---|---|
| 241-3 (287-2) | Ex. D to Decl. of M. Wood, Transcript of Deposition of Peng Zhang (Excerpts) | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |

**C. Skillz's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Skillz's Opposition to AviaGames' Administrative Motion to File Under Seal (ECF No. 223)**

The good cause standard applies here because the sealing motion relates to an opposition to a sealing motion, which is only tangentially related to the merits of the case. *Cf. Ctr. for Auto Safety*, 809 F.3d at 1097.

Skillz previously identified its opposition to AviaGames' motion to seal as containing information that AviaGames designated as highly confidential. ECF No. 223 at 2. The Court denied without prejudice the sealing motion because AviaGames failed to file a statement complying with Civ. L.R. 79-5(f)(3). ECF No. 258.

AviaGames has filed a statement that complies with Civ. L.R. 79-5(f)(3). ECF No. 228. Skillz does not oppose the statement. AviaGames provides that the motion "describes and/or quotes from . . . documents . . . that contain aspects of AviaGames' business practices and strategy, its products, and source code algorithms." *Id.* ¶ 4. AviaGames further provides that the request is "narrowly tailored to preventing harm and/or disclosure of the confidential business information of AviaGames." *Id.* ¶ 5.

As noted above, confidential source code and confidential business information that would harm a party's competitive standing meet the compelling reasons standard, and thus also meet the "less exacting" good cause standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569. The Court further finds that AviaGames' redactions are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 223-1 (288-1) | Skillz Platform Inc's Opposition to | Highlighted Portions | GRANTED as containing confidential source code and |

| | AviaGames Administrative Motion to Consider Whether Another Party's Material Should be Under Seal | | confidential business information the release of which would harm a party's competitive standing. |
|---|---|---|---|

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant AviaGames Inc.'s Renewed Administrative Motion to File Under Seal Re: Opposition to Motion to Reopen Discovery and for Sanctions (ECF No. 290) is GRANTED. AviaGames SHALL file the redacted versions of these documents on the public docket within 10 days of this Order. AviaGames SHALL also file the unredacted version of ECF No. 217-6 on the public docket within 10 days of this Order.

2. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Rule 37 Motion for Sanctions for Failure to Comply with a Court Order (ECF No. 241) is GRANTED. AviaGames SHALL file the redacted version of ECF No. 287-2 on the public docket within 10 days of this Order.

3. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Opposition to AviaGames' Administrative Motion to File Under Seal (ECF No. 223) is GRANTED.

Dated: October 3, 2023

_____
BETH LABSON FREEMAN
United States District Judge