Edward W. Swanson, SBN 159859
ed@smllp.law
Audrey Barron, SBN 286688
audrey@smllp.law
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

Attorneys for Vickie Chen


Jason L. Liang, SBN 251235
jliang@lianglyllp.com
Liang Ly LLP
601 South Figueroa Street, Suite 1950
Los Angeles, CA 90017
Telephone: (213) 262-8000
Facsimile: (213) 335-7776

Attorney for Peng "Kevin" Zhang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AVIAGAMES INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 5:21-cv-02436-BLF<br><br>**EMERGENCY MOTION FOR PROTECTIVE ORDER FOR DEPOSITIONS OF MS. VICKIE CHEN AND AVIAGAMES' 30(B)(6) WITNESS (MR. PENG ZHANG) [AND PROPOSED ORDER]**<br><br>Date: October 5, 2023<br>Time: 9:00 a.m.<br>Dept.: Courtroom 1 – 5th Floor |

**PLEASE TAKE NOTICE** that on October 5, 2023 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1—5th Floor of the above-referenced Court, Vickie Chen and Peng Zhang hereby moves the Court for a protective order to stay their depositions for sixty (60) days. This Motion is based upon the below Memorandum of Points and Authorities, the files and records of the Court in this action, and upon such further oral and/or documentary evidence that may be presented at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Ms. Vickie Chen and Mr. Peng Zhang, through their newly retained separate counsel Swanson & McNamara LLP and Liang Ly LLP respectively, hereby request a protective order to stay their depositions for sixty (60) days, to give new counsel sufficient time to review the records and adequately represent Ms. Chen and Mr. Zhang in their depositions. Currently, the deadline for these depositions is October 10, 2023. Ms. Chen, AviaGames' CEO, will testify in her personal capacity under Rule 30(b)(1). Mr. Zhang, AviaGames' VP of Technology, will testify as a corporate witness under Rule 30(b)(6). On Friday, September 29, 2023, Skillz sent AviaGames its motion to compel based on the crime-fraud exception, making allegations of criminal activity by AviaGames. Because of Skillz's newly asserted allegations contained in that motion, the Swanson & McNamara and Liang Ly firms were retained on October 3 and need sufficient time to understand the issues in this matter before they can provide Ms. Chen and Mr. Zhang with the informed legal representation to which they are entitled under the law.

### I.   BACKGROUND[1]

Plaintiff Skillz Platform Inc. ("Skillz") filed this case two and a half years ago, on April 4, 2021. Dkt. 1. Skillz alleged that AviaGames infringed two patents. For over two years, the parties litigated patent infringement issues, and trial has been scheduled for December 4, 2023. Dkt. 296.

On August 11, 2023, after the completion of summary judgment briefing, Skillz filed an emergency motion bringing forth entirely new allegations related to purported "bot" use. Dkt. 209.

---

[1] Undersigned counsel learned the following background after consultation with counsel for AviaGames.

The Court permitted limited discovery pursuant to these new claims. Dkt. 224. Since then, AviaGames has produced substantial discovery on a very rapid schedule and been confronted with numerous and increasingly contentious motions by Skillz pushing for more discovery and seeking sanctions each step of the way. This Court has denied multiple requests by Skillz for sanctions, *see* Dkts. 224, 247, while AviaGames has produced 128,557 documents during the past few weeks related to the limited discovery permitted by the Court into the "bot" issue. Declaration of Chao "Wendy" Wang in Support of Motion for Protective Order ("Wang Decl.") ¶ 1. AviaGames' supplemental document production pursuant to the limited reopening of discovery approximately quadrupled AviaGames' entire production during the first two-and-a-half years of this patent litigation case (and is twice as much as Skillz's entire production to date). Wang Decl. ¶ 2.

In a September 21 email, Skillz for the first time alleged that certain emails between AviaGames and its counsel fell under the crime-fraud exception to the attorney client privilege, although it did not provide details of the allegation. Wang Decl. Ex. 1. During a September 25 meet and confer, Skillz informed AviaGames that it had already prepared a motion to compel AviaGames' privileged documents based on the crime-fraud exception to the attorney-client privilege and would likely file it unilaterally later that same day. Wang Decl. ¶ 4. During this meet and confer, AviaGames repeatedly emphasized that any such motion needed to be filed as part of a joint statement, *see* Dkts. 267, 271, and requested that Skillz provide its portion of such a joint statement immediately so that AviaGames would have sufficient time to understand the allegations and prepare its response. *Id*. Skillz did not file that motion and did not send a draft of a joint statement to AviaGames that day. Wang Decl. ¶ 5. The parties had a discovery hearing with Judge van Keulen the next day, September 26, and during the parties' discussion AviaGames discussed the case schedule, including Skillz's joint statement regarding the crime-fraud exception. Wang Decl. ¶ 6. Skillz did not provide its portion of the joint statement that day. Instead, Skillz waited until the afternoon of September 28 to confirm that it intended to file its motion to compel and then delayed another full day—until the afternoon of Friday, September 29—to provide AviaGames with its portion of the joint statement regarding Skillz's motion to compel privilege documents pursuant to the crime-fraud exception. Wang Decl. Exs. 2, 3. On that same day, Skillz also filed a reply brief

in the copyright matter pending before Judge Martínez-Olguín. *Big Run Studios Inc. & Skillz Platform Inc v. AviaGames*, No. 3:21-cv-04656-AMO, Dkt. 219 at 1 (N.D. Cal.). In both September 29 filings, Skillz's levied serious allegations against AviaGames, contending for the first time that AviaGames was a "criminal enterprise" and that it had engaged in criminal activity relating to its skills-based games.

