UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br><br> Plaintiff, <br><br> v. <br><br> AVIAGAMES INC., <br><br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER RE: ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> [Re: ECF No. 270] |

Before the Court is Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with Skillz's Opposition to AviaGames' Motion to Strike. ECF No. 270. The Court has considered the motion, and its ruling is laid out below.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5
3  requires the moving party to provide "evidentiary support from declarations where necessary."
4  Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable
5  material." Civ. L.R. 79-5(c)(3).

6  Further, when a party seeks to seal a document because it has been designated as
7  confidential by another party, the filing party must file an Administrative Motion to Consider
8  Whether Another Party's Material Should be Sealed.  Civ. L.R. 79-5(f).  In that case, the filing
9  party need not satisfy the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(1).  Instead, the
10 party who designated the material as confidential must, within seven days of the motion's filing,
11 file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civ. L.R. 79-
12 5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing
13 of the provisionally sealed document without further notice to the designating party.  *Id.*  Any
14 party can file a response to that declaration within four days.  Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

16 The good cause standard applies here because the sealing motion relates to a motion to
17 strike that is only tangentially related to the merits of the case.  *See Baird v. BlackRock*
18 *Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12,
19 2021) (applying the "good cause" standard to sealing motions related to a motion to strike); *see*
20 *also Jones v. Travelers Cas. Ins. Co. of Am.*, No. 13-CV-02390-LHK, 2015 WL 865877, at *1
21 (N.D. Cal. Feb. 5, 2015) ("In general, motions to strike are treated as non-dispositive.").

22 Skillz filed an administrative motion to consider whether another party's material should
23 be sealed in connection with its opposition to AviaGames' motion to strike. ECF No. 270.  Skillz
24 identifies highlighted portions of its opposition as containing information that AviaGames has
25 designated as highly confidential.  *Id.* at 1.

26 AviaGames filed a statement in support of the motion. ECF No. 292.  No party has filed
27 an opposition to the statement.  AviaGames states that good cause exists to seal the highlighted
28 portions of the documents because they "contain aspects of AviaGames' business practices and

strategy, its products, and source code algorithms." *Id.* ¶ 2.  AviaGames further states that the request is "narrowly tailored to preventing harm and/or disclosure of the confidential business information of AviaGames." *Id.* ¶ 3.

Good cause exists to seal trade secrets. *Kamakana*, 447 F.3d at 1179.  Confidential source code and confidential business information that would harm a party's competitive standing meet the compelling reasons standard, and thus also meet the "less exacting" good cause standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding that "[c]onfidential source code clearly meets the definition of a trade secret," and meets the compelling reasons standard); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 270-2 | Plaintiff Skillz's Opposition to AviaGames' Motion to Strike (Dkt. 269) | Highlighted Portions | GRANTED as containing confidential business information the release of which would harm a party's competitive standing. |

//

//

//

//

//

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with Skillz's Opposition to AviaGames' Motion to Strike (ECF No. 270) is GRANTED.

Dated:  October 6, 2023

_____
BETH LABSON FREEMAN
United States District Judge