| | |
|---|---|
| JENNIFER TAYLOR STEWART (SBN 298798)<br>jstewart@kslaw.com<br>**KING & SPALDING LLP**<br>50 California St., Suite 3300<br>San Francisco, CA 94111<br>Telephone: (415) 318-1200<br>Facsimile: (415) 318-1300 | LAZAR POL RAYNAL (*Pro Hac Vice*)<br>lraynal@kslaw.com<br>**KING & SPALDING LLP**<br>110 N Wacker Dr., Ste. 3800<br>Chicago, IL 60606<br>Telephone: (312) 995-6333<br>Facsimile: (312) 995-6330 |
| CHRISTOPHER C. CAMPBELL (*Pro Hac Vice*)<br>ccampbell@kslaw.com<br>YUSHAN LUO (SBN 329770)<br>yluo@kslaw.com<br>**KING & SPALDING LLP**<br>1700 Pennsylvania Ave. NW Ste. 200<br>Washington, DC 20006<br>Telephone: (202) 737-0500<br>Facsimile: (202) 626-7411 | BRITTON F. DAVIS *(Pro Hac Vice)*<br>bdavis@kslaw.com<br>BRIAN J. EUTERMOSER (*Pro Hac Vice*)<br>beutermoser@kslaw.com<br>ROY FALIK *(Pro Hac Vice)*<br>rfalik@kslaw.com<br>ANGELA C. TARASI (*Pro Hac Vice*)<br>atarasi@kslaw.com<br>**KING & SPALDING LLP**<br>1401 Lawrence St. Ste 1900<br>Denver, CO 80202<br>Telephone: (720) 535-2300<br>Facsimile: (720) 535-2400 |
| MATTHEW DAVID WOOD (*Pro Hac Vice*)<br>mwood@kslaw.com<br>**KING & SPALDING LLP**<br>500 W 2nd St.<br>Austin, TX 78701<br>Telephone (512) 457-2000 | JESSICA BENVENISTY (*Pro Hac Vice*)<br>jbenvenisty@kslaw.com<br>RAHUL SARKAR (*Pro Hac Vice*)<br>rsarkar@kslaw.com<br>**KING & SPALDING LLP**<br>1185 Avenue of the Americas, 34th Floor<br>New York, NY 10036<br>Telephone: (212) 556-2100 |

*Attorneys for Plaintiff*
SKILLZ PLATFORM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVIAGAMES INC.,<br><br>Defendant. | Case No. 5:21-cv-02436-BLF<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date: December 7, 2023<br>Time: 9:00 a.m.<br>Courtroom: 1 – 5th Floor<br>Judge: Hon. Beth Labson Freeman |

# NOTICE OF MOTON AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 7, 2023, 2023 at 9:00 a.m.., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Beth Labson Freeman, located at 280 South 1st Street, Courtroom 3, San Jose, California, 95113, Plaintiff Skillz Platform Inc. ("Skillz") will, and hereby does, move the Court for leave to file a Second Amended Complaint pursuant to Federal Rules of Civil Procedure 15(a)(2). This Motion is based on the following Memorandum of Points and Authorities, exhibits attached hereto, arguments of counsel, any other matters presented to the Court at or before the hearing, and all matters of which the Court may take judicial notice. Skillz respectfully requests that the Court issue an order granting Skillz leave to file a Second Amended Complaint.

## L.R. 16-2

Skillz affirms it has notified counsel for Defendant AviaGames Inc. ("Avia") and the Court, through its Emergency Motion to Re-Open Discovery, that Skillz intended to seek leave "to amend its complaint to supplement its willfulness allegations." Dkt. 207-2 at 9 n.4; Dkt. 215-1. Avia indicated it opposed Skillz's request. Dkt. 216-3; Dkt. 221. The Court ordered Skillz to file a motion to amend its complaint by October 20, 2023. Dkt. 247; Dkt. 296.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should grant leave to Skillz to file a Second Amended Complaint in light of (1) the Court's invitation for Skillz to move for leave to amend the complaint following the conclusion of the re-opened discovery phase; (2) the good cause that exists due to the extensive evidence produced by Avia showing the infringing use of "bots" in its games directly targeted at Skillz; and (3) the liberal standard favoring amendment of pleadings.

