United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AVIAGAMES INC.,<br><br>    Defendant. | Case No.  21-cv-02436-BLF<br><br>**ORDER RE: MOTION TO FILE UNDER SEAL**<br><br>[Re:  ECF No. 349] |

Before the Court is Defendant AviaGames Inc. Administrative Motion to File Under Seal the transcript of the October 5, 2023 hearing.  ECF No. 349.  Plaintiff Skillz Platform Inc. opposes the motion.  ECF No. 374.  The Court has considered the motion and opposition, and its ruling is laid out below.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

2   alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5

3   requires the moving party to provide "evidentiary support from declarations where necessary."

4   Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable

5   material."  Civ. L.R. 79-5(c)(3).

6   **II.    DISCUSSION**

7       The Court follows other courts in this district and finds that the "good cause" standard

8   applies to sealing the hearing, at which the Court heard argument on the emergency motion for a

9   protective order.  *See In re Google RTB Consumer Priv. Litig.*, No. 21CV02155YGRVKD, 2023

10  WL 5667891, at *1 (N.D. Cal. Aug. 21, 2023) (applying the "good cause" standard to sealing

11  portions of a discovery hearing transcript); *Oracle Am., Inc. v. Google Inc.,* No.

12  10CV03561WHADMR, 2016 WL 11810331, at *2 (N.D. Cal. Mar. 21, 2016) (same).

13      AviaGames filed an administrative motion to file under seal portions of the October 5,

14  2023 hearing.  ECF No. 349.  AviaGames argues that compelling reasons exist to seal portions of

15  the transcript because those portions of the transcript discuss AviaGames' source code and

16  AviaGames business practices and strategy.  *Id.* at 2.  AviaGames further argues that its request is

17  "narrowly tailored to preventing harm and/or disclosure of the confidential business information

18  of AviaGames."  *Id.* at 4.  Skillz opposes the motion, arguing that the proceeding took place in

19  open court, the proposed redactions do not address AviaGames' source code, and the information

20  discussed at the hearing is already on the public docket.  ECF No. 374 at 1–2.

21      Good cause exists to seal trade secrets.  *Kamakana*, 447 F.3d at 1179.  Confidential source

22  code and confidential business information that would harm a party's competitive standing meet

23  the compelling reasons standard, and thus also meet the "less exacting" good cause standard.  *See*

24  *Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-

25  CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding that "[c]onfidential

26  source code clearly meets the definition of a trade secret," and meets the compelling reasons

27  standard); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2

28  (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary

United States District Court
Northern District of California

information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

Although some of what AviaGames seeks to seal satisfies the good cause standard, the Court finds that AviaGames' requested redactions are not narrowly tailored. For example, there is good cause to seal specific evidence regarding the functionality of AviaGames' products. *See e.g.*, ECF No. 349-1 at 36:6–7, 10–11; *see also Jam Cellars*, 2012 WL 6115623, at *2 (finding "confidential business and proprietary information" sealable). However, as Skillz correctly notes, much of what AviaGames seeks to seal does not disclose its source code. Instead, AviaGames largely seeks to seal generalized allegations about its use of bots. Not only are these generalized allegations already on the public docket, *see, e.g.*, ECF No. 301, but AviaGames fails to provide specific arguments to show that there is good cause to overcome the general presumption of public access to opinions, hearings, and court filings with respect to its proposed redactions. *See Google RTB*, 2023 WL 5667891, at *1 (acknowledging the presumption of public access and finding that generic assertions of harm are insufficient, even where the court had sealed similar information in the past) (citing *Forbes Media LLC v. United States*, 61 F.4th 1072, 1077 (9th Cir. 2023)).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 349-1 | Transcript of Proceedings from the October 5, 2023 Hearing | Highlighted Portions | DENIED as not narrowly tailored. |

The denial of AviaGames' motion is WITHOUT PREJUDICE to AviaGames filing renewed motion with more narrow redactions within 10 days of the date of this Order.

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant AviaGames Inc.

United States District Court
Northern District of California

Administrative Motion to File Under Seal the transcript of the October 5, 2023 hearing (ECF No. 349) is DENIED WITHOUT PREJUDICE.  AviaGames may file a renewed motion to seal with more narrowly tailored redactions within 10 days of the date of this Order.

Dated:  October 23, 2023

_____
BETH LABSON FREEMAN
United States District Judge