*Counsel for Defendant AviaGames Inc.*
*Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SKILLZ PLATFORM INC., a Delaware corporation,

Plaintiff,

v.

AVIAGAMES INC., a Delaware corporation,

Defendant.

Case No. 5:21-cv-02436-BLF

**DEFENDANT AVIAGAMES INC.'S NOTICE OF MOTION AND OPPOSED MOTION TO CONTINUE TRIAL OR, IN THE ALTERNATIVE TO BIFURCATE**

Date: November 9, 2023
Time: 1:30 p.m.
Courtroom: 1 – 5th Floor
Judge: Hon. Beth Labson Freeman

[PUBLIC VERSION]

TABLE OF CONTENTS

I. BACKGROUND ..... 1

II. LEGAL STANDARDs ..... 3

A. Continuance of Proceedings ..... 3

B. Bifurcation of Trial ..... 4

III. ARGUMENT ..... 5

A. The Court should continue the trial for 90 days. ..... 5

1. [REDACTED] ..... 5

2. There will be a high burden on AviaGames if trial is not continued. ..... 6

3. A continuance will not burden Skillz. ..... 7

4. A continuance will not impede judicial efficiency. ..... 7

5. The interests of non-parties and the public will not be adversely impacted by a short continuance. ..... 8

B. In the alternative, the Court should bifurcate the trial. ..... 8

1. Trying liability separately from damages and willfulness will mitigate prejudice to AviaGames. ..... 8

2. Bifurcation would reduce the risk of jury confusion. ..... 9

3. Bifurcating damages and willfulness allegations will promote efficiency and conserve the resources of the Court and parties. ..... 10

IV. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**CASES**

*Board of Regents v. Boston Sci. Corp.*,
18-cv-392-GBW, 2022 WL 17403478 (D. Del. Dec. 2, 2022) .......... 5, 9

[redacted]

*Dutch Branch of Streamserve Development AB v. Exstream Software, LLC*,
No. 08-343-SLR, 2009 WL 2705932 (D. Del. Aug. 26, 2009) .......... 5

*Exxon Co. v. Sofec, Inc.*,
54 F.3d 570 (9th Cir. 1995) .......... 4

[redacted]

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
820 F.2d 1209 (Fed. Cir. 1987) .......... 4

*Laboratory Skin Care, Inc. v. Limited Brands, Inc.*,
757 F. Supp. 2d 431 (D. Del. 2010) .......... 5, 10

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) .......... 3

*Mag Instrument, Inc. v. J. Baxter Brinkmann Int'l Corp.*,
123 F.R.D. 543 (N.D. Tex. 1988) .......... 10

*Mesh Comm, LLC v. E.ON US, LLC*,
3:09-cv-641, 2011 WL 11563901 (W.D. Ky., May 10, 2011) .......... 5

*Novopharm Ltd. v. TorPharm, Inc.*,
181 F.R.D. 308 (E.D.N.C. 1998) .......... 10

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
No. 08-542, 2009 WL 2742750 (D. Del. Aug. 26, 2009) .......... 9

[redacted]

*Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*,
59 U.S.P.Q.2d 1088, 2001 WL 501354 (C.D. Cal. 2001) .......... 5

**OTHER AUTHORITIES**

[redacted]

Fed. R. Civ. P. 42(b) .......... 4, 10

[redacted]

**NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL**
**OR, IN THE ALTERNATIVE, BIFURCATE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 9, 2023, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Beth Labson Freeman, located at 280 South 1st Street, Courtroom 1, 5th Floor, San Jose, California, 95113, Defendant AviaGames Inc. ("AviaGames") will and hereby does move the Court for an order staying the trial.

**STATEMENT OF RELIEF REQUESTED**

AviaGames respectfully requests that the Court continue trial for 90 days or, in the alternative, hold two separate trials: one for liability, and another, if necessary, for willfulness and damages.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

The interests of justice require a trial continuance of this case for at least 90 days. Should trial press forward, AviaGames will suffer irreparable prejudice—[redacted]

No trial should proceed in this manner, particularly not a patent infringement trial that has no pressing urgency for rapid resolution. To the extent there is a trial, there will likely be an appeal to the Federal Circuit in any event, and an absence of any real resolution of the patent matters for years. [redacted]

[redacted]

In the alternative, AviaGames respectfully requests that the Court conduct separate trials, first for liability and later (if necessary) a second trial on willfulness and damages. As this Court

has already noted, the use of "bots" is a "side issue." ECF 324 at 38:7–17. While AviaGames believes that neither of Skillz's new damages expert reports—highlighting "bots" via new and flawed theories—should be permitted, even if the Court were to somehow permit those new theories, Liability can be tried on the core patent issues without testimony on ancillary matters relating to "bots" [redacted]

AviaGames would be willing to stipulate that accused products with and without "bots" operate in the same manner for the purposes of infringement. AviaGames is likewise willing to delete its direct infringement defense based on who or where a claimed "client" is and where the claimed "server" is located. In this way, mention of "bots" can be avoided, and the focus can be on the operation of the specific algorithms that are accused of satisfying the elements of the claims. [redacted] This follows from Skillz's assertion on Friday, October 27, 2023, that its infringement theories remained "unchanged" after it allegedly discovered AviaGames' use of "bots," and that "bots" merely "allow Avia to practice the asserted claim limitations in the same way that the limitations are performed when bots are not used." ECF 423-3 at 2. Thus, Skillz can present the evidence it described in its original expert reports, and the jury decision on infringement or non-infringement will apply to both the originally accused product and the allegedly infringing bots.

