1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

SKILLZ PLATFORM INC.,

　　　　　Plaintiff,

　　v.

AVIAGAMES INC.,

　　　　　Defendant.

Case No.  21-cv-02436-BLF

**ORDER GRANTING EX PARTE APPLICATION TO STAY MAGISTRATE JUDGE'S ORDER PENDING RULE 72 REVIEW**

[Re:  ECF No. 443]

　　Before the Court is Defendant AviaGames Inc.'s ex parte application (ECF No. 443) to stay Magistrate Judge Susan van Keulen's order following in camera review of AviaGames documents (ECF No. 435) ("Order").  AviaGames intends to challenge the Order under Fed. R. Civ. P. 72, and requests that this Court to stay the Order pending the disposition of AviaGames' Rule 72 motion.

　　For the reasons stated below, the Court GRANTS AviaGames' ex parte application.

## I.　LEGAL STANDARD

　　"A motion to stay a magistrate judge's order pending review by the assigned district judge is evaluated under the same standard as a motion to stay pending appeal."  *Forrest v. Facebook, Inc.*, No. 5:22-CV-03699-EJD, 2023 WL 1931356, at *1 (N.D. Cal. Jan. 18, 2023); *see also Alvarez v. Larose*, No. 3:20-cv-00782-DMS-AHG, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (collecting cases).  Under that standard, a court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks and citation omitted).

The first two factors are the most critical. *See id.* The moving party bears the burden of showing that a stay is warranted. *See id.* at 433–34.

The Ninth Circuit applies a balancing approach to the *Nken* factors similar to that applied to the *Winter* factors in the context of a motion for preliminary injunction. *See Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Opining that "a flexible approach is even more appropriate in the stay context," the Ninth Circuit has made clear that "[t]here are many ways to articulate the minimum quantum of likely success necessary to justify a stay." *Id.* at 966–67 (emphasis in original). The stay applicant may satisfy the first factor by showing a "reasonable probability" or "fair prospect" of success, "a substantial case on the merits," or "that serious legal questions are raised." *Id.* at 967–68 (internal quotation marks and citations omitted). The second factor requires a showing that "irreparable harm is probable if the stay is not granted." *Id.* at 968.

## II.   DISCUSSION

Applying the four-factor test, the Court has no difficulty concluding that AviaGames has met its burden to show that a stay of the Order is warranted pending resolution of its Rule 72 motion.

### A.   Likelihood of Success

AviaGames has met the requirement that it will raise serious legal questions in its Rule 72 motion for relief from the Order. *See Leiva-Perez*, 640 F.3d at 968. The Order addresses the difficult and serious question of whether the crime-fraud exception to attorney-client privilege applies to certain AviaGames documents. The Court's ruling on this question will require careful consideration. Under these circumstances, the Court finds that the first factor is satisfied.

### B.   Irreparable Harm to Movants Absent Stay

AviaGames has established that it will suffer irreparable harm absent an immediate stay. The Order requires AviaGames to produce documents that it claims are subject to the attorney-client privilege. ECF No. 435. If AviaGames is required to comply with the Order the Court rules on their Rule 72 motion, then "they will be effectively denied the relief sought in that motion." *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 2541326, at *2 (N.D. Cal. Mar. 15,

United States District Court
Northern District of California

2023).  Indeed, the Ninth Circuit has acknowledged that "'an appeal after disclosure of the privileged communication is an inadequate remedy' for the 'irreparable harm a party likely will suffer if erroneously required to disclose privileged materials or communications.'"  *Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486, 1491 (9th Cir. 1989)).  Because there is no way to unring the bell of disclosure of privileged communications, AviaGames would be irreparably harmed absent a stay.

### C.    Effect of Stay on Interested Parties

The Court finds that Plaintiff Skillz Platform Inc. will not be substantially prejudiced by a brief stay pending the Court's resolution of AviaGames' Rule 72 motion.  The Court will grant a stay of two business days pending its ruling on the Rule 72 motion.

### D.    Public Interest

AviaGames argues that the public interest would be served by the stay because the attorney-client privilege would be undermined by the erroneous disclosure of privileged information.  The Court agrees that the attorney-client privilege is a critical part of the relationship between attorneys and their clients and that this factor weighs in favor of a stay.

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    Defendant AviaGames Inc.'s ex parte application to stay Judge van Keulen's order following in-camera review of AviaGames documents (ECF No. 443) is GRANTED.  The Order (ECF No. 435) is hereby STAYED until November 6, 2023.

2.    Defendant AviaGames Inc. is hereby ORDERED to file its Rule 72 motion no later than November 2, 2023 at 5:00 p.m.  AviaGames is reminded that its motion may not exceed 5 pages.  *See* Civil L.R. 72-2(b).

3.    Plaintiff Skillz Platform Inc. is hereby ORDERED to file a response to AviaGames' Rule 72 motion no later than November 6, 2023 at 10:00 a.m.  Skillz's response may not exceed 5 pages.  AviaGames will not be permitted to file a reply.

4.    The Court will hold a hearing on AviaGames' Rule 72 motion on November 6, 2023 at 1:30 p.m. in person in Courtroom 1 at 280 South 1st Street, San Jose, California, 95113.

United States District Court
Northern District of California

1   The Court will rule on the matter at the conclusion of the hearing.

2          5.      If the Court denies AviaGames' Rule 72 motion, AviaGames shall be prepared to

3   turn over the documents as required under the Order (ECF No. 435) no later than November 6,

4   2023 at 5:00 p.m.

5

6   Dated:  November 2, 2023

7          _____

8          BETH LABSON FREEMAN
           United States District Judge