*Counsel for Defendant AviaGames Inc. listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **SKILLZ PLATFORM INC.**, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>**AVIAGAMES INC.**, a Delaware corporation,<br><br>　　　　　　　Defendant. | Case No.: 5:21-cv-02436-BLF (SVK)<br><br>**DEFENDANT AVIAGAMES INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Civil Local Rule 72-2, Defendant AviaGames Inc. ("AviaGames") seeks relief from Magistrate Judge van Keulen's October 31, 2023 Order Following *In-Camera* Review of AviaGames Documents. ECF No. 435. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## STANDARD OF REVIEW

The district judge presiding over a case must consider timely objections to a magistrate judge's discovery order and may modify or set aside any part of the order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "[F]actual determinations are reviewed for clear error" while "legal conclusions are reviewed *de novo* to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). The question whether an evidentiary privilege attaches to a particular communication—including whether a party has forfeited or waived a privilege—is essentially a legal one subject to *de novo* review. *See EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (Freeman, J.).

## DISCUSSION

"[T]he attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997). The Supreme Court has rejected attempts to "narrow" the privilege for corporations, recognizing that lesser protection would "make[] it difficult for corporate attorneys to formulate sound advice . . . and ensure their client's compliance with the law." *Upjohn Co. v. United States*, 449 U.S. 383, 392 (1981). For similar reasons, if a court has any doubt about a particular document, it must be resolved "in favor of the privilege, not in favor of disclosure." *United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999).

1    These principles should have ended Skillz's pursuit of scores of communications between
2    AviaGames and its corporate counsel as soon as it started. Yet ever since discovery was reopened
3    for the "limited purpose" of permitting investigation into "whether AviaGames uses bots in its
4    Pocket7Games platform," ECF No. 224 at 4, Skillz has sought attorney-client communications to
5    pursue a dubious theory of fraud that has only a tenuous connection to the merits of this case.
6    Tactics like this are nothing new. *See Laser Indus., Ltd. v. Reliant Techs., Inc.*, 167 F.R.D. 417,
7    424 (N.D. Cal. 1996) ("[S]ome lawyers love to strike fear into the hearts of opponents by
8    attempting to discover [privileged] communications."). But here, with a trial date around the
9    corner, they are especially vexatious. Skillz has taken to bombarding AviaGames and the Court
10   with motions, attempting to blow open the "modest, focused discovery" the Court allowed, ECF
11   No. 232, to pursue communications that are, at best, tangentially related to this dispute.

12   On October 3, 2023, Skillz sought production of about 230 documents on AviaGames'
13   privilege log on the theory that they fell within the crime-fraud exception. ECF No. 301. On
14   October 6, Judge van Keulen ordered AviaGames to submit 228 of them for *in camera* review.
15   ECF No. 325. ████████████████████████████████████████
16   ████████████████████████████████████████████████████
17   ████████████████████████████████████████████████████
18   ██████████████████████████████████████  That ruling was
19   contrary to law, and should be set aside. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).
20   ████████████████████████████████████
21   ████████████████████████████████  *See Peters' Bakery*, 301 F.R.D. at 484–85
22   (overruling magistrate judge's conclusion that plaintiff had waived privilege because magistrate
23   judge "applied a standard that is contrary to law"). ████████████████████
24   ████████████████████

25   To obtain documents through the crime-fraud exception, Skillz must demonstrate both
26   reliance on and harm from the allegedly intentional, material misstatements underlying its theories
27   of fraud. *See Huntsman v. Corp. of the Pres. of the Church of Jesus Christ of Latter-Day Saints*,
28   76 F.4th 962, 971 (9th Cir. 2023) (elements of fraud include justifiable reliance and resulting



