UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> [Re: ECF No. 386] |

Before the Court is Plaintiff Skillz Platform Inc.'s Motion for Leave to File a Second Amended Complaint. ECF No. 386 ("Mot."). Skillz seeks to amend its complaint to include additional factual allegations that AviaGames used bots to infringe Skillz's patent and that AviaGames did so willfully. *See* ECF No. 385-4 ¶¶ 82–92. Defendant AviaGames Inc. opposes the motion. ECF No. 458 ("Opp."). The Court finds the motion suitable for disposition without a hearing. *See* Civ. L.R. 7-1(b).

For the following reasons, the Court GRANTS Skillz's motion.

**I. BACKGROUND**

On August 11, 2023, Skillz filed a motion to reopen discovery and for sanctions, which alleged that AviaGames was using bots (i.e., nonhuman players) in its Pocket7Games platform. ECF No. 207-2. Skillz's motion noted that Skillz did not become aware of the alleged use of bots until the close of discovery in May 2023. *Id.* at 1. Skillz's motion also sought to amend its complaint to supplement its allegations with allegations of bot use. *Id.* at 9 n.4. The Court ordered that discovery be reopened on AviaGames' use of bots but denied Skillz's request to file a supplemental complaint sight unseen. ECF No. 224. On October 20, 2023, after the parties conducted discovery, Skillz brought the present motion to file a second amended complaint.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Further amendment of the pleadings is allowed with the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). The factors considered when determining whether to grant leave to amend include: "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Ciampi v. City of Palo Alto*, No. 09–CV–02655–LHK, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15, 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[ ]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cnty.*, No. 14–cv–00468–KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson*, 975 F.2d at 608).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy . . . , Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson*, 975 F.2d at 609).

## III. DISCUSSION

Two issues are before the Court: (1) whether Skillz has shown good cause to amend the scheduling order under Rule 16 and (2) whether Skillz has shown that his proposed amendment to

2

the Complaint is proper under Rule 15.  The Court considers each issue in turn.

### A.  Leave to Amend Scheduling Order Under Rule 16

Skillz argues that there is good cause to amend the case schedule because Skillz could not bring its proposed amendments sooner.  Mot. at 1–2.  AviaGames does not argue that Skillz has not been diligent, but instead argues that it would be prejudiced by the substance of the amendments.  Opp. at 1–2.

As stated above, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  Although trial is less than one month away, the Court determines that Skillz was diligent.  Skillz has shown that it did not learn about AviaGames' use of bots until the close of discovery in May 2023.  Mot at 1.  On August 23, 2023, the Court reopened discovery to permit the parties to explore the issue.  ECF No. 224.  After conducting additional discovery, Skillz filed its motion for leave to amend its complaint on October 20, 2023.  These facts demonstrate that Skillz did not learn of the basis for the additional allegations in its proposed second amended complaint until the close of discovery and after additional discovery was conducted.  Further, the Court finds that any prejudice to AviaGames is minimal.  No further discovery is required because the parties have already conducted discovery on the new allegations.  AviaGames essentially raises an evidentiary argument that the new allegations are more prejudicial than probative.  *See* Opp. at 1–2.  The Court finds that Skillz's proposed second amendment complaint includes allegations that are facially relevant to Skillz's arguments about infringement, damages, and willfulness.  To the extent that AviaGames argues that these allegations are more prejudicial than probative, it has already raised these arguments in its motions in limine and it may do so at trial.

Accordingly, the Court finds that Skillz has shown good cause under Fed. R. Civ. P. 16 for leave to amend the scheduling order.

### B.  Leave to Amend Complaint Under Rule 15(a)(2)

The remaining question before the Court is whether Plaintiff has shown that amendment of the Complaint is appropriate under Federal Rule of Civil Procedure 15(a)(2).  As stated above, the Court will consider "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the

3

1 opposing party; and (4) futility of the proposed amendment." *Ciampi*, 2010 WL 5174013, at *2
2 (citing *Foman*, 371 U.S. at 182).
3       Skillz argues that its amendments are not made in bad faith because it does not seek to add
4 parties or prolong the litigation. Mot. at 4. Skillz further argues that it did not unduly delay
5 because it complied with the Court's schedule and sought amendment shortly after discovery on
6 the new allegations. *Id.* Skillz also argues that AviaGames will not be prejudiced because the
7 parties have already conducted discovery on the new allegations, the allegations bear on the same
8 infringing functionality that Skillz had previously accused, and the new allegations are relevant to
9 infringement, damages, and willfulness. *Id.* at 5. Skillz also argues that its proposed amended
10 complaint is not futile because its allegations are supported by ample evidence and support
11 Skillz's claims. *Id.* AviaGames argues that the proposed amendments that allege fraud and
12 criminal conduct would distract the jury from the central patent infringement issues and portray
13 AviaGames as a bad actor. Opp. at 1–2. AviaGames argues that Skillz's amendments are futile
14 because they would not save Skillz's already flawed infringement contentions. *Id.* at 2–3. Finally,
15 AviaGames appears to argue that Skillz's amendments are in bad faith by suggesting that Skillz's
16 allegations are not bona fide amendments but an attempt to prejudice AviaGames with
17 inflammatory allegations. *Id.* at 3.
18       The Court finds that the *Foman* factors weigh in favor of allowing amendment. Although
19 AviaGames suggests that Skillz's new contentions are made in bad faith, this contention is based
20 on speculation about Skillz's motive and litigation strategy rather than any evidence that Skillz is
21 attempting to add parties, prolong the litigation, or destroy diversity jurisdiction. "Bad faith in the
22 context of a motion to amend a complaint to add parties or claims typically involves the moving
23 party's efforts to prolong the litigation or destroy diversity jurisdiction." *Narog v. City of*
24 *Redwood City*, No. C-13-03237 DMR, 2014 WL 3421166, at *3 (N.D. Cal. July 14, 2014)
25 (collecting cases). Second, the Court does not find undue delay. As noted above, Skillz was
26 diligent in seeking amendment. Third, the Court finds that any prejudice to AviaGames is
27 minimal. As noted above, the parties have already conducted discovery on Skillz's new
28 allegations, the new allegations are facially relevant to Skillz's contentions, and AviaGames has

4

and may raise its evidentiary arguments about the prejudicial effect of these allegations in its motions in limine and at trial. Fourth, the Court finds that Skillz's proposed amendments are not futile. AviaGames' argument is that Skillz's infringement theories were already flawed and that the proposed second amended complaint "does not change this." Opp. at 2–3. However, the Court does not find that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense." *Cellulose Material Sols., LLC v. SC Mktg. Grp., Inc.*, No. 22-CV-03141-LB, 2023 WL 5184134, at *3 (N.D. Cal. Aug. 11, 2023) (quoting *Unicorn Energy GMBH v. Tesla Inc.*, No. 21-CV-07476-BLF, 2022 WL 16528138, at *2 (N.D. Cal. Oct. 28, 2022)). The new allegations add additional support to Skillz's infringement contentions, which the Court has already found sufficient to survive a motion to dismiss and a motion for summary judgment. *See* ECF Nos. 80, 329.

Accordingly, the Court finds that Skillz's amendment is proper under Rule 15(a)(2).

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Skillz Platform Inc.'s Motion for Leave to File a Second Amended Complaint is GRANTED. Skillz SHALL file the Second Amended Complaint by November 8, 2023.

Dated: November 6, 2023

BETH LABSON FREEMAN
United States District Judge