UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVIAGAMES INC.,<br><br>Defendant. | Case No. 21-cv-02436-BLF<br><br>**ORDER ON SEALING MOTIONS RE: AVIAGAMES MOTIONS IN LIMINE**<br><br>[Re: ECF No. 351, 352, 381, 382] |

Before the Court are Defendant AviaGames Inc.'s sealing motions relating to its motions in limine. ECF Nos. 351, 352, 381, 382. The Court has considered the motions, and its rulings are laid out below.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because motions in limine seek to exclude evidence from the trial, the Court finds that they are more than tangentially related to the merits of the case and applies the compelling reasons standard. *See MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL 1144634, at *1 (N.D. Cal. Mar. 9, 2022) ("Evidentiary motions such as motions in limine and Daubert motions can be strongly correlative to the merits of a case."); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012584, at *1 (N.D. Cal. July 18, 2019) (applying the compelling reasons standard to motions to seal related to motions in limine); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6575544, at *2 (N.D. Cal. Dec. 12, 2018) (same).

### A. Defendant AviaGames Inc.'s Administrative Motion to Seal Relating to Its Motions in Limine (ECF No. 351)

AviaGames argues that the information it seeks to seal "describes and/or quotes from the Highly Confidential documents produced by AviaGames, including source code printouts, that contain aspects of AviaGames' business practices and strategy, its products, and source code

2

1   algorithms." ECF No. 351 ¶ 3. Skillz did not file an opposition to the motion.

2   Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179.
3   "Confidential source code clearly meets the definition of a trade secret," and it thus meets the
4   compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-
5   LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). And the "compelling reasons"
6   standard is met for confidential business information that would harm a party's competitive
7   standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at
8   *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and
9   proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade
10  Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3,
11  2019) (finding compelling reasons for "information that, if published, may harm [a party's] or
12  third parties' competitive standing and divulges terms of confidential contracts, contract
13  negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)
14  (finding sealable "business information that might harm a litigant's competitive standing").

15  Although the Court finds compelling reasons to seal some of the information in
16  AviaGames' motions in limine and its exhibits, the Court finds that there are not compelling
17  reasons to seal entire exhibits. In fact, such broad sealing requests are not "narrowly tailored to
18  seal only the sealable material." Civ. L.R. 79-5(c)(3). For example, AviaGames seeks to seal the
19  entirety of four expert reports including the experts' qualifications, for which there are no
20  compelling reasons to seal.

21  The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 351-1 | AviaGames' Motion in Limine 1 | Page 1:8–10 | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 351-2 | AviaGames' Motion in Limine 2 | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive |

3

| | | | harm. |
|---|---|---|---|
| 351-3 | Ex. 1: Dr. Zagal's Supplemental Expert Report dated October 13, 2023 | Entire Document | DENIED as not narrowly tailored. |
| 351-4 | Ex. 2: Mr. Bergman's Supplemental Expert Report dated October 13, 2023 | Entire Document | DENIED as not narrowly tailored. |
| 351-5 | Ex. 8: Ex. B to Skillz's August 27, 2021 Infringement Contentions | Entire Document | DENIED as not narrowly tailored. |
| 351-6 | Ex. 9: Ex. B to Skillz's December 17, 2021 Amended Infringement Contentions | Entire Document | DENIED as not narrowly tailored. |
| 351-7 | Ex. 10: Dr. Zagal's Expert Report dated May 26, 2023 | Entire Document | DENIED as not narrowly tailored. |
| 351-8 | Ex. 11: Dr. Zagal's Supplemental Report dated June 19, 2023 | Entire Document | DENIED as not narrowly tailored. |

The above denials are WITHOUT PREJUDICE to AviaGames filing a renewed motion that seeks to seal specified redacted portions of these exhibits. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**B.   Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed Relating to Its Motions in Limine (ECF No. 352)**

AviaGames filed an administrative motion to consider whether another party's material should be sealed in connection with its motions in limine. ECF No. 352. AviaGames identified highlighted portions of its motions in limine and attached exhibits as containing information that Skillz has designated as highly confidential. *Id.* at 1.

Skillz filed a statement in support of the motion. ECF No. 403. No party has filed an opposition to the statement. Skillz states that the highlighted portions of ECF Nos. 352-1 and 352-3 and the entirety of ECF Nos. 352-6, 352-7, 352-8, 352-9, 352-12, and 352-14 "contain descriptions of Skillz's proprietary technology, including explanations of Skillz's efforts to develop its own products." *Id.* at 1. This information includes confidential business information

4

1  about the development and operation of Skillz's products, the release of which would cause Skillz
2  to suffer competitive harm. *Id.* Because Skillz does not seek to seal ECF Nos. 352-2, 352-4, 352-
3  5, 352-10, 352-11, and 352-13, the Court will DENY AviaGames' motion with respect to those
4  documents.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

Although the Court finds compelling reasons to seal some of the information that Skillz identifies in AviaGames' motions in limine and the attached exhibits, the Court does not find compelling reasons to seal certain exhibits in their entirety. Such broad sealing requests are not "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). For example, Skillz seeks to seal the entirety of two of Dr. Zagal's expert reports, including his qualifications, for which there are no compelling reasons to seal.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 352-1 | AviaGames' Motion in Limine 1 | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 352-2 | AviaGames' Motion in Limine 2 | Highlighted Portions | DENIED because Skillz's statement did not request sealing. |
| 352-3 | AviaGames' Motion in Limine 4 | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 352-4 | Ex. 1: Dr. Zagal's Supplemental Expert Report dated October 13, 2023 | Entire Document | DENIED because Skillz's statement did not request sealing. |
| 352-5 | Ex. 2: Mr. Bergman's Supplemental Expert | Entire Document | DENIED because Skillz's statement did not request sealing. |

5

| | | | |
|---|---|---|---|
| | Report dated October 13, 2023 | | |
| 352-6 | Ex. 4: SKLZPAT00057289 | Entire Document | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 352-7 | Ex. 5: SKLZPAT00466825 | Entire Document | DENIED as not narrowly tailored. |
| 352-8 | Ex. 6: SKLZPAT00212701 | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 352-9 | Ex. 7: SKLZPAT00016164 | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 352-10 | Ex. 8: Ex. B to Skillz's August 27, 2021 Infringement Contentions | Entire Document | DENIED because Skillz's statement did not request sealing. |
| 352-11 | Ex. 9: Ex. B to Skillz's December 17, 2021 Amended Infringement Contentions | Entire Document | DENIED because Skillz's statement did not request sealing. |
| 352-12 | Ex. 10: Dr. Zagal's Expert Report dated May 26, 2023 | Entire Document | DENIED as not narrowly tailored. |
| 352-13 | Ex. 11: Dr. Zagal's Supplemental Report dated June 19, 2023 | Entire Document | DENIED because Skillz's statement did not request sealing. |
| 352-14 | Ex. 12: Dr. Zagal's deposition transcript | Entire Document | DENIED as not narrowly tailored. |

The above denials are WITHOUT PREJUDICE to Skillz filing a renewed statement that seeks to seal specified redacted portions of these exhibits. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**C. Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed Relating to Its Motions in Limine #2 and #4 (ECF No. 381)**

AviaGames filed an administrative motion to consider whether another party's material should be sealed in connection with motions in limine #2 and #4. ECF No. 381. AviaGames

6

identified highlighted portions of its motions in limine and attached exhibits as containing information that Skillz has designated as highly confidential. *Id.* at 1.

Skillz filed a statement in support of the motion. ECF No. 428. No party has filed an opposition to the statement. Skillz states that the highlighted portions of ECF Nos. 381-1 and 381-2 and the entirety of ECF Nos. 381-3, 381-4, 381-5, 381-6, 381-7, 381-8, 381-9, 381-10, 381-11, 381-12 "contain descriptions of Skillz's proprietary technology, including explanations of Skillz's efforts to develop its own products." *Id.* at 1. This information includes confidential business information about the development and operation of Skillz's products, the release of which would cause Skillz to suffer competitive harm. *Id.*

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

As above, the Court finds compelling reasons to seal some of the information that Skillz identifies in AviaGames' motions in limine #2 and #4 and the attached exhibits, but the Court does not find compelling reasons to seal certain exhibits in their entirety. Such broad sealing requests are not "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). For example, Skillz seeks to seal the entirety of two of Dr. Bergman's expert reports, including his qualifications, for which there are no compelling reasons to seal.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 381-1 | AviaGames' Motion in Limine 2 | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 381-2 | AviaGames' Motion in Limine 4 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 381-3 | Ex. 13: Opening Report | Entire Document | DENIED as not narrowly |

7

| | | | |
|---|---|---|---|
| | of Jim W. Bergman | | tailored. |
| 381-4 | Exhibit 14: SKLZPAT0005708 | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 381-5 | Exhibit 15: Second Supplemental Expert Report of Jim Bergman served October 13, 2023 | Entire Document | DENIED as not narrowly tailored. |
| 381-6 | Exhibit 16: SKILPAT00000798 | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 381-7 | Exhibit 19: June 6, 2023 deposition transcript of Casey Chafkin | Entire Document | DENIED as not narrowly tailored. |
| 381-8 | Exhibit 20: Jim Bergman Deposition Transcript (excerpted) | Entire Document | DENIED as not narrowly tailored. |
| 381-9 | Exhibit 21: Andrew Paradise Deposition Transcript | Entire Document | DENIED as not narrowly tailored. |
| 381-10 | Exhibit 22: Opening Expert Report of Jose P. Zagal Regarding Infringement | Entire Document | DENIED as not narrowly tailored. |
| 381-11 | Exhibit 23: May 12, 2023 deposition transcript of Casey Chafkin | Entire Document | DENIED as not narrowly tailored. |
| 381-12 | Exhibit 24: Jose Zagal Deposition Transcript (excerpted) | Entire Document | DENIED as not narrowly tailored. |

The above denials are WITHOUT PREJUDICE to Skillz filing a renewed statement that seeks to seal specified redacted portions of these exhibits. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**D.  Defendant AviaGames Inc.'s Administrative Motion to Seal Relating to Its Motions in Limine #2 and #4 (ECF No. 382)**

AviaGames argues that the information it seeks to seal "describes and/or quotes from the Highly Confidential documents produced by AviaGames, including source code printouts, that

8

1  contain aspects of AviaGames' business practices and strategy, its products, and source code
2  algorithms." ECF No. 382 ¶ 3. Skillz did not file an opposition to the motion.

3  As noted above, compelling reasons exist to seal trade secrets, which includes confidential
4  source code and confidential business information that, if published, may harm a party's
5  competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at
6  *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

7  As above, the Court finds compelling reasons to seal some of the information in
8  AviaGames' motions in limine #2 and #4 and the attached exhibits, but the Court finds that there
9  are not compelling reasons to seal entire exhibits. In fact, such broad sealing requests are not
10 "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). For example,
11 AviaGames seeks to seal the entirety of three expert reports including the experts' qualifications,
12 for which there are no compelling reasons to seal.

13 The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 382-2 | AviaGames' Motion in Limine No. 2 to Exclude New "Bot" Arguments | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 382-3 | AviaGames' Motion in Limine No. 4 to Exclude Certain Opinions of Jim. W. Bergman and Jose P. Zagal | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 382-4 | Ex. 13: Opening Report of Jim W. Bergman | Entire Document | DENIED as not narrowly tailored. |
| 382-5 | Exhibit 15: Second Supplemental Expert Report of Jim Bergman served October 13, 2023 | Entire Document | DENIED as not narrowly tailored. |
| 382-6 | Exhibit 20: Jim Bergman Deposition Transcript (excerpted) | Entire Document | DENIED as not narrowly tailored. |
| 382-7 | Exhibit 22: Opening Expert Report of Jose | Entire Document | DENIED as not narrowly tailored. |

| | P. Zagal Regarding Infringement | | |
|---|---|---|---|

The above denials are WITHOUT PREJUDICE to AviaGames filing a renewed motion that seeks to seal specified redacted portions of these exhibits. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant AviaGames Inc.'s Administrative Motion to Seal Relating to Its Motions in Limine (ECF No. 351) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. AviaGames may file a renewed motion with more narrow redactions within 7 days of the date of this Order.

2. Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed Relating to Its Motions in Limine (ECF No. 352) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. Skillz may file a renewed statement in support of sealing with more narrow redactions of the documents for which the Court denied sealing as not narrowly tailored within 7 days of the date of this Order.

3. Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed Relating to Its Motions in Limine #2 and #4 (ECF No. 381) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. Skillz may file a renewed statement in support of sealing with more narrow redactions within 7 days of the date of this Order.

4. Defendant AviaGames Inc.'s Administrative Motion to Seal Relating to Its Motions in Limine #2 and #4 (ECF No. 382) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. AviaGames may file a renewed motion with more narrow redactions within 7 days of the date of this Order.

Dated:  November 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge