UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVIAGAMES INC.,<br><br>Defendant. | Case No. 21-cv-02436-BLF<br><br>**ORDER ON SEALING MOTIONS RE: SKILLZ PLATFORM MOTIONS IN LIMINE**<br><br>[Re: ECF No. 355, 367, 369, 371] |

Before the Court are Plaintiff Skillz Platform Inc.'s sealing motions relating to its motions in limine. ECF Nos. 355, 367, 369, 371. The Court has considered the motions, and its rulings are laid out below.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because motions in limine seek to exclude evidence from the trial, the Court finds that they are more than tangentially related to the merits of the case and applies the compelling reasons standard. *See MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL 1144634, at *1 (N.D. Cal. Mar. 9, 2022) ("Evidentiary motions such as motions in limine and Daubert motions can be strongly correlative to the merits of a case."); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012584, at *1 (N.D. Cal. July 18, 2019) (applying the compelling reasons standard to motions to seal related to motions in limine); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6575544, at *2 (N.D. Cal. Dec. 12, 2018) (same).

### A.  Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Motion in Limine #1 (ECF No. 355)

Skillz filed an administrative motion to consider whether another party's material should be sealed in connection with its motion in limine #1. ECF No. 355. Skillz identified exhibit 1 in support of its motion in limine as containing information that AviaGames has designated as highly

confidential. *Id.* at 1.

AviaGames filed a statement in support of the motion. ECF No. 403. No party has filed an opposition to the statement. AviaGames states that the exhibit contains "confidential business communications and descriptions of the operation of its source code that reveal sensitive details regarding the technical operation of AviaGames' products." *Id.* ¶ 4.

Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179. "Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). And the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

Although the Court finds compelling reasons to seal some of the information in the exhibit, the Court finds that AviaGames' request to seal the entire document is not "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). Much of the content of the exhibit discusses publicly available information, for which there are no compelling reasons to seal.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 355-2 | Exhibit 1 to the Declaration of Christopher Campbell in Support of Plaintiff Skillz Platform Inc.'s Motion in Limine No. 1 | Entire Document | DENIED as not narrowly tailored. |

3

| | to Exclude Evidence or Argument Relating to Unasserted or Invalidated Claims and Patents | | |
|---|---|---|---|

The above denial is WITHOUT PREJUDICE to AviaGames filing a renewed statement that seeks to seal specified redacted portions of these exhibits. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

### B. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Motion in Limine #2 (ECF No. 367)

Skillz filed an administrative motion to consider whether another party's material should be sealed in connection with its motion in limine #2. ECF No. 367. Skillz identified its motion in limine #2 and certain attached exhibits as containing information that AviaGames has designated as highly confidential. *Id.* at 1.

AviaGames filed a statement in support of the motion. ECF No. 393. No party has filed an opposition to the statement. AviaGames requests that Skillz's motion in limine #2 and exhibit 1 remain under seal because they discuss AviaGames' confidential business information, including AviaGames's business plan, structure and strategy. *Id.* ¶¶ 1–2. AviaGames requests that exhibits, 2, 6, and 7 and the proposed order should remain under seal because they contain confidential business information relating to the backend operation of AviaGames' servers and source code. *Id.* ¶¶ 3–6. The Court observes that Skillz's motion and AviaGames' statement fail to discuss exhibit 5, which Skillz also filed under seal. Because the Court believes this is an oversight on the part of the parties, the Court DENIES sealing with respect to exhibit 5 without prejudice to AviaGames filing a statement in support of sealing it.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

Although the Court finds compelling reasons to seal some of the information that AviaGames identifies in Skillz's motion in limine #2 and the attached exhibits, the Court does not

4

find compelling reasons to seal certain exhibits in their entirety. Such broad sealing requests are not "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). For example, AviaGames seeks to seal the entirety Dr. Bergman's supplemental expert report, including his qualifications, and the entirety of the proposed order, including the caption.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 367-2 | Plaintiff Skillz Platform Inc.'s Motion in Limine No. 2 to Exclude Reasonable Royalty Opinion of Brian Napper | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 367-3 | Exhibit 1 to the Declaration of Christopher Campbell in Support of Plaintiff Skillz Platform Inc.'s Motion in Limine No. 2 to Exclude Reasonable Royalty Opinion of Brian W. Napper | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 367-4 | Exhibit 2 to the Declaration of Christopher Campbell in Support of Plaintiff Skillz Platform Inc.'s Motion in Limine No. 2 to Exclude Reasonable Royalty Opinion of Brian W. Napper | Entire Document | DENIED as not narrowly tailored. |
| 367-5 | Exhibit 5 to the Declaration of Christopher Campbell in Support of Plaintiff Skillz Platform Inc.'s Motion in Limine No. 2 to Exclude Reasonable Royalty Opinion of Brian W. Napper | Entire Document | DENIED because neither party supported sealing. |
| 367-6 | Exhibit 6 to the Declaration of Christopher Campbell in Support of Plaintiff Skillz Platform Inc.'s | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

| | | | |
|---|---|---|---|
| | Motion in Limine No. 2 to Exclude Reasonable Royalty Opinion of Brian W. Napper | | |
| 367-7 | Exhibit 7 to the Declaration of Christopher Campbell in Support of Plaintiff Skillz Platform Inc.'s Motion in Limine No. 2 to Exclude Reasonable Royalty Opinion of Brian W. Napper | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 367-8 | [PROPOSED] Order Granting Skillz's Motion in Limine No. 2 | Entire Document | DENIED as not narrowly tailored. |

The above denials are WITHOUT PREJUDICE to AviaGames filing a renewed statement that seeks to seal specified redacted portions of these exhibits. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

### C. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Motion in Limine #3 (ECF No. 369)

Skillz filed an administrative motion to consider whether another party's material should be sealed in connection with its motion in limine #3. ECF No. 369. Skillz identified its motion in limine #3 and certain attached exhibits as containing information that AviaGames has designated as highly confidential. *Id.* at 1.

AviaGames filed a statement in support of the motion. ECF No. 394. No party has filed an opposition to the statement. AviaGames requests that the highlighted portions of Skillz's motion in limine #3 and the entirety of exhibits A, B, and C should remain under seal because they discuss or include confidential business information relating to the backend operation of AviaGames' servers and source code. *Id.* ¶¶ 1–4.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

1    Although the Court finds compelling reasons to seal some of the information that
2    AviaGames identifies in Skillz's motion in limine #3 and the attached exhibits, the Court does not
3    find compelling reasons to seal the exhibits in their entirety. Such broad sealing requests are not
4    "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). For example,
5    AviaGames seeks to seal the entirety Mr. Napper's expert report, including his qualifications.
6    Similarly, AviaGames puzzlingly seeks to seal the entirety of its opposition to Skillz's motion for
7    leave to file a third amended complaint in the copyright case, a document that AviaGames filed on
8    the public docket in the copyright case with redactions, rather than sealing it in its entirety.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 369-2 | Plaintiff's Notice of Motion and Motion in Limine No. 3 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 369-3 | Exhibit A to the Declaration of Christopher Campbell in Support of Plaintiff's Motion in Limine 3 | Entire Document | DENIED as not narrowly tailored. |
| 369-4 | Exhibit B to the Declaration of Christopher Campbell in Support of Plaintiff's Motion in Limine 3 | Entire Document | DENIED as not narrowly tailored. |
| 369-5 | Exhibit C to the Declaration of Christopher Campbell in Support of Plaintiff's Motion in Limine 3 | Entire Document | DENIED as not narrowly tailored. |

The above denials are WITHOUT PREJUDICE to AviaGames filing a renewed statement that seeks to seal specified redacted portions of these exhibits. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**D.     Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Motion in Limine #4 (ECF No. 371)**

Skillz filed an administrative motion to consider whether another party's material should

7

1  be sealed in connection with its motion in limine #4.  ECF No. 371.  Skillz identified its motion in

2  limine #4 as containing information that AviaGames has designated as highly confidential.  *Id.* at

3  1.

4        AviaGames filed a statement in support of the motion.  ECF No. 395.  No party has filed

5  an opposition to the statement.  AviaGames argues that the highlighted portions of Skillz's motion

6  in limine #4 discuss AviaGames' confidential business information.  *Id.* ¶ 1.

7        As noted above, compelling reasons exist to seal trade secrets, which includes confidential

8  source code and confidential business information that, if published, may harm a party's

9  competitive standing.  *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at

10  *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

11        The Court finds compelling reasons to seal in the information identified in the highlighted

12  portions of Skillz's motion in limine #4 and finds that AviaGames' request to seal is "narrowly

13  tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).

14        The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 371-2 | Plaintiff's Notice of Motion and Motion in Limine to Exclude Evidence Regarding Employee Wealth and Compensation and Skillz's Financial Condition | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

**III.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Motion in Limine #1 (ECF No. 355) is DENIED WITHOUT PREJUDICE.  AviaGames may file a renewed statement in support of sealing with more narrow redactions within 7 days of the date of this Order.

2.  Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Motion in Limine #2 (ECF No. 367) is

8

1  GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.  AviaGames may file a
2  renewed statement in support of sealing with more narrow redactions within 7 days of the date of
3  this Order.
4      3.    Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether
5  Another Party's Material Should Be Sealed Relating to Its Motion in Limine #3 (ECF No. 369) is
6  GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.  AviaGames may file a
7  renewed statement in support of sealing with more narrow redactions within 7 days of the date of
8  this Order.
9      4.    Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether
10  Another Party's Material Should Be Sealed Relating to Its Motion in Limine #4 (ECF No. 371) is
11  GRANTED.

Dated:  November 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge