# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVIAGAMES INC.,<br><br>Defendant. | Case No. 21-cv-02436-BLF<br><br>**ORDER GRANTING SEALING MOTIONS IN CONNECTION WITH LEAVE TO AMEND BRIEFING**<br><br>[Re: ECF No. 385, 457] |

Before the Court are the parties' sealing motions in connection with their briefing on Plaintiff Skillz Platform Inc.'s motion for leave to file a second amended complaint. ECF Nos. 385, 457. The Court has considered the motions, and its rulings are laid out below.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

### A. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Motion for Leave to File a Second Amended Complaint (ECF No. 385)

Because Skillz's motion identifies, and AviaGames seeks to seal, the clean and redlined versions of Skillz's second amended complaint, the Court will apply the "compelling reasons" standard. *See Pardi v. Tricida, Inc.*, No. 21-CV-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) (applying the "compelling reasons" standard when considering whether to seal a complaint and collecting cases).

Skillz filed an administrative motion to consider whether another party's material should be sealed in connection with its motion for leave to file a second amended complaint. ECF No. 385. Skillz identified highlighted portions of the clean and redlined versions of its second amended complaint as containing information that AviaGames has designated as highly confidential. *Id.* at 1.

AviaGames filed a statement in support of the motion. ECF No. 418. No party has filed an opposition to the statement. AviaGames requests that the clean and redlined versions of

2

Skillz's second amended complaint should remain under seal because they contain "confidential business communications and other confidential information relating to the backend operation of AviaGames' servers and source code." *Id.* ¶ 1.

Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179. "Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). And the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court finds compelling reasons to seal in the information identified in the highlighted portions of Skillz's second amended complaint and finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 385-3 | Skillz's Second Amended Complaint for Patent Infringement (Clean) | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 385-4 | Skillz's Second Amended Complaint for Patent Infringement (Redlined | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

3

B.  **Defendant AviaGames Inc.'s Administrative Motion to Seal Relating to Its Opposition to Skillz's Motion for Leave to File a Second Amended Complaint (ECF No. 457)**

Because AvaiGames seeks to seal portions of its opposition to Skillz's motion for leave to file a second amended complaint, the Court will apply the good cause standard. *See In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2019 WL 2359206, at *4 (N.D. Cal. June 4, 2019) (applying the "good cause" standard to records attached to an opposition to a motion for leave to amend invalidity contentions); *see also Dunbar v. Google, Inc.*, No. 5:12-CV-003305-LHK, 2012 WL 6202719, at *2 (N.D. Cal. Dec. 12, 2012) (applying the "good cause" standard to a motion for leave to amend a complaint).

AviaGames argues that there is good cause to seal the highlighted portions of its opposition to Skillz's motion for leave to file a second amended complaint because the opposition discusses confidential business information that "would also cause AviaGames harm in the marketplace because it reveals unsubstantiated allegations into AviaGames' technology and business practices, as well as its source code, which, if made public, would harm AviaGames' reputation and competitive standing." ECF No. ¶ 4. No party has filed an opposition to AviaGames' motion.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569. Such information thus also satisfies the lower "good cause" standard.

The Court finds good cause to seal the highlighted portions of AviaGames' opposition to Skillz's motion for leave to file a second amended complaint finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 457-2 | Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive |

4

|  |  |  | harm. |
|---|---|---|---|

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Motion for Leave to File a Second Amended Complaint (ECF No. 385) is GRANTED.

2. Defendant AviaGames Inc.'s Administrative Motion to Seal Relating to Its Opposition to Skillz's Motion for Leave to File a Second Amended Complaint (ECF No. 457) is GRANTED.

Dated: November 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge