UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br><br>Plaintiff, <br><br>v. <br><br>AVIAGAMES INC., <br><br>Defendant. | Case No.  21-cv-02436-BLF <br><br>**ORDER ON SEALING MOTIONS RE: SKILLZ PLATFORM OPPOSITIONS TO AVIAGAMES' MOTIONS IN LIMINE** <br><br>[Re:  ECF No. 405, 409, 414, 423, 426] |

Before the Court are Plaintiff Skillz Platform Inc.'s sealing motions relating to its oppositions to Defendant AviaGames' motions in limine.  ECF Nos. 405, 409, 414, 423, 426.  The Court has considered the motions, and its rulings are laid out below.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because motions in limine seek to exclude evidence from the trial, the Court finds that they are more than tangentially related to the merits of the case and applies the compelling reasons standard. *See MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL 1144634, at *1 (N.D. Cal. Mar. 9, 2022) ("Evidentiary motions such as motions in limine and Daubert motions can be strongly correlative to the merits of a case."); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012584, at *1 (N.D. Cal. July 18, 2019) (applying the compelling reasons standard to motions to seal related to motions in limine); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6575544, at *2 (N.D. Cal. Dec. 12, 2018) (same).

### A. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames' Motion in Limine #1 (ECF No. 405)

Skillz filed an administrative motion to consider whether another party's material should be sealed in connection with its opposition to AviaGames' motion in limine #1. ECF No. 405. Skillz identified its opposition and exhibit A as containing information that AviaGames has

2

designated as highly confidential. *Id.* at 1. As of the date of this Order, AviaGames has not filed a statement and/or declaration in support of this motion under Civ. L.R. 79-5(f)(3). *See, e.g.*, *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2022 WL 1131725, at *2 (N.D. Cal. Mar. 31, 2022) (denying motions to seal because the designating party failed to comply with Civ. L.R. 79-5(f)(3)).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 405-1 | Skillz's Opposition to Avia's Motion in Limine No. 1 | Highlighted Portions | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 405-2 | Ex. A to Skillz's Opposition to Avia's Motion in Limine No. 1 (Transcript of May 17, 2023 Deposition of Jamie Leung (excerpted)) | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

The above denials are WITHOUT PREJUDICE to AviaGames filing a statement and/or declaration in support of sealing these documents. The Court notes that requests to seal must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**B.  Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames' Motion in Limine #3 (ECF No. 409)**

Skillz filed an administrative motion to consider whether another party's material should be sealed in connection with its opposition to AviaGames' motion in limine #3. ECF No. 409. Skillz identified its opposition and certain attached exhibits as containing information that AviaGames has designated as highly confidential. *Id.* at 1. As of the date of this Order, AviaGames has not filed a statement and/or declaration in support of this motion under Civ. L.R. 79-5(f)(3). *See, e.g.*, *Plexxikon*, 2022 WL 1131725, at *2 (denying motions to seal because the designating party failed to comply with Civ. L.R. 79-5(f)(3)).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 409-2 | Skillz's Opposition to | Highlighted | DENIED, as failing to comply |

3

| | | | |
|---|---|---|---|
| | Avia's Motion in Limine No. 3 | Portions | with Civ. L.R. 79-5(f)(3). |
| 409-3 | Ex. A to Skillz's Opposition to Avia's Motion in Limine No. 3 (Dr. Jose Zagal Supplemental Expert Report (excerpted)) | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 409-4 | Ex. B to Skillz's Opposition to Avia's Motion in Limine No. 3 (certified translation of document produced with Bates stamp AVIA_0092070) | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 409-5 | Ex. C to Skillz's Opposition to Avia's Motion in Limine No. 3 (certified translation of document produced with Bates stamp AVIA_0111347) | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

The above denials are WITHOUT PREJUDICE to AviaGames filing a statement and/or declaration in support of sealing these documents. The Court notes that requests to seal must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**C.  Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames' Motion in Limine #5 (ECF No. 414)**

Skillz filed an administrative motion to consider whether another party's material should be sealed in connection with its opposition to AviaGames' motion in limine #5. ECF No. 414. Skillz identified its opposition and exhibit A as containing information that AviaGames has designated as highly confidential. *Id.* at 1.

AviaGames filed a statement in support of the motion. ECF No. 444. No party has filed an opposition to the statement. AviaGames requests that the highlighted portions of Skillz's opposition to AviaGames' motion in limine #5 and the entirety of exhibit A should remain under seal because they discuss or include confidential business communications that discuss AviaGames' source code and the operation of AviaGames' products. *Id.* ¶¶1, 4.

Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179.

4

"Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). And the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court finds compelling reasons to seal in the information identified in the highlighted portions of Skillz's opposition to AviaGames' motion in limine #5 and exhibit A and finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
| --- | --- | --- | --- |
| 414-2 | Skillz's Opposition to Avia's Motion in Limine No. 5 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 414-3 | Ex. A to Skillz's Opposition to Avia's Motion in Limine No. 5 (Transcript of Oct. 20, 2023 Deposition of Vickie Chen (excerpted)) | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

D. **Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames Motion in Limine #2 (ECF No. 423)**

Skillz filed an administrative motion to consider whether another party's material should

be sealed in connection with its opposition to AviaGames' motion in limine #2. ECF No. 423. Skillz identified its opposition and exhibit 1 as containing information that AviaGames has designated as highly confidential. *Id.* at 1.

AviaGames filed a statement in support of the motion. ECF No. 456. No party has filed an opposition to the statement. AviaGames requests that the highlighted portions of Skillz's opposition to AviaGames' motion in limine #2 and the entirety of exhibit 1 should remain under seal because they discuss or include business communications regarding AviaGames' response to user complaints, the operation of its source code, and confidential licensing information. *Id.* ¶ 5.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

Although the Court finds compelling reasons to seal some of the information in exhibit A, the Court finds that AviaGames' request to seal the entire document is not "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). For example, AviaGames seeks to seal portions of Dr. Welch's report that simply summarize his qualifications and the '564 Patent, for which the Court does not find compelling reasons to seal.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 423-3 | Plaintiff Skillz Platform, Inc.'s Opposition To Defendant's Motion In Limine No. 2 To Exclude New "Bot" Arguments (Dkt. No. 383) | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 423-4 | Exhibit 1: AviaGames' Supplemental Report of Dr. Welch | Entire Document | DENIED as not narrowly tailored. |

The above denial is WITHOUT PREJUDICE to AviaGames filing a renewed statement that seeks to seal specified redacted portions of the exhibit. The Court notes that redactions must be

6

"narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

### E. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames Motion in Limine #4 (ECF No. 426)

Skillz filed an administrative motion to consider whether another party's material should be sealed in connection with its opposition to AviaGames' motion in limine #4. ECF No. 426. Skillz identified its opposition as containing information that AviaGames has designated as highly confidential. *Id.* at 1.

AviaGames filed a statement in support of the motion. ECF No. 455. No party has filed an opposition to the statement. AviaGames requests that the highlighted portions of Skillz's opposition to AviaGames' motion in limine #4 should remain under seal because they discuss or include business communications regarding AviaGames' response to user complaints, the operation of its source code, and confidential licensing and financial information. *Id.* ¶ 4.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

The Court finds compelling reasons to seal in the information identified in the highlighted portions of Skillz's opposition to AviaGames' motion in limine #4 and finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 426-2 | Plaintiff Skillz Platform Inc.'s Opposition To Defendant AviaGames Inc.'s Motion In Limine No. 4 To Exclude Certain Opinions Of Jim W. Bergman (Dkt. Nos. 382, 383) | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

7

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames' Motion in Limine #1 (ECF No. 405) is DENIED WITHOUT PREJUDICE. AviaGames may file a statement in support of sealing within 7 days of the date of this Order.

2. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames' Motion in Limine #3 (ECF No. 409) is DENIED WITHOUT PREJUDICE. AviaGames may file a statement in support of sealing within 7 days of the date of this Order.

3. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames' Motion in Limine #5 (ECF No. 414) is GRANTED.

4. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames Motion in Limine #2 (ECF No. 423) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. AviaGames may file a renewed statement in support of sealing with more narrow redactions within 7 days of the date of this Order.

5. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames Motion in Limine #4 (ECF No. 426) is GRANTED.

Dated: November 16, 2023

_____
BETH LABSON FREEMAN
United States District Judge