UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>AVIAGAMES INC.,<br><br>        Defendant. | Case No. 21-cv-02436-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF No. 449] |

Before the Court is Defendant AviaGames Inc.'s motion for relief from a nondispositve pretrial order of a magistrate judge. ECF No. 449 ("Mot."). AviaGames argues that Magistrate Judge van Keulen's October 31, 2023 order following *in camera* review of AviaGames documents (ECF No. 435) ("Order") erroneously ordered that AviaGames produce 88 documents as subject to the crime-fraud exception to attorney-client privilege. Mot. at 1. Plaintiff Skillz Platform Inc. opposes the motion. ECF No. 463 ("Opp."). The Court held a hearing on November 6, 2023.

After reviewing the parties briefing, the magistrate judge's orders, the hearing transcript, and the documents *in camera* the Court GRANTS IN PART and DENIES IN PART AviaGames' motion.

I. **BACKGROUND**

On August 23, 2023, the Court ordered that discovery be reopened for the purpose of investigating AviaGames' use of "bots"—that is, non-human, non-real-time players. ECF No. 224. In the course of conducting discovery, AviaGames withheld over 1000 documents that were otherwise responsive to Skillz's discovery requests, claiming that they were covered by the attorney-client privilege. ECF No. 300-3. AviaGames also produced privilege logs identifying

the documents. *See* ECF Nos. 300-4, 300-5. Skillz then requested that the magistrate judge review *in camera* 231 documents that might fall under the crime-fraud exception to attorney-client privilege. ECF No. 300-3 at 1. The documents fell into two groups: (1) 207 communications related to Opinion Letters prepared by Blank Rome, which AviaGames used to access financial institutions; and (2) 24 documents in which AviaGames sought legal advance on how to respond to customer complaints. *Id.* The Opinion Letters are "'reasoned legal opinion[s]' as defined in 12 C.F.R. § 233.2(x) of the regulations adopted pursuant to the Unlawful Internet Gambling Enforcement Act, 31, U.S.C. §§ 5361–5367, addressing the legality of Aviagames Inc.'s Pocket7Games Platform . . . ." ECF No. 336-1 at 2.

The magistrate judge found an adequate basis to warrant *in camera* review and ordered that AviaGames produce the documents for review. ECF No. 325 (citing *United States v. Zolin*, 491 U.S. 554, 572 (1989)). The magistrate judge also requested, and Skillz produced, documents referenced in Skillz's joint submission regarding *in camera* review. ECF Nos. 331, 336, 337, 338. After reviewing the documents *in camera*, the magistrate judge set a hearing regarding the status of certain documents. In preparation for the hearing, the magistrate judge ordered AviaGames to be prepared to explain its basis for asserting privilege for 25 documents and why the crime-fraud exception should not apply to 87 documents. ECF No. 350. At the hearing, the magistrate judge announced the correct standard and gave AviaGames the unlimited opportunity to address, outside of the presence of Skillz's counsel, why each of the 87 documents that she had identified as implicating the crime-fraud exception was not in furtherance of the alleged fraud. *See* ECF No. 429 at 10–29. The magistrate judge then heard argument from both parties about Skillz's allegations and evidence regarding crime-fraud. ECF No. 429 at 30–87. After the hearing, the magistrate judge accepted supplemental briefing on whether a third party's presence abrogates the attorney-client privilege and the basis for asserting privilege for certain documents. ECF Nos. 411, 412.

After the original privilege log entries were narrowed from over 1000 to 231 by Skillz, the Order narrowed the list even further to 89 documents. Order at 17–20. Of these documents, 2 were ordered produced as not subject to the attorney client-privilege. *Id.* at 9–10. The remaining

87 documents and 1 of the 2 not subject to attorney-client privilege were ordered produced as subject to the crime-fraud exception. *Id.* at 10 n.4, 10–15.

AviaGames timely filed this Rule 72 motion, arguing that the Order should be set aside with respect to its conclusion that 88 documents fall within the crime-fraud exception. Mot. at 1.

## II. LEGAL STANDARD

Nondispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy." *Id.* In this district, the objection must be made as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge." Civ. L.R. 72-2(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Under the clear error standard, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (discussing clear error review generally) (internal quotation marks and citation omitted); *see also Thunderbird Hotels, LLC v. City of Portland*, 670 F.Supp.2d 1164, 1167 (D. Or. 2009), *aff'd*, 404 F.App'x 249 (9th Cir. 2010) (applying *Easley* when setting forth the standard of review for a magistrate judge's nondispositive order under Rule 72(a)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Perez v. City of Fresno*, 519 F.Supp.3d 718, 722 (E.D. Cal. 2021) (internal quotation marks and citation omitted).

When applying these principles, the district court "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th

Cir. 1991).

## III. DISCUSSION

Under the crime-fraud exception to attorney-client privilege, communications are not privileged when the client "consults an attorney for advice that will serve him in the commission of a fraud or crime." *In re Grand Jury Investigation*, 810 F.3d 1110, 1113 (9th Cir. 2016) (quotations omitted) (quoting *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated in part on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009)). The party invoking the crime-fraud exception must satisfy a two-part test:

> First, the party must show that "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme." Second, it must demonstrate that the attorney-client communications for which production is sought are "sufficiently related to" and were made "in furtherance of [the] intended, or present, continuing illegality."

*Id.* (alterations in original) (quoting *In re Napster*, 479 F.3d at 1090); *see also Eastman v. Thompson*, 636 F.Supp.3d 1078, 1089–92 (C.D. Cal. 2022) (applying the crime-fraud exception). The party invoking the crime-fraud exception must prove each step of the inquiry by a preponderance of the evidence. *In re Napster*, 479 F.3d at 1095. A preponderance of evidence requires that "the relevant facts must be shown to be more likely true than not." *United States v. Lawrence*, 189 F.3d 838, 844 (9th Cir. 1999).

### A. Prima Facie Case of Crime-Fraud

AviaGames argues that the Order is contrary to law for two reasons. First, AviaGames argues that the magistrate judge applied the incorrect standard in analyzing the crime-fraud exception because it cited *United States v. Christensen*, 828 F.3d 763 (9th Cir. 2015) and found that reliance and harm may be "reasonably inferred" from the facts. Mot. at 3. Second, AviaGames argues that the Order is contrary to law because it inferred AviaGames' intent to defraud rather than requiring proof of intent to defraud. *Id.* at 3–4. Skillz argues that the magistrate judge applied the correct legal standard in analyzing reliance, harm, and intent and her reliance on circumstantial evidence is not contrary to law. Opp. at 3–4.

Reviewing the Order *de novo*, the Court finds that the magistrate judge applied the correct

4

legal standard. The Order states the correct two-step test for the crime-fraud exception at the beginning of its discussion regarding the exception. Order at 10. It cites *In re Grand Jury Investigation*, 810 F.3d 1110 (9th Cir. 2016), and *Eastman v. Thompson*, 636 F.Supp.3d 1078 (C.D. Cal. 2022), the two cases on which AviaGames relies to state the correct legal standard. *Compare* Order at 10 *with* Mot. at 3.

To the extent that AviaGames argues that the Order's citation to *Christensen* indicates that the magistrate judge applied the legal standard for obtaining *in camera* review, AviaGames misreads the Order. *See* Mot. at 3. AviaGames is correct that the standard for *in camera* review requires only "a minimal showing that the crime-fraud exception could apply." *Christensen*, 828 F.3d at 800 (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)). This minimal standard permits some speculation. *Id.* However, there is no indication that the magistrate judge applied this lower standard. The Order cites *Christensen* after finding that certain elements of fraud are "reasonably inferred." Order at 13, 15. That elements of fraud may be "reasonably inferred" is not contrary to the preponderance of evidence standard or the crime-fraud exception. *See Cunningham v. Connecticut Mut. Life Ins.*, 845 F.Supp. 1403, 1412 (S.D. Cal. 1994) ("A *prima facie* showing of fraud consists of evidence from which reasonable inferences can be drawn to establish the fraud."). Because direct evidence of fraud is rare, the elements of fraud are often established by reasonable inferences from circumstantial evidence. *See* Cal. Civ. Jury Instructions § 202 ("As far as the law is concerned, it makes no difference whether evidence is direct or indirect."). Thus, the magistrate judge's determination that elements of fraud are reasonably inferred is not an invocation of the wrong standard. Further dispelling any doubt, the magistrate judge's analysis repeatedly states the correct preponderance of evidence standard. *See, e.g.*, Order at 13 ("Thus, the evidence demonstrates that it is *more likely than not* that the statements . . . are intentional, material misrepresentations." (emphasis added)); Order at 15 ("Skillz has shown that it is *more likely than not* that Avia consulted Blank Rome for advice that would serve Avia in the commission of a fraud . . . ." (emphasis added)).

Because the Court finds that the magistrate judge applied the correct legal standard, the Court reviews the magistrate judge's factual conclusions for clear error. In order to prove a prima

1  facie case of crime-fraud, Skillz must prove by a preponderance of evidence (1) misrepresentation
2  of a material fact, (2) knowledge of falsity, (3) intent to defraud, (4) reliance, and (5) damage. *See*
3  *Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 76 F.4th
4  962, 971 (9th Cir. 2023) (citing *Small v. Fritz Companies*, 30 Cal.4th 167 (2003)). AviaGames
5  argues that that the magistrate judge failed to point to any evidence to establish the reliance, harm,
6  and intent elements of fraud. Mot. at 3–4. As noted above, the magistrate judge found that
7  reliance and harm are reasonably inferred from the evidence in the record. Order at 13, 15. The
8  magistrate judge also found that AviaGames made "intentional, material misrepresentations" with
9  respect to the statements in the Opinion Letter and AviaGames' statements in response to user
10 complaints. *Id.*

11 The inferences drawn by the Order are supported by evidence in the record. For example,
12 at the hearing before the magistrate judge, AviaGames "conceded that when a user plays a video
13 of a previously played game, if the user loses, Avia[Games] keeps [the] winnings." Order at 12
14 (footnote omitted). It is reasonable to infer from this admission that AviaGames' statements to the
15 contrary—which were made to both Blank Rome, financial institutions, and users—were made
16 intentionally. Similarly, the record contains sufficient evidence to draw reasonable inferences of
17 reliance and harm. For example, the Opinion Letters validated the legality of AviaGames'
18 company to financial institutions such that they would do business with AviaGames. *See, e.g.*,
19 ECF No. 336-1 at 83 (noting that AviaGames "may elect to share this letter with [financial
20 institutions] in connection with their provision of payment processing services to the Company").
21 Financial institutions, in choosing to do business with AviaGames, would have relied on
22 AviaGames' representations about whether it kept money from cash games that were "guaranteed"
23 to be for users because such representations are relevant to the legality of the business. *See also*
24 *id.* at 1 ("In considering this issue, we have assumed certain facts to be true based upon your
25 representations to us."). Those institutions would also be harmed if doing business with
26 AviaGames would cause them to participate in conduct in violation of the law or company
27 policies. Similarly, users would have relied on AviaGames' representations about its games in
28 response to reviews and questions in choosing to download and/or play Pocket7Games. *See* ECF

1  No. 416-6 (collecting AviaGames' public responses to user reviews of Pocket7Games). It is also
2  reasonable to infer that users who relied on AviaGames' misrepresentations would be harmed by
3  losing money to bots in Pocket7Games. *See* ECF No. 338-8 (███████████████████████
4  ███████████████████████████████████). Although AviaGames reads
5  the evidence in the record differently, the Court is not to "substitute its judgment" for that of the
6  magistrate judge. *Grimes*, 951 F.2d at 241. Considering the record as a whole, the Court is not
7  left with a definite and firm conviction that a mistake has been committed. *See Easley*, 532 U.S. at
8  242. Thus, the Order's factual conclusions are not clearly erroneous.

9  Because the Order applied the correct legal standard and its factual conclusions are not
10 clearly erroneous, the Court DENIES AviaGames' motion with respect to its objections to step 1
11 of the analysis.

### B. Whether Communications Were Sufficiently Related to and in Furtherance of Crime-Fraud

AviaGames argues that the Order is contrary to law because the magistrate judge failed to explain how each communication actually furthered the alleged frauds. Mot. at 4. AviaGames further argues that the magistrate judge applied a lower standard than the "in furtherance" required under step 2 of the crime-fraud analysis. *Id.* at 4–5. Skillz argues that the magistrate judge was not required to spell out how each communication actually furthered the alleged fraud and that AviaGames' argument is merely a disagreement with the magistrate judge's factual conclusions. Opp. at 5.

As an initial matter, on *de novo* review of the Order, the Court concludes that the magistrate judge applied the correct legal standard. AviaGames has failed to point the Court to any authority supporting its argument that the magistrate judge was required to explain how each specific communication was in furtherance of the fraud. The cases that AviaGames cites in its motion require the court to review the documents *in camera* and decide whether each document falls under the crime-fraud exception, but they do not require written, document-by-document analysis. *See In re Grand Jury Investigation*, 810 F.3d at 1114 (holding that *in camera* review is required at step 2 of the crime-fraud analysis); *In re Richard Roe, Inc.*, 68 F.3d 38, 41 (2d Cir.

1995) (remanding to the district court "for an examination of each document under the proper standard"). Moreover, the magistrate judge's analysis is consistent with the requirements of *In re Grand Jury Investigation* and *In re Richard Roe*. The magistrate judge reviewed 231 documents *in camera* and identified a subset of 87 documents that implicated the crime-fraud exception. ECF No. 350. Next, she gave AviaGames an opportunity to discuss why those were not in furtherance of the alleged fraud. *See* ECF No. 429 at 10–29. Finally, the magistrate judge concluded that each of the 87 documents relate to and was in furtherance of the alleged fraud. Order at 14–15. Thus, the magistrate judge applied the correct legal standard.

To the extent that AviaGames argues that the magistrate judge's factual conclusions are erroneous,[1] the Court has reviewed each of the documents *in camera* and concludes that most but not all of the documents are in furtherance of fraud. As noted above, step 2 of the crime-fraud exception analysis requires the Court to determine that the communications for which production is sought are "sufficiently related to" and made "in furtherance of" the fraud. *See In re Grand Jury Investigation*, 810 F.3d at 1113; *Eastman* 636 F.Supp.3d at 1089–90.

### i. Emails related to and in furtherance of fraud in the Opinion Letter

The Court first concludes that a small subset of documents is not subject to the crime-fraud exception because the documents are not sufficiently related to or in furtherance of fraud. Privilege log numbers 401, 403, 404, 405, 406, 407, 408, 419, 420, 421, 422, 423, 424, 445, 457, 458, 459, 485, 487, 508, and 509 correspond to emails discussing Blank Rome's fee structure, confirming receipt of payment, or transmitting the engagement agreement between AviaGames and Blank Rome. Although the discussion of fees is predicate to the creation of the Opinion Letters, the Court does not find that such discussion is sufficiently related to or in furtherance of AviaGames' fraudulent misrepresentations to financial institutions. Accordingly, the crime-fraud exception does not apply to these twenty-one documents.

The Court finds that the remainder of the documents are subject to the crime-fraud

---

[1] AviaGames argues that whether the crime-fraud exception attaches to a particular document is essentially a legal question reviewed *de novo*. The Court need not decide whether a *de novo* or clear error standard applies because it reaches the same conclusion under either standard.

8

exception. Privilege log numbers 432, 435, 436, 437, 438, 439, 440, 442, 449, 450, 456, 482, 483, and 484 correspond to a series of emails which include emails in which Blank Rome summarizes the process of drafting the Opinion Letters. This process includes discussion of Blank Rome's reliance on AviaGames' representations to form the factual assumptions in the Opinion Letters. Because Blank Rome's reliance on AviaGames' written descriptions and representations are the reason AviaGames was able to include fraudulent statements in the Opinion Letters and convey those statements to financial institutions, the Court finds that these emails are sufficiently related to and in furtherance of the fraud against financial institutions. Accordingly, the crime-fraud exception applies to these fourteen documents.

Privilege log numbers 426, 430, 431, 446, 447, 448, and 558 correspond to emails discussing questions for counsel, discussing and requesting what information should be included in the Opinion Letters, and forwarding drafts of the Opinion Letters. In particular, these emails acknowledge that AviaGames will provide the details for Blank Rome's review and discuss and request the topics that should be included in the Opinion Letters, including topics such as "unfair competition" and "misleading advertising." The Court finds that these emails are sufficiently related to and in furtherance of the fraud because they establish the framework for the Opinion Letters and solicit and discuss topics relevant to the misrepresentation. Accordingly, the crime-fraud exception applies to these seven documents.

Privilege log numbers 433, 434, 443, 444, 460, 461, and 488 correspond to emails in which AviaGames transmits documents to Blank Rome to assist Blank Rome in preparing the Opinion Letters. These documents and AviaGames' representations to Blank Rome form the basis of the factual assumptions in the Opinion Letters. Those factual assumptions include the fraudulent representation that AviaGames does not keep money or prizes from its games. The Court finds that these emails are sufficiently related to and in furtherance of the fraud. Accordingly, the crime-fraud exception applies to these seven documents.

Privilege log numbers 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, and 477 correspond to emails in which AviaGames and its counsel discuss and clarify Section 4 of the Opinion Letters, including whether AviaGames keeps money or prizes associated

with any game. The Court finds that because Section 4 of the Opinion Letters is the fraudulent misrepresentation identified by Skillz that was conveyed to financial institutions, emails specifically discussing Section 4 are sufficiently related to and in furtherance of the fraud. Accordingly, the crime-fraud exception applies to these fifteen documents.

Privilege log numbers 486, 489, 490, 491, 493, and 500 correspond to emails in which Blank Rome requests and AviaGames provides further clarification on draft factual assumptions in the Opinion Letters, AviaGames confirms the accuracy of assumptions, and AviaGames discusses the legality of certain practices with counsel. Because these emails facilitated the factual assumptions in the Opinion Letters, the Court finds that they are sufficiently related to and in furtherance of the alleged fraud. Accordingly, the crime-fraud exception applies to these six documents.

Privilege log numbers 400, 510, 513, 514, 515, and 516 correspond to emails discussing the legal effect of the Opinion Letters including the necessity of the Opinion Letter in enlisting the help of financial institutions and the legal implications of the Opinion Letters in response to a hypothetical lawsuit. The Court finds that these emails are sufficiently related to and in furtherance of the alleged fraud because AviaGames' use of the Opinion Letters effectuated the alleged fraud. Accordingly, the crime-fraud exception applies to these six documents.

### ii. Emails related to and in furtherance of fraud in AviaGames statements to customers

Privilege log numbers 789, 790, 791, 792, 793, 794, 795, 796, 797, 798, 802, and 803 correspond to a series of emails between AviaGames and its counsel regarding how AviaGames should respond to a single customer that raised several questions related to the legality of AviaGames' product, including requests for the identities of players. The Court finds that these emails are sufficiently related to and in furtherance of AviaGames' intentional, material misstatements to users about bots because these emails request and receive the guidance of counsel on how to respond to inquiries that implicate AviaGames' use of bots and where AviaGames has concealed from counsel the use of bots. Accordingly, the crime-fraud exception applies to these twelve documents.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant AviaGames Inc.'s Motion for Relief from a Nondispositve Pretrial Order of a Magistrate Judge (ECF No. 449) is GRANTED IN PART and DENIED IN PART.

2. The Court previously agreed to stay production of documents under this Order for three court days. That stay will terminate on November 16, 2023. AviaGames SHALL produce the documents to Skillz in accordance with the Appendix of this Order no later than November 17, 2023 at 12:00 p.m.

3. If a document ordered produced references an attachment, that attachment must also be produced.

Dated: November 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge

**Appendix**

AviaGames SHALL produce the following documents because the Court finds that they are in furtherance of fraud against financial institutions:

- PrivLog_400[2]
- PrivLog_426
- PrivLog_430
- PrivLog_431
- PrivLog_432
- PrivLog_433
- PrivLog_434
- PrivLog_435
- PrivLog_436
- PrivLog_437
- PrivLog_438
- PrivLog_439
- PrivLog_440
- PrivLog_442
- PrivLog_443
- PrivLog_444
- PrivLog_446
- PrivLog_447
- PrivLog_448
- PrivLog_449
- PrivLog_450
- PrivLog_456
- PrivLog_460
- PrivLog_461
- PrivLog_463
- PrivLog_464
- PrivLog_465
- PrivLog_466
- PrivLog_467
- PrivLog_468
- PrivLog_469
- PrivLog_470[3]
- PrivLog_471
- PrivLog_472
- PrivLog_473
- PrivLog_474

---

[2] For PrivLog_400, AviaGames need only disclose the email from Jarrod Epps, dated January 11, 2017. AviaGames may redact the remainder of this exhibit before producing it.

[3] For PrivLog_470, PrivLog_471, PrivLog_472, and PrivLog_477, AviaGames must produce any discussion relevant to Section 4 of the Opinion Letter, but it may redact other portions of the emails.

12

- PrivLog_475
- PrivLog_476
- PrivLog_477
- PrivLog_482
- PrivLog_483
- PrivLog_484
- PrivLog_486
- PrivLog_488
- PrivLog_489
- PrivLog_490
- PrivLog_491
- PrivLog_493
- PrivLog_500
- PrivLog_510
- PrivLog_513
- PrivLog_514
- PrivLog_515
- PrivLog_516
- PrivLog_558

AviaGames SHALL produce the following documents because the Court finds that they are in furtherance of fraud against users:
- PrivLog_789
- PrivLog_790
- PrivLog_791
- PrivLog_792
- PrivLog_793
- PrivLog_794
- PrivLog_795
- PrivLog_796
- PrivLog_797
- PrivLog_798
- PrivLog_802
- PrivLog_803

The Court ORDERS that the following documents need not be produced because the Court finds that they are not subject to the crime-fraud exception:
- PrivLog_401
- PrivLog_403
- PrivLog_404
- PrivLog_405
- PrivLog_406
- PrivLog_407
- PrivLog_408
- PrivLog_419
- PrivLog_420

13

- PrivLog_421
- PrivLog_422
- PrivLog_423
- PrivLog_424
- PrivLog_445
- PrivLog_457
- PrivLog_458
- PrivLog_459
- PrivLog_485
- PrivLog_487
- PrivLog_508
- PrivLog_509