1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SKILLZ PLATFORM INC.,

Plaintiff,

v.

AVIAGAMES INC.,

Defendant.

Case No.  21-cv-02436-BLF

**ORDER CONTINUING TRIAL**

[Re:  ECF No. 439]

Before the Court is Defendant AviaGames Inc.'s motion to continue or bifurcate the trial. ECF No. 439 ("Mot.").  Plaintiff Skillz Platform Inc. opposes the motion.  ECF No. 466 ("Opp."). The Court heard oral argument on the motion at the pretrial conference, at which the Court ruled from the bench.  *See* ECF No. 489.

For the reasons stated below and at the pretrial conference, the Court GRANTS IN PART AviaGames' motion and continues the trial until February 2, 2024.

## I.  BACKGROUND

On August 23, 2023, the Court ordered that discovery be reopened for the purpose of investigating AviaGames' use of "bots"—that is, non-human, non-real-time players.  ECF No. 224.  In the course of discovery, Skillz levied allegations that AviaGames had engaged in a crime or fraud in using and concealing its use of bots.  *See* ECF No. 307 at 4.  These allegations caused AviaGames' executives, Vickie Chen and Peng Zhang, to retain separate criminal defense counsel on October 3, 2023.  *Id.*

Most recently, Skillz received a Grand Jury subpoena from the United States Attorney's Office for the District of New Jersey requesting documents regarding AviaGames' use of bots.

1    ECF No. 438-3 ("Wang Decl.") ¶ 2.  In response, AviaGames also retained separate criminal

2    defense counsel, who appeared in this case on November 3, 2023.  *See* ECF Nos. 458–61.

3

4    ## II.    LEGAL STANDARDS

5        ### A.    Stay of Proceedings Pending the Outcome of Criminal Proceedings

6        In determining whether to stay or continue a civil proceeding pending the outcome of a

7    criminal proceeding, courts in this district consider:  "(1) the extent to which Defendant's Fifth

8    Amendment rights are implicated, (2) the plaintiff's interest and any prejudice to plaintiff of a

9    delay, (3) the burden on defendant, (4) the efficient use of judicial resources, (5) the interests of

10   nonparties to the civil suit, and (6) public interest in the civil litigation."  *Garcia v. City of King*

11   *City*, No. 14-CV-01126-BLF, 2015 WL 1737936, at *4 (N.D. Cal. Apr. 8, 2015) (citing *Keating v.*

12   *Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir.1995)).  "The party requesting a stay

13   bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken v.*

14   *Holder*, 556 U.S. 418, 433–34 (2009).

15

16       ### B.    Bifurcation of Trial

17       Federal Rule of Civil Procedure 42(b) states that "[f]or convenience, to avoid prejudice, or

18   to expedite and economize, the court may order a separate trial of one or more separate issues,

19   claims, crossclaims, counterclaims, or third-party claims."  "Under Rule 42(b), a district court has

20   broad discretion in separating issues and claims for trial as part of its wide discretion in trial

21   management."  *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987).

22

23       ### C.    Continuance of Trial Under Rule 16

24       A court has inherent power to control its own docket to ensure that cases proceed in a

25   timely and orderly matter.  Continuing pretrial and trial dates is within the discretion of the trial

26   judge.  *See King v. State of California*, 784 F.2d 910, 912 (9th Cir. 1986); *Rios-Barrios v. I.N.S.*,

27   776 F.2d 859, 862–63 (9th Cir. 1985).  Case schedules may be modified for "good cause."  Fed. R.

28   Civ. P. 16(b)(4).  "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting

United States District Court
Northern District of California

2

party was diligent." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.*

## III.    DISCUSSION

In light of Grand Jury investigation, AviaGames has moved to continue the trial or, in the alternative, bifurcate the trial such that liability issues would be tried first and willfulness and damages second.  Mot. at 2.  AviaGames originally requested a continuance of 90-days or more under *Keating*, which considers a stay of civil proceedings pending the outcome of criminal proceedings.  *See id.* at 3–8 (discussing the *Keating* factors).  At the hearing, AviaGames clarified that it seeks a continuance to allow its counsel to prepare for the civil trial in light of the Grand Jury investigation.  ECF No. 489 at 19:8–10.

### A.    Stay of Proceedings Pending the Outcome of Criminal Proceedings

AviaGames argues it will be unable to fully present its defenses at trial because without time for witnesses and counsel to understand the nature of the Grand Jury investigation, its employee witnesses will likely assert their Fifth Amendment rights. Mot. at 5–6.  AviaGames further argues that Skillz will not be prejudiced by a stay because the stay will not lead to the unavailability of witnesses or the loss of evidence, and AviaGames will be prejudiced without a stay because it will not have adequate time to prepare for trial.  *Id.* at 6–7.  AviaGames also argues that a stay would serve judicial efficiency because allowing AviaGames more time to prepare will reduce the risk that witnesses will rely on their Fifth Amendment rights.  *Id.* at 7.  Finally, AviaGames argues that third parties and the public would not be adversely impacted by a continuance.  *Id.* at 8.

Skillz responds that no AviaGames employees have been indicted, AviaGames has no Fifth Amendment rights of its own, and AviaGames has not demonstrated why testimony subject

United States District Court
Northern District of California

to the Fifth Amendment privilege would help its defense on the merits.  Opp. at 3.  Skillz argues that it would be prejudiced by a continuance because witnesses may flee and memories may fade.  *Id.* at 3–4.  Skillz agues that AviaGames would not be burdened because it was aware of Skillz's fraud allegations for months and AviaGames has retained separate counsel for the criminal investigation.  *Id.* at 4.  Skillz argues that judicial efficiency would not be served by a stay because there is no indication that the criminal proceedings will be concluded in a reasonable amount of time.  *Id.* at 4–5.  Finally, Skillz argues that third parties' and the public's interests are adversely affected by AviaGames' fraudulent conduct.  *Id.* at 5–6.

The Court finds that the balance of the *Keating* factors weighs against granting a stay pending the outcome of criminal proceedings.  The first *Keating* factor weighs strongly against a stay because none of AviaGames' employees has been indicted and AviaGames does not have Fifth Amendment rights to assert.  *See Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) ("The case for staying civil proceedings is 'a far weaker one' when '[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened.'" (alterations in original) (quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980))); *see also Russell v. Maman*, No. 18-CV-06691-RS, 2019 WL 13211182, at *2 (N.D. Cal. June 19, 2019) (finding that infringement on the defendants' Fifth Amendment rights was minimal where there was no indictment and the corporate defendants had no Fifth Amendment rights to assert).  The third *Keating* factor also weighs against a stay.  To the extent that AviaGames argues that it would be burdened by witnesses asserting their Fifth Amendment rights, such prejudice is insufficient for this factor to weigh in favor of a stay.  *See Est. of Morad v. City of Long Beach*, No. CV1606785MWFAJWX, 2017 WL 5187826, at *9 (C.D. Cal. Apr. 28, 2017) ("Simply being forced to invoke the Fifth Amendment, and accordingly incurring an adverse inference, is not by itself the sort of prejudice that categorically favors a stay."); *Russell*, 2019 WL 13211182, at *4 (similar).  The second and fourth *Keating* factors weigh against a stay of the case pending the outcome of the criminal proceedings.  A stay pending the criminal proceedings, which are in their infancy, could last many years, which would substantially prejudice Skillz and would not serve judicial efficiency.  Finally, the Court finds that the fifth and sixth *Keating* factors are neutral.  A

1   stay would likely not serve any third party or public interest.  Skillz largely invokes third parties'
2   and the public's interest in avoiding crime and fraud, but these interests would be vindicated by
3   the criminal proceedings, rather than this patent case.  *See Wimbledon Fund v. Graybox, LLC*, No.
4   CV15-6633-CAS(AJWX), 2017 WL 11628850, at *6 (C.D. Cal. Jan. 9, 2017) (finding the public
5   interest factor was at best neutral).
6       Accordingly, the Court finds that a stay of this case pending the conclusion of the Grand
7   Jury investigation is inappropriate and DENIES AviaGames' motion with respect to this issue.
8
9       **B.    Bifurcation of Trial**
10      In the alternative to a stay, AviaGames requests that the Court bifurcate the trial and have a
11  trial on liability—which would not include evidence of bots—and another trial on willfulness and
12  damages.  Mot. at 8–10.  AviaGames argues that the trial on liability may proceed without
13  inflammatory evidence of fraud or criminal acts, would reduce the risk of jury confusion, and
14  would serve judicial efficiency by narrowing the relevant issues for the willfulness and damages
15  trial.  *Id.*  Skillz argues that the proposed bifurcation is unworkable because evidence of bots is
16  vital to Skillz's infringement arguments and Skillz's rebuttal to AviaGames' theories of
17  noninfringement.  Opp. at 7–8.  Skillz further argues that bifurcation would delay Skillz's request
18  for injunctive relief, and AviaGames witnesses that might assert the Fifth Amendment are still
19  needed to testify at the trial on liability, even without testimony of bots.  *Id.* at 8–9.  Finally, Skillz
20  argues that any risk of jury confusion can be addressed through less severe means, such as limiting
21  instructions.  *Id.* at 9–10.
22      The Court agrees with Skillz.  Evidence of bots is relevant to liability, so Skillz would be
23  prejudiced if it were precluded from using evidence of bots at the proposed liability trial.  To the
24  extent that AviaGames argues that evidence of bots is prejudicial to AviaGames or risks jury
25  confusion, these are evidentiary objections that AviaGames may make at trial.  Further,
26  AviaGames' request is really for severance because two juries would be required due to the
27  substantial gap in time between the separate portions of the case.  Judicial efficiency is not served
28  by this approach.  Accordingly, the Court declines to exercise its discretion to bifurcate the trial.

United States District Court
Northern District of California

5

1    *Gardco Mfg.*, 820 F.2d at 1212.

2

3        **C.    Continuance of Trial Under Rule 16**

4        At the pretrial conference, counsel for AviaGames clarified that their motion seeks to

5    continue the trial to give counsel time to prepare for the trial in light of the pending criminal

6    investigation.  Counsel clarified that "[w]e need the time to adjust and to learn what we can and

7    can't do based on all these activities that are going on in the Grand Jury investigation."  ECF No.

8    489 at 19:8–10.  Thus, the Court considers whether a continuance would be appropriate under the

9    good cause standard of Fed. R. Civ. P. 16(b)(4).

10        The Court finds good cause to modify the case schedule and continue the trial to February

11    2, 2024.  First, the Court finds that AviaGames has been diligent in seeking a continuance of trial.

12    *See DRK Photo*, 870 F.3d at 989.  Although AviaGames has been aware of Skillz's allegations of

13    fraud with respect to bot use since August 2023, Skillz's assertion of the crime-fraud exception to

14    attorney-client privilege and the Grand Jury investigation were initiated within the last two

15    months.  AviaGames brought its motion to continue the trial one week after it was notified about

16    the Grand Jury subpoena served on Skillz.  *See* Wang Decl. ¶ 2; Mot.  Second, the Court finds that

17    Skillz will not be substantially prejudiced by a brief continuance of proceedings.  The continuance

18    will allow both parties more time to prepare for trial and will better allow AviaGames employees

19    to assess whether assertions of their Fifth Amendment rights are necessary.

20        As stated at the pretrial conference, the Court further finds that a continuance of this length

21    poses a risk to Skillz's potential recovery, should recovery be warranted by a jury verdict.  As

22    such, the Court finds it appropriate to protect those interests by conditioning the continuance on

23    AviaGames' posting a bond in the amount of $5 million as security for Skillz's potential damages

24    from any infringement.  *See Cadence Design Sys. v. Avant!, Inc.*, NO. C 95-20828 RMW(PVT),

25    1997 U.S. Dist. LEXIS 24147, *9 (N.D. Cal. July 22, 1997).

26        Accordingly, the Court finds good cause to grant a continuance until February 2, 2024,

27    conditioned upon AviaGames' posting a bond in the amount of $5 million.

28

United States District Court
Northern District of California

**IV.     ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Defendant AviaGames Inc.'s Motion to Continue the Trial or in the Alternative to Bifurcate (ECF No. 439) is GRANTED IN PART and DENIED IN PART.

2.      The trial in this case SHALL be continued to February 2, 2024.

3.      Defendant AviaGames Inc. SHALL post a bond in the amount of $5 million with the Clerk of Court for the Northern District of California for deposit to court's registry, no later than November 17, 2023.  The bond amount is to be released to AviaGames upon the commencement of trial.

Dated:  November 16, 2023

_____
BETH LABSON FREEMAN
United States District Judge