UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER ON SEALING MOTIONS RE: MOTION TO CONTINUE TRIAL AND OPPOSITION** <br><br> [Re: ECF No. 438, 465, 506] |

Before the Court are the parties' sealing motions relating to their briefing on Defendant AviaGames Inc.'s motion to continue to trial. ECF Nos. 438, 465, 506. The Court has considered the motions, and its rulings are laid out below.

I.  **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

1  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
2  requires the moving party to provide "evidentiary support from declarations where necessary."
3  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
4  material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because a motion to continue trial is only tangentially related to the merits of the case, the Court will apply the "good cause" standard for sealing. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Jun Yu v. Idaho State Univ.*, No. 4:15-CV-00430-REB, 2018 WL 5114130, at *2 (D. Idaho Oct. 19, 2018) (applying the "good cause" standard to a sealing motion relating to a motion to continue trial).

### A. Defendant AviaGames Inc.'s Administrative Motion to Seal Relating to Its Motion to Continue the Trial (ECF No. 438)

On October 31, 2023, AviaGames filed an administrative motion seeking to seal its motion to continue trial, a declaration in support of that motion, and an exhibit. ECF No. 438. On November 17, 2023, AviaGames filed a correction which seeks to seal the same documents for the same reasons but includes fewer redactions. ECF No. 506 ¶ 1. Because the November 17 motion supersedes the October 31 motion, the Court will TERMINATE the October 31 motion.

### B. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed Relating to Its Opposition to AviaGames' Motion to Continue the Trial (ECF No. 465)

Skillz filed an administrative motion to consider whether another party's material should be sealed in connection with its opposition to AviaGames' motion to continue trial. ECF No. 465. Skillz identified highlighted portions of its opposition to AviaGames' motion to continue the trial and attached exhibits as containing information that AviaGames has designated as highly confidential. *Id.* at 1–2.

AviaGames filed a statement in support of the motion. ECF No. 491. No party has filed an opposition to the statement. AviaGames requests that the highlighted portions of Skillz's opposition and the entirety of the supporting exhibits remain under seal. *Id.* ¶ 1. AviaGames represents that there is good cause to seal these documents because they include confidential business information, descriptions of AviaGames source code, and "sensitive allegations regarding AviaGames' business practices that, if made public, would harm AviaGames' competitive standing." *Id.* ¶ 5.

Good cause exists to seal trade secrets. *Kamakana*, 447 F.3d at 1179. Confidential source code and confidential business information that would harm a party's competitive standing meet the compelling reasons standard, and thus also meet the "less exacting" good cause standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding that "[c]onfidential source code clearly meets the definition of a trade secret," and meets the compelling reasons standard); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

Although the Court finds good cause to seal some of the information in Skillz's opposition to the motion to continue trial and the attached exhibits, the Court does not find good cause to seal certain exhibits in their entirety. Such broad sealing requests are not "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). For example, AviaGames seeks to seal the entirety of two expert reports, including the experts' qualifications, for which there is no good cause to seal.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 465-3 | Plaintiff Skillz Platform Inc.'s Opposition To Motion For A Continuance Or, In The Alternative, To Bifurcate Due To AviaGames' Claims That Certain Executives May Assert Their Fifth Amendment Right Against Self-Incrimination | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 465-4 | Exhibits A: Second Supplemental Expert Report of Jim W. Bergman, dated October 13, 2023 (excerpts) | Entire Document | DENIED as not narrowly tailored. |
| 465-5 | Exhibit B: AVIA_0517181_T | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 465-6 | Exhibit C: AVIA_0534810 | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 465-7 | Exhibit D: AVIA_0534821 | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 465-8 | Exhibit E: | Entire Document | DENIED as not narrowly |

| | Supplemental Expert Report of Dr. Jose P. Zagal, dated October 13, 2023 (excerpts) | | tailored. |
|---|---|---|---|
| 465-9 | Exhibit F: Deposition transcript of Vickie Chen, taken on October 20, 2023 (excerpts) | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 465-10 | Exhibit G: Deposition transcript of Jamie Leung, taken on May 12, 2023 (excerpts). | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 465-11 | Exhibit H: Deposition transcript of Casey Chafkin, taken on May 12, 2023 (excerpts) | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

The above denials are WITHOUT PREJUDICE to AviaGames filing a renewed statement that seeks to seal specified redacted portions of these exhibits. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

### C. Defendant AviaGames Inc.'s Corrected Administrative Motion to Seal Relating to Its Motion to Continue the Trial (ECF No. 506)

AviaGames filed a corrected administrative motion to seal in connection motion to continue trial. ECF No. 506. AviaGames seeks to seal highlighted portions of its motion to continue, a declaration in support of the motion, and an exhibit. *Id.* AviaGames argues that the information it seeks to seal "describes and/or quotes from the Highly Confidential documents produced by AviaGames, including source code printouts, that contain aspects of AviaGames' business practices and strategy, its products, and source code algorithms." *Id.* ¶ 4. AviaGames also argues that the information includes "Skillz's efforts to cast AviaGames in an unfairly negative light through selective introduction of irrelevant information." *Id.* at ¶ 5. Skillz did not file an opposition to the motion.

As noted above, good cause exists to seal trade secrets, including confidential source code and confidential business information. *Kamakana*, 447 F.3d at 1179; *Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *FTC v. Qualcomm*, 2019 WL 95922, at *3; *In re Elec.*

5

*Arts*, 298 F. App'x at 569.

The Court finds good cause to seal the information in AviaGames' motion to continue trial, the declaration, and the exhibit. The Court further finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 506-1 | AviaGames' Opposed Motion to Continue Trial or, in the Alternative, to Bifurcate | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 506-2 | Decl. of Wendy Wang | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 506-3 | Ex. A: Excerpts of Transcript of the Deposition of Vickie Chen | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

//
//
//
//
//
//
//
//
//
//
//
//
//

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant AviaGames Inc.'s Administrative Motion to Seal Relating to Its Motion to Continue the Trial (ECF No. 438) is TERMINATED.

2. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed Relating to Its Opposition to AviaGames' Motion to Continue the Trial (ECF No. 465) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. AviaGames may file a renewed statement with more narrow redactions within 7 days of the date of this Order.

3. Defendant AviaGames Inc.'s Corrected Administrative Motion to Seal Relating to Its Motion to Continue the Trial (ECF No. 506) is GRANTED.

Dated: December 4, 2023

_____
BETH LABSON FREEMAN
United States District Judge