UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVIAGAMES INC.,<br><br>Defendant. | Case No. 21-cv-02436-BLF<br><br>**ORDER GRANTING RENEWED MOTION TO FILE UNDER SEAL TRANSCRIPT OF OCTOBER 25, 2023 HEARING**<br><br>[Re: ECF No. 451] |

Before the Court is Defendant AviaGames Inc.'s Renewed Administrative Motion to File Under Seal the transcript of the October 5, 2023 hearing. ECF No. 451. The Court has considered the motion and opposition, and its ruling is laid out below.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

1  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
2  requires the moving party to provide "evidentiary support from declarations where necessary."
3  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
4  material." Civ. L.R. 79-5(c)(3).

**II. DISCUSSION**

As the Court stated previously, it follows other courts in this district and finds that the "good cause" standard applies to sealing the hearing, at which the Court heard argument on the emergency motion for a protective order. *See In re Google RTB Consumer Priv. Litig.*, No. 21CV02155YGRVKD, 2023 WL 5667891, at *1 (N.D. Cal. Aug. 21, 2023) (applying the "good cause" standard to sealing portions of a discovery hearing transcript); *Oracle Am., Inc. v. Google Inc.*, No. 10CV03561WHADMR, 2016 WL 11810331, at *2 (N.D. Cal. Mar. 21, 2016) (same).

The Court previously denied without prejudice AviaGames' request to seal portions of the October 5, 2023 hearing, finding that AviaGames' requested redactions were not narrowly tailored. *See* ECF No. 391. AviaGames has now filed a renewed administrative motion to file under seal portions of the October 5, 2023 hearing. ECF No. 451. AviaGames has submitted more narrow redactions and argues that good cause exists to seal the highlighted portions of the transcript because they contain confidential information involving AviaGames' trade secrets and business information. *Id.* at 2. Skillz did not file an opposition to the motion.

Good cause exists to seal trade secrets. *Kamakana*, 447 F.3d at 1179. Confidential source code and confidential business information that would harm a party's competitive standing meet the compelling reasons standard, and thus also meet the "less exacting" good cause standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding that "[c]onfidential source code clearly meets the definition of a trade secret," and meets the compelling reasons standard); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding

Case 5:21-cv-02436-BLF   Document 527   Filed 12/04/23   Page 3 of 3

compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court finds good cause to seal the information identified in the highlighted portions of the transcript and finds that AviaGames' renewed request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
| --- | --- | --- | --- |
| 451-2 | Transcript of Proceedings from the October 5, 2023 Hearing | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant AviaGames Inc.'s Renewed Administrative Motion to File Under Seal the transcript of the October 5, 2023 hearing (ECF No. 451) is GRANTED. AviaGames SHALL file a redacted version of the transcript on the public docket within 7 days of the date of this Order.

Dated: December 4, 2023

BETH LABSON FREEMAN
United States District Judge

3