UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No.  21-cv-02436-BLF <br><br> **ORDER ON SEALING MOTIONS RE: BRIEFING REGARDING RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> [Re:  ECF No. 442, 448, 462] |

Before the Court are the parties' briefing regarding Defendant AviaGames Inc.'s Motion for relief from a nondispositive pretrial order of a magistrate judge.  ECF Nos. 442, 448, 462.  The Court has considered the motions, and its rulings are laid out below.

I.  **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.   DISCUSSION

Courts in this district have applied the "good cause" standard to sealing motions connected to motions for relief from a nondispositive pretrial order of a magistrate judge. *See, e.g.*, *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2019 WL 11499520, at *2 (N.D. Cal. Oct. 16, 2019); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 2317835, at *6 (N.D. Cal. May 22, 2018); *Williamson v. Google LLC*, No. 15-CV-00966-BLF, 2018 WL 1730725, at *2 (N.D. Cal. Apr. 10, 2018). As such, the Court will apply the good cause standard to the sealing motions below.

### A.   Defendant AviaGames Inc.'s Administrative Motion to Seal Materials Relating to Ex Parte Application to Stay Magistrate Judge's Order (ECF No. 442)

AviaGames filed an administrative motion to seal highlighted portions of its ex parte application to stay the magistrate judge's order pending the resolution of AviaGames' motion for relief from a nondispositive pretrial order of a magistrate judge. ECF No. 442. AviaGames argues that good cause exists to seal the highlighted portions because they describe or quote from a provisionally sealed order and court documents. *Id.* ¶ 3. However, all the information that

AviaGames seeks to seal has since been unsealed.  For example, the line on page 3 of AviaGames' ex parte application includes information that was not sealed because it was discussed in the Court's public order continuing trial.  *See* ECF No. 521 at 1.  Similarly, AviaGames seeks to seal its discussion of the magistrate judge's order following in-camera review of AviaGames documents, but the magistrate judge's order was unsealed in its entirety.  *See* ECF No. 515.  Therefore, the Court will DENY AviaGames' motion because the information that AviaGames seeks to seal is on the public docket.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 442-2 | AviaGames' Ex Parte Application To Stay Magistrate Judge's Order Pending Resolution of Motion For Relief From Nondispositive Pretrial Order | Highlighted Portions | DENIED because the information that AviaGames seeks to seal is public information. |

### B. Defendant AviaGames Inc.'s Administrative Motion to Seal Relating to Its Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (ECF No. 448)

AviaGames filed an administrative motion seal seeking to seal highlighted portions of its motion for relief from nondispositive pretrial order of magistrate judge.  ECF No. 448. AviaGames argues that good cause exists to seal the highlighted portions because they describe or quote from a provisionally sealed order and court documents.  *Id.* ¶ 3.  As stated above, the provisionally sealed order that AviaGames discusses in its motion for relief from a nondispositive pretrial order of magistrate judge has since been unsealed.  *See* ECF No. 515.  Therefore, the Court will DENY AviaGames' motion because the information that AviaGames seeks to seal is on the public docket.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 448-2 | AviaGames Inc.'s Motion For Relief From Nondispositive Pretrial Order of | Highlighted Portions | DENIED because the information that AviaGames seeks to seal is public information. |

| | Magistrate Judge | | |
|---|---|---|---|

**C. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (ECF No. 462)**

Skillz filed an administrative motion to consider whether another party's material should be sealed in connection with its opposition to AviaGames' motion for relief from a nondispositive pretrial order of magistrate judge. ECF No. 462. Skillz identified its opposition as containing information that AviaGames has designated as highly confidential. *Id.* at 1.

AviaGames filed a statement in support of the motion. ECF No. 488. No party has filed an opposition to the statement. AviaGames requests that the highlighted portions of Skillz's opposition should remain under seal because they discuss or include confidential business communications that discuss AviaGames' source code and the operation of AviaGames' products. *Id.* ¶¶1, 4.

Good cause exists to seal trade secrets. *Kamakana*, 447 F.3d at 1179. Confidential source code and confidential business information that would harm a party's competitive standing meet the compelling reasons standard, and thus also meet the "less exacting" good cause standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding that "[c]onfidential source code clearly meets the definition of a trade secret," and meets the compelling reasons standard); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court finds good cause to seal some of the information identified in the highlighted portions of Skillz's opposition but finds that some of the highlighted information merely discusses

or quotes from the magistrate judge's unsealed order. *See* ECF No. 515. As such, AviaGames' request is not "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---------|----------|------------------|--------|
| 462-3 | Skillz's Opposition to AviaGames' Relief from Nondispositive Pretrial Order of Magistrate Judge (Dkt. 449) | Highlighted Portions | DENIED as not narrowly tailored. |

The above denial is WITHOUT PREJUDICE to AviaGames filing a renewed statement that seeks to seal only sealable material.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant AviaGames Inc.'s Administrative Motion to Seal Materials Relating to Ex Parte Application to Stay Magistrate Judge's Order (ECF No. 442) is DENIED.

2. Defendant AviaGames Inc.'s Administrative Motion to Seal Relating to Its Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (ECF No. 448) is DENIED.

3. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Its Opposition to AviaGames' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (ECF No. 462) is DENIED WITHOUT PREJUDICE. AviaGames may file a renewed statement in support of sealing within 7 days of the date of this Order.

Dated: December 4, 2023

_____
BETH LABSON FREEMAN
United States District Judge