UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVIAGAMES INC.,<br><br>Defendant. | Case No.  21-cv-02436-BLF<br><br>**ORDER RE: SEALING MOTIONS IN CONNECTION WITH SECOND AMENDED COMPLAINT AND ANSWER**<br><br>[Re:  ECF No. 481, 516] |

Before the Court are the parties' sealing motions in connection with Plaintiff Skillz Platform Inc.'s Second Amended Complaint and Defendant AvaiGames Inc.'s Answer.  ECF Nos. 481, 516.  The Court has considered the motions, and its rulings are laid out below.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

1   alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
2   requires the moving party to provide "evidentiary support from declarations where necessary."
3   Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
4   material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because the sealing motions concern its pleadings, the Court will apply the "compelling reasons" standard. *See Pardi v. Tricida, Inc.*, No. 21-CV-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) (applying the "compelling reasons" standard when considering whether to seal a complaint and collecting cases).

### A. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed in Connection with Its Second Amended Complaint (ECF No. 481)

Skillz filed an administrative motion to consider whether another party's material should be sealed in connection with its second amended complaint. ECF No. 481. Skillz identified highlighted portions its second amended complaint and attached exhibits as containing information that AviaGames has designated as highly confidential. *Id.* at 1.

AviaGames filed a statement in support of the motion. ECF No. 490. No party has filed an opposition to the statement. AviaGames requests the highlighted portions of Skillz's second amended complaint and the entirety of the attached exhibits should remain under seal because they contain "confidential business communications and other confidential information relating to the

2

backend operation of AviaGames' servers and source code." *Id.* ¶ 1.

Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179. "Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). And the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

Although the Court finds compelling reasons to seal the information in Skillz's second amended complaint and the attached exhibits, the Court finds that AviaGames' request to seal the entirety of certain exhibits is not "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). For example, AviaGames seeks to seal deposition transcripts of Vickie Chen and Peng Zhang and AviaGames' supplemental responses to Skillz's first set of interrogatories, for which the Court does not find compelling reasons to seal in their entirety.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 481-3 | Skillz's Second Amended Complaint for Patent Infringement | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 481-4 | Exhibit 1 to Second Amended Complaint | Entire Document | DENIED as not narrowly tailored. |
| 481-5 | Exhibit 2 to Second Amended Complaint | Entire Document | DENIED as not narrowly tailored. |
| 481-6 | Exhibit 3 to Second | Entire Document | GRANTED as containing |

3

| | | | |
|---|---|---|---|
| | Amended Complaint | | confidential business information, the release of which would cause a party competitive harm. |
| 481-7 | Exhibit 4 to Second Amended Complaint | Entire Document | DENIED as not narrowly tailored. |

The above denial is WITHOUT PREJUDICE to AviaGames filing a renewed statement that seeks to seal specified redacted portions of the exhibit. The Court notes that redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

### B. Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Answer to Skillz's Second Amended Complaint (ECF No. 516)

On November 22, 2023, AviaGames filed an administrative motion to consider whether another party's material should be sealed which identified its answer to Skillz's second amended complaint as containing information that Skillz has designated as highly confidential. ECF No. 516. As of the date of this Order, Skillz has not filed a statement and/or declaration in support of this motion under Civ. L.R. 79-5(f)(3). *See, e.g.*, *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2022 WL 1131725, at *2 (N.D. Cal. Mar. 31, 2022) (denying motions to seal because the designating party failed to comply with Civ. L.R. 79-5(f)(3)).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 516-2 | AviaGames' Answer to Second Amended Complaint for Patent Infringement | Highlighted Portions at ¶¶ 101-102, 104-106, 109, 121, 123, 129-130 | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

This denial based on failure to comply with Civ. L.R. 79-5(f)(3) is WITHOUT PREJUDICE to Skillz filing a statement and/or declaration in support of sealing this document.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with its Second Amended Complaint (ECF No. 481) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. AviaGames may file a renewed statement in support of sealing with more narrow redactions

4

1  within 7 days of the date of this Order.

2          2.      Defendant AviaGames Inc.'s Administrative Motion to Consider Whether Another

3  Party's Material Should Be Sealed in Connection with Its Answer to Skillz's Second Amended

4  Complaint (ECF No. 516) is DENIED WITHOUT PREJUDICE.  Skillz may file a statement in

5  support of sealing within 7 days of the date of this Order.

Dated:  December 4, 2023

_____
BETH LABSON FREEMAN
United States District Judge