Given the seriousness of Skillz's allegations, AviaGames' executives scheduled to testify in this matter pursuant to Skillz's deposition notices have retained separate criminal defense counsel. Criminal defense counsel was retained promptly on October 3, 2023.

## II. ARGUMENT

Good cause exists for a protective order staying for 60 days the two depositions ordered by this Court. *See Massachusetts Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 482 (N.D. Cal. 1998) (applying "good cause" standard for protective order preventing deposition); *Campos v. Webb Cnty. Tex.*, 288 F.R.D. 134, 138 (S.D. Tex. 2012) (finding good cause to stay depositions); *ZLoop, Inc. v. Phelps Dunbar, LLP*, No. CV 17-8067, 2017 WL 11745691, at *4 (E.D. La. Nov. 3, 2017) (same). Both depositions—Ms. Chen's personal deposition and the Rule 30(b)(6) deposition of Mr. Zhang—appear likely to include questioning involving the purported "fraud" and "criminal activity" Skillz alleges in its two September 29 pleadings. Ms. Chen and Mr. Zhang, as executives of AviaGames, are entitled to legal representation as individuals in accordance with their constitutional rights, including their rights under the Fifth Amendment to the United States Constitution.

The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself . . . ." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000). The Ninth Circuit has held that, because a person may invoke the privilege when he/she reasonably believes that his/her disclosure could be used in a criminal prosecution, "privilege against self-incrimination does not depend upon the *likelihood*, but upon the *possibility* of prosecution." *Id*. (emphasis in original). Thus, a witness properly invokes the privilege even in "those circumstances where the disclosures would not be directly incriminating, but could provide an indirect link to incriminating evidence." *Id*. The tension between a witness's Fifth Amendment rights and a litigant's right to discovery thus arises where a civil case is pending concurrently with

a potential criminal proceeding. In these circumstances (like the case here), the Court must balance these competing interests to ensure that a defendant is not sanctioned for invoking his/her constitutional privilege. <u>Glanzer</u>, 232 F.3d at 1264 (holding that "Supreme Court has made it clear that certain sanctions stemming from a party's refusal to answer a question on Fifth Amendment grounds are too costly").

Here, both Ms. Chen and Mr. Zhang are officers of Defendant AviaGames. As individuals, both Ms. Chen and Mr. Zhang deserve a meaningful opportunity to assess the risks associated with providing testimony in light of Plaintiff's accusations. Their testimony is likely critical to AviaGames's ability to litigate this matter; and whether they are able to testify, without waiving their respective rights under the Fifth Amendment to the United States Constitution, will also inform the parties and the Court whether this matter should be stayed under *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

There is no prejudice to Plaintiff. Plaintiff first described these allegations of potential wrongdoing on September 29, 2023. Ms. Chen and Mr. Zhang both acted rapidly upon learning the nature of Skillz's accusations, and they retained criminal defense counsel on October 3. This matter, and the assertions of fraud and criminal activity levied by Skillz, are complex. There are approximately a **quarter million documents** produced in this case. The majority of these documents have only been produced in the last few weeks, pursuant to Skillz's limited discovery into the "bot" issue. And many of the documents are in Chinese and require translation. Ms. Chen's and Mr. Zhang's criminal defense counsel need time to understand the documents, particularly those that Skillz has identified as part of its accusations of criminal activity and fraud.

The current deadline for the depositions of Ms. Chen and AviaGames' 30(b)(6) witness Mr. Zhang is October 10, 2023, and Ms. Chen's deposition is currently scheduled for October 6, 2023. Dkt. 296. Criminal defense counsel for Ms. Chen and Mr. Zhang cannot possibly review the relevant documents and understand the complex accusations of "fraudulent" and "criminal" activity in one week. Ms. Chen and Mr. Zhang's counsel require at least 60 days to be able to provide them with appropriate legal representation and to counsel them in the face of these accusations.

New criminal defense counsel is aware of the upcoming trial on December 4, but the requested extension is necessary to protect Ms. Chen's and Mr. Zhang's rights and their need to be represented effectively by counsel. Skillz is well aware of the extremely tight trial schedule but chose to press forward with its criminal allegations against AviaGames executives at the last minute, even withholding its discovery motion for one week after it said it was prepared to file. Simply put, rushing ahead to Ms. Chen and Mr. Zhang's deposition would be highly prejudicial to both Ms. Chen and Mr. Zhang and would deprive them of the right to effective legal representation.

### III.  CONCLUSION

For the above reasons, Ms. Chen and Mr. Zhang respectfully ask for a protective order to stay their depositions for 60 days.

DATED: October 4, 2023

By: */s/ Ed Swanson*
Ed Swanson
SWANSON & MCNAMARA LLP
Attorney for Vickie Chen


By: */s/ Jason Liang*
Jason Liang
Liang Ly LLP
Attorney for Peng "Kevin" Zhang

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By: <u>*/s/ Chao "Wendy" Wang*</u>
    Chao "Wendy" Wang

**PROPOSED ORDER**

Good cause appearing, the Court hereby grants the Emergency Motion for a Protective Order for Depositions of Ms. Vickie Chen and AviaGames' 30(b)(6) Witness (Mr. Peng Zhang). The deadline to complete these depositions is extended by 60 days.

**IT IS SO ORDERED:**

Dated: _____          UNITED STATES DISTRICT COURT JUDGE


_____
Honorable Beth Labson Freeman