### II.   INTRODUCTION

Plaintiff Skillz requests leave to amend under Federal Rule of Civil Procedure 15(a)(2).

*First*, there is good cause to extend the deadline to file an amended complaint and amend the case schedule under Rule 16. AviaGames waited until the end of May 2023—the very end of

document discovery and over a year after the amendment deadline passed—to produce 30,000 documents, all in Chinese, which revealed its use of bots. The production was voluminous, and the documents took time to translate manually and uncover AviaGames's wrongdoing, particularly because AviaGames concealed its wrongdoing through codewords like "guides" and "cucumbers" to refer to bots. Skillz's proposed amendment could not have been brought sooner.

*Second*, motions to amend should be granted with "extreme liberality" under Rule 15, and Skillz's proposed amendment satisfies that standard. Consistent with the request Skillz made in its motion to re-open discovery, Skillz's proposed amendment adds only allegations related to Avia's willful infringement of the Asserted Patent based upon its use of bots. This amendment will not prejudice Avia or cause undue delay. Skillz's motion to amend comports with the Court's discovery schedule and does not impact the trial date. Avia has been on notice of Skillz's intent to supplement its willfulness allegations since August.

### III.     BACKGROUND

#### A.  The Court ordered discovery regarding the bot issue.

On August 11, 2023, Skillz filed a motion to re-open discovery, explaining that it had uncovered evidence demonstrating that Avia was using bots to pose as real players on its accused Pocket7Games platform. This evidence contradicted the sworn testimony of at least three Avia executives, who each swore under oath that bots were never used and that matches were always between real human users. In its order re-opening discovery, the Court acknowledged that "AviaGames produced instant messages from the 'Lark' messaging platform that appear to suggest that AviaGames uses bots in its Pocket7Games platform and that Leung and Chen were aware that AviaGames uses bots" when they testified to the contrary. Dkt. 247 at 2.

In ordering re-opened discovery, the Court found that Skillz had been diligent in uncovering Avia's use of bots and that Avia was not prejudiced by re-opened discovery into this issue. The Court therefore ordered a schedule for additional discovery related to the bot issue, including a deadline for Skillz to move to amend its complaint. Skillz has diligently pursued discovery into this issue in accordance with the Court's schedule.

**B.  Discovery shows that Avia's bot use is relevant to Skillz's claims.**

Discovery into Avia's use of bots revealed facts that are relevant to issues of infringement, damages, and willfulness. Through its supplemental expert reports, ordered by the Court, Skillz has explained in detail how Avia's bot use relates to both infringement and damages. Avia itself admits that Skillz and its expert Dr. Zagal "served an extremely detailed infringement report on October 13, 2023 alleging . . . how 'ROBOTS' practice each and every limitation of the '564 patent." Dkt. 352-2 at 1. Skillz's expert Dr. Bergman offered a similarly detailed explanation of how revelations surrounding Avia's bot use would have impacted the parties' hypothetical negotiation of a reasonable royalty. Skillz now seeks to amend its complaint to explain how Avia's infringing bot use, which transform every game in which Avia uses them into direct infringement, and efforts to conceal it demonstrate Avia's willful infringement.

## IV.   LEGAL STANDARD

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under the liberal standard set forth in Rule 15, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Not all factors carry equal weight. Prejudice to the opposing party must be given the greatest weight. Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Maranon v. Santa Clara Stadium Auth.*, No. 15-CV-04709-BLF, 2018 WL 3932490, at *2 (N.D. Cal. Aug. 16, 2018) (Freeman, J.) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).)

## V.   ARGUMENT

The Court should grant Skillz leave to amend the complaint, consistent with "Rule 15's policy of favoring amendments to pleadings [which] should be applied with extreme liberality." *Doe I v. Cisco Sys., Inc.*, No. 11-2449, 2013 WL 5272923, at *1 (N.D. Cal. Sept. 18, 2013) (citation omitted); *see Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) ("[T]his determination should be performed with all inferences in favor of granting the motion [to

amend].").

Each of the relevant factors favor allowing amendment. The Court set a deadline to move to amend in August as part of its re-opened discovery schedule that leave the trial date unaltered. Skillz is complying with that deadline. There is no undue delay in honoring the Court-ordered deadline. Nor is there any bad faith or prejudice associated with attempting to alter other deadlines or prolong the litigation. Skillz amendment is not futile because its new allegations support a finding of willful infringement.

### A. Skillz's amendment is not made in bad faith.

Skillz does not seek to amend its complaint in bad faith. "Bad faith in the context of a motion to amend a complaint to add parties or claims typically involves the moving party's efforts to prolong the litigation or destroy diversity jurisdiction." *Narog*, 2014 WL 3421166, at *3. Neither issue is present here. Skillz's amendment comports with the Court's re-opened discovery schedule and will not impact the trial date Skillz's reason for amending is to formalize allegations it has already made with respect to Avia's bot usage and their implications for its patent infringement claim, willfulness, and damages claims.

### B. Skillz did not unduly delay in amending its complaint.

Skillz's motion to amend its complaint is not delayed, but complies with the deadline set by the Court. The Court already concluded that "Skillz did not delay" in uncovering Avia's use of bots. Dkt. 247 at 3. Accordingly, the Court ordered a schedule for re-opened discovery, including a date by which Skillz must move to amend its complaint. *Id.* at 6. Skillz has complied with this deadline as amended by the Court. Dkt. 296. Skillz has complied with the Court's schedule and did not unduly delay in seeking to amend the complaint.

### C. Avia is not prejudiced by Skillz's amendment.

Avia will suffer no prejudice. *Artemus v. Louie*, No. 16-cv-00626-JSC, 2017 WL 747368, at *2 (N.D. Cal. Feb. 27, 2017). "Court's often evaluate prejudice in terms of whether relevant deadlines would have to be continued as a result of the new pleading." *Id.* at *4. No deadlines are put at risk by Skillz's amendment. The Court already set a schedule for re-opened discovery, including a date to move to amend the complaint, that keeps the trial date and other related

deadlines in place. *See* Dkt. 247. Skillz's motion to amend comports with this schedule.

The Court already determined when it re-opened discovery on bot issues that Avia "is not prejudiced because trial is four months away and Skillz seeks only limited discovery." Dkt. 247 at 3. Skillz completed this discovery on schedule (as modified at Avia's request), and no additional discovery beyond the Court's order is required.

Avia is not prejudiced by the introduction of any new issues. Any new allegations included in the amended complaint relate solely to Avia's infringing use of bots. Further mitigating against any prejudice is the fact that Avia's bots are used in the same accused products, and rely on the same infringing functionality, that Skillz has accused throughout this litigation. Throughout the re-opened discovery period, Skillz has articulated why these issues are relevant to infringement, damages, and willfulness. *See, e.g.*, Dkt. 265-3. There is no surprise to Avia.

### D. Skillz's proposed amendment is not futile.

Skillz's amendment would not be futile. A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense." *Cellulose Material Sols., LLC, v. SC Mktg. Grp., Inc.*, No. 22-3141, 2023 WL 5184134, at *3 (N.D. Cal. Aug. 11, 2023). That is, an amendment is futile only if it would "clearly be subject to dismissal" under Rule 12(b)(6). *Hinshaw v. The Vessel, M/V AURORA*, 2006 WL 1310460, at *2 (N.D. Cal. May 12, 2006).

Any new allegations included in the amended complaint support Skillz's claim of willful patent infringement. Ample evidence supports Skillz's allegations that 1) Avia's use of bots infringes the Asserted Patent; 2) Avia uses these infringing bots to harm its customers and Skillz; and 3) Avia attempted to hide its infringing bots both before and during this litigation. These allegations support several *Read* factors for willfulness set forth by the Federal Circuit, including at least "the infringer's behavior as a party to the litigation," "[d]efendant's size and financial condition," "[d]efendant's motivation for harm," and "[w]hether defendant attempted to conceal its misconduct." *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992).

## VI. CONCLUSION

Skillz respectfully requests that the Court grant this motion and permit Skillz to file its Second Amended Complaint.

Dated: October 20, 2023

Respectfully submitted,

**KING & SPALDING LLP**

/s/ *Christopher C. Campbell*
Christopher C. Campbell

*Attorney for Plaintiff*
SKILLZ PLATFORM, INC.