While AviaGames disputes that "bots" are relevant *at all*, prejudice that results from defending Skillz's "bot" allegations can—at the very least—be minimized by trying these issues at a separate willfulness and damages trial (if necessary), [redacted]

## II. LEGAL STANDARDS

### A. Continuance of Proceedings

District courts have discretionary power to continue proceedings in their own courts. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). [redacted]

### B. Bifurcation of Trial

Courts have the discretionary power to bifurcate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir. 1995); *see also Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987) ("Under Rule 42(b), a district court has broad discretion in separating issues and claims for

trial as part of its wide discretion in trial management."). In exercising its discretion, the Court "should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension." *Board of Regents v. Boston Sci. Corp.*, 18-cv-392-GBW, 2022 WL 17403478, at *1, *3 (D. Del. Dec. 2, 2022) (granting motion to bifurcate trial on liability from willfulness and damages, in part to due to the risk of prejudice caused by "'inflammatory' willfulness evidence.")

In patent infringement litigation, Courts often hold a separate trial on liability from the trial on damages and willfulness to minimize prejudice to the defendant, decrease the risk of jury confusion, and promote the efficient use of judicial resources. *See, e.g., id.*; *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, 59 U.S.P.Q.2d 1088, 2001 WL 501354 (C.D. Cal. 2001) (bifurcating liability from willfulness and damages); *Mesh Comm, LLC v. E.ON US, LLC*, 3:09-cv-641, 2011 WL 11563901 (W.D. Ky., May 10, 2011) (bifurcation is appropriate because infringement and invalidity are "substantially separate and apart from questions related to damages and willful infringement."). *Laboratory Skin Care, Inc. v. Limited Brands, Inc.*, 757 F. Supp. 2d 431, 442 (D. Del. 2010) (same); *Dutch Branch of Streamserve Development AB v. Exstream Software, LLC*, No. 08-343-SLR, 2009 WL 2705932, *1 (D. Del. Aug. 26, 2009) (same).

## III. ARGUMENT

### A. The Court should continue the trial for 90 days.

[redacted]

**2. There will be a high burden on AviaGames if trial is not continued.**

The burden on AviaGames is high if there is no continuance because AviaGames' ability to adequately prepare for trial will be impaired. [redacted]

[redacted]

**3. A continuance will not burden Skillz.**

A 90-day continuance of trial will not lead to the unavailability of witnesses or the loss of evidence. [redacted] Further, Skillz's employees will face little inconvenience if the Court grants a stay because Skillz has identified no Skillz employees as "will call" witnesses at trial; in fact, Skillz's only "will call" witnesses are experts and AviaGames' employees. *See* Wang Decl. Ex. B (Skillz's 2023-10-17 amended witness list). And to the degree Skillz alleges damages are continuing, Skillz can seek further damages that accrue during the time period the case is stayed.

**4. A continuance will not impede judicial efficiency.**

[redacted]

     #### 5. The interests of non-parties and the public will not be adversely impacted by a short continuance.

No third parties will be adversely impacted by a limited 90-day continuance of trial. [redacted]

### B. In the alternative, the Court should bifurcate the trial.

#### 1. Trying liability separately from damages and willfulness will mitigate prejudice to AviaGames.

Alternatively, the Court can mitigate the prejudice to AviaGames by holding a separate, first trial on liability. Doing so will allow the Court, jury, and parties to focus on the liability issues without Skillz's inflammatory "bot" allegations tainting the jury's liability determination. Skillz's promise that it will assert an identical theory of infringement for the alleged use of "bots" as it uses for other products, combined with AviaGames willingness to allow the single theory to cover both bot and non-bot accused products, will allow the liability trial to focus on the patent issues without an inflammatory presentation of bot side issues.

Bifurcation will provide at least two benefits:

*First*, [redacted] Skillz concedes that its infringement theory is "identical" to the theory it presented before it learned of AviaGames' use of bots, and AviaGames is willing to stipulate to infringement of the accused products using "bots" if liability is found for accused products that do not. ECF 423-3, at 2 ("Bots allow Avia to practice the asserted claim limitations in the same way that the limitations are performed when bots are not used."). AviaGames is also

willing to withdraw the direct infringement defense that Skillz contends makes "bots" relevant to infringement. Trial on liability can therefore proceed on Skillz' presentation of the infringement theories disclosed in the May 26, 2023 expert report of Skillz's expert witness, Dr. Joseph Zagal. *Board of Regents,* 2022 WL 17403478, at *1 (bifurcating trial on liability where "inflammatory" damages and willfulness allegations have nothing "to do with the objective question of whether the [Accused Products] meet[ ] all the limitations" of the Asserted Claims . . . or whether the patent is invalid.").

*Second*,

**2. Bifurcation would reduce the risk of jury confusion.**

Bifurcation would also reduce the risk of juror confusion. The "burden imposed on the court [and] the burden imposed on a jury in a patent trial is extraordinary," requiring a jury not only to resolve complex technical issues, but also "to understand the commercial complexities of the relevant market." *Robert Bosch LLC v. Pylon Mfg. Corp.*, No. 08-542, 2009 WL 2742750, at *1 (D. Del. Aug. 26, 2009).

The risk of juror confusion is particularly acute here, Postponing trial on damages and willfulness would alleviate that risk by separating those issues (if they are presented to the jury at all) from complex questions of patent law,

**3. Bifurcating damages and willfulness allegations will promote efficiency and conserve the resources of the Court and parties.**

Bifurcation will also promote efficiency and avoid unnecessary expense to third parties, jurors, and the Court. Litigating damages and willfulness demands vast resources—easily amounting to many hundreds of thousands of dollars in a typical patent case—that may be streamlined or eliminated entirely by the outcome of the liability analysis. *Novopharm Ltd. v. TorPharm, Inc.*, 181 F.R.D. 308, 310-11 (E.D.N.C. 1998) (granting motion to bifurcate, noting that "[p]atent cases are often uniquely amenable to bifurcation because of the complex nature of the damages determination and the extensive discovery that is often necessary to prove the nature and extent of those damages."). Even "if the defendants do not prevail entirely on liability, separate trials will still serve the purpose of Rule 42(b). If the jury finds certain bases of liability absent, then damage theories dependent on those bases, and evidence to support them, will not be presented, thus promoting expediency, economy, and convenience." *Mag Instrument, Inc. v. J. Baxter Brinkmann Int'l Corp.*, 123 F.R.D. 543, 545 (N.D. Tex. 1988). Moreover, a finding of no direct infringement or invalidity of the asserted claims in the first phase would potentially remove the numerous categories of evidence and as many as seven live witnesses—nearly one third of the twenty-two "may" or "will" call witnesses disclosed by the parties—having little to no relevance to the first phase issues.[1] *See Lab. Skin Care*, 757 F. Supp. 2d at 442 ("Judicial resources may be conserved through bifurcation, as liability may not be found, or even if found it may simplify the subsequent damages and willfulness trial.")

## IV. CONCLUSION

For the foregoing reasons, Defendant AviaGames Inc.'s Motion to Continue or, in the Alternative, Bifurcate should be GRANTED and trial should be continued for 90 days.

---

[1] Trial on liability likely will not require testimony from either damages experts, AviaGames' CEO and CFO, Skillz's CFO, AviaGames investor Handy Nada, or from AviaGames' 30(b)(6) designee on supplemental discovery.

Dated: October 31, 2023

**PERKINS COIE LLP**

By: */s/ Chao "Wendy" Wang*

Chao "Wendy" Wang, Bar No. 289325
WWang@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Tel: 650.838.4300
Fax: 650.838.4350

Andrea W. Jeffries, SBN: 183408
ajeffries@jonesday.com
Sarah G. Conway, SBN: 261414
sgconway@jonesday.com
JONES DAY
555 S. Flower Street, 50th Fl.
Los Angeles, CA 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

Matthew Chung, SBN: 339854
mchung@jonesday.com
JONES DAY
555 California St, 26th Fl.
San Francisco, CA 94109
Tel: (415) 626-3939
Fax: (415) 875-5700

Miguel J. Bombach, Bar No. 274287
MBombach@perkinscoie.com
Abigail A. Gardner, Bar No. 334598
AGardner@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Jerry A. Riedinger, (Pro Hac Vice)
JRiedinger@perkinscoie.com
Judith B. Jennison, Bar No. 165929
JJennison@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (203) 359-8000
Facsimile: (203) 359-9000

W. Matthew Pierce (pro hac vice)
WPierce@perkinscoie.com
PERKINS COIE LLP
1900 16th Street, Ste. 1400

Denver, CO 80202
Telephone: (303) 291-2300
Fax: (303) 291-2400

Dakota Paul Kanetzky (pro hac vice)
DKanetzky@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Ste 1700
Austin, TX 78701
Telephone: (737) 256-6115
Fax: (737) 256-6300

*Attorneys for Defendant*
AviaGames Inc.