1  damage); *In re Grand Jury Investigation*, 810 F.3d 1110, 1113 (9th Cir. 2016) (burden of proof is
2  on party seeking disclosure); ▮▮▮  Of course, that means Skillz must come forward
3  with sufficient evidence of reliance and harm.  But Skillz has never adduced such evidence, and
4  ▮▮▮
5  ▮▮▮
6  ▮▮▮
7  ▮▮▮
8  ▮▮▮
9  ▮▮▮  *Christensen* concerned the standard for obtaining *in*
10  *camera* review of privileged documents (not the issue here) rather than the standard for ordering
11  production of such documents (the issue here).  *See* 828 F.3d at 798–801.  Unsurprisingly, the
12  standard for obtaining *in camera* review is a comparatively "minimal" one, which is why "some
13  speculation" and "inference" may be tolerable. *Id.* at 801 (internal quotation marks omitted).
14  When it comes time to decide whether to order production of documents, however, the standard
15  ratchets up.  The party seeking production must demonstrate by a "preponderance of the evidence"
16  that the party claiming privilege "was engaged in or planning a criminal or fraudulent scheme when
17  it sought the advice of counsel to further the scheme" and that "the attorney-client communications
18  for which production is sought are sufficiently related to and were made in furtherance of [the]
19  intended, or present, continuing illegality." *In re Grand Jury*, 810 F.3d at 1113 (cleaned up); *In re*
20  *Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1094–95 (9th Cir. 2007), *abrogated in part on other*
21  *grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).  Skillz failed to make these
22  showings ▮▮▮  That makes the Order
23  contrary to law and it must be set aside.  *See Peters' Bakery*, 301 F.R.D. at 484–85.
24  ▮▮▮
25  ▮▮▮  *See Huntsman*, 76 F.4th
26  at 971 (elements of fraud include knowledge of falsity and intent). ▮▮▮
27  ▮▮▮
28  ▮▮▮

1. ████████████████████████████████████████████████████
2. ████████████████████████████████████████████████████
3. ████████████████████████████████████████████████████
4. ████████████████████████████████████████████████████
5. ████████████████████████████████████████████████████
6. ████████████████████████████████████████████████████
7. ██████████████████████████████████ Simply put, that conclusion does not
8. follow. Whether AviaGames intended to make material misstatements depends on what the
9. company's representatives believed when they made the statements. ████████████████████
10. ████████████████████ And just as Skillz failed to adduce any evidence of reliance and
11. harm, it has offered no evidence from which one could reasonably infer fraudulent intent. *See In*
12. *re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 808 (Fed. Cir. 2000) (reversing production
13. order where party seeking disclosure "failed to provide any evidence of fraudulent intent")
14. ████████████████████████████████████████████████████
15. ████████████████████████████████████████████████████
16. ████████████████████████████████████████████████████
17. ████████████████████████████████████████████████████
18. ███████████ *See In re Grand Jury*, 810 F.3d at 1114 (communications must sufficiently relate
19. to and further the fraud); *see also, e.g., Eastman v. Thompson*, 636 F. Supp. 3d 1078, 1090–91
20. (C.D. Cal. 2022) (refusing to order production of emails "sufficiently related" to illegality,
21. because court could not "conclusively determine" the emails actually "furthered" the illegality).
22. ████████████████████████████████████████████████████
23. ████████████████████████████████████████████████████
24. ████████████████████████████████████████████████████
25. ████████████████████████████████████████████████████
26. ████████████████████████████████████████████████████
27. ████████████████████████████████████████████████████
28. ████████████████████████████████████████████████████

| | |
|---|---|
| 1 | ████████████████████████████████████ |
| 2 | ████████████████████████████████████ |
| 3 | ████████████████████████████████████ |
| 4 | ██████████████████████████ The standard for piercing the |
| 5 | privilege is stricter than that, *see In re Grand Jury Investigation*, 810 F.3d at 1113; *Eastman*, 636 |
| 6 | F. Supp. 3d at 1090–91, and for good reason. ████████████████████ |
| 7 | ████████████████████████████████████ |
| 8 | ████████████████████████████████████ |
| 9 | ████████████████████████████████████ |
| 10 | ████████████████████████████████████ |
| 11 | ████████████████████████████████████ |
| 12 | ████████████████████████████████████ |
| 13 | ████████████████████████████████████ |
| 14 | ██████████████████████████ That is vastly overbroad; indeed, it is contrary |
| 15 | to law, because ████████████████████████████ *See* |
| 16 | *In re Richard Roe, Inc.*, 68 F.3d 38, 41 (2d Cir. 1995) (reversing production order predicated on a |
| 17 | finding that "[certain] documents, read collectively, have the real potential of being relevant |
| 18 | evidence of activity in furtherance of a crime"); *In re Napster*, 479 F.3d at 1090 (citing *In re* |
| 19 | *Richard Roe* favorably). ████████████████ |
| 20 | ████████ the Court should require "an examination of each document under the proper |
| 21 | standard" and articulation of the connection between each document and the particular theory of |
| 22 | fraud that the documents . . . are deemed to have furthered." *In re Richard Roe*, 68 F.3d at 41. |
| 23 | **CONCLUSION** |
| 24 | ████████████████████████████████ |
| 25 | ████████████████ If the Court instead denies this motion in full or in |
| 26 | part, AviaGames respectfully asks the Court to enter a stay of the Order pending a ruling by the |
| 27 | Federal Circuit on AviaGames' forthcoming writ petition or, alternatively, a 14-day stay to allow |
| 28 | AviaGames time to file its petition and request a stay from that court. *See* ECF No. 442. |

| | |
|---|---|
| DATED: November 2, 2023 | **PERKINS COIE LLP**<br><br>By: */s/ Chao "Wendy" Wang*<br>Chao "Wendy" Wang, Bar No. 289325 |
| Matthew C. Bernstein, Bar No. 199240<br>MBernstein@perkinscoie.com<br>Miguel J. Bombach, Bar No. 274287<br>MBombach@perkinscoie.com<br>PERKINS COIE LLP<br>11452 El Camino Real, Suite 300<br>San Diego, CA 92130-2080<br>Telephone: (858) 720-5700<br>Facsimile: (858) 720-5799 | WWang@perkinscoie.com<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, California 94304-1212<br>Tel: 650.838.4300<br>Fax: 650.838.4350<br><br>Andrea W. Jeffries, SBN: 183408<br>ajeffries@jonesday.com |
| Judith B. Jennison, Bar No. 165929<br>JJennison@perkinscoie.com<br>Steven S. Beale (*pro hac vice*)<br>SBeale@perkinscoie.com<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: (203) 359-8000<br>Facsimile: (203) 359-9000 | Sarah G. Conway, SBN: 261414<br>sgconway@jonesday.com<br>JONES DAY<br>555 S. Flower Street, 50th Fl.<br>Los Angeles, CA 90071<br>Tel: (213) 489-3939<br>Fax: (213) 243-2539<br><br>Matthew Chung, SBN: 339854<br>mchung@jonesday.com |
| W. Matthew Pierce (*pro hac vice*)<br>WPierce@perkinscoie.com<br>PERKINS COIE LLP<br>1900 16th Street, Ste. 1400<br>Denver, CO  80202<br>Telephone: (303) 291-2300<br>Fax: (303) 291-2400 | JONES DAY<br>555 California St, 26th Fl.<br>San Francisco, CA 94109<br>Tel: (415) 626-3939<br>Fax: (415) 875-5700<br><br>*Attorneys for Defendant*<br>*AviaGames Inc.* |
| Dakota Paul Kanetzky (*pro hac vice*)<br>DKanetzky@perkinscoie.com<br>PERKINS COIE LLP<br>405 Colorado Street, Ste 1700<br>Austin, TX 78701<br>Telephone: (737) 256-6115<br>Fax: (737) 256-6300 | |