**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>AVIAGAMES INC.,<br><br>  Defendant. | Case No. 21-cv-02436-BLF<br><br>**ORDER GRANTING RENEWED SEALING MOTIONS RE: BRIEFING ON MOTIONS IN LIMINE**<br><br>[Re: ECF No. 510, 511, 512, 513, 514, 519] |

Before the Court are the parties' renewed motions to seal and statements in connection with the briefing on their motions in limine. ECF Nos. 510, 511, 512, 513, 514, 519. The Court has considered the motions and statements, and its rulings are laid out below.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.   DISCUSSION

Because motions in limine seek to exclude evidence from the trial, the Court finds that they are more than tangentially related to the merits of the case and applies the compelling reasons standard. *See MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL 1144634, at *1 (N.D. Cal. Mar. 9, 2022) ("Evidentiary motions such as motions in limine and Daubert motions can be strongly correlative to the merits of a case."); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012584, at *1 (N.D. Cal. July 18, 2019) (applying the compelling reasons standard to motions to seal related to motions in limine); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6575544, at *2 (N.D. Cal. Dec. 12, 2018) (same).

### A.   Defendant AviaGames Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection with Skillz's Motions in Limine (ECF No. 510)

On November 13, 2023, the Court denied without prejudice in part three of Skillz's administrative motions to consider whether another party's material should be sealed in connection with Skillz's motions in limine because the Court found that AviaGames' requested

sealing was not narrowly tailored. ECF No. 494 (denying without prejudice ECF Nos. 355, 367, and 369). AviaGames filed a renewed statement under Local Rule 79-5(f)(3) again requesting to seal certain exhibits and a proposed order filed in support of Skillz's motions in limine. ECF No. 510. Rather than seeking to seal the entirety of the exhibits and the proposed order, AviaGames has also submitted proposed redactions to the documents. AviaGames argues that the information that it seeks to seal includes confidential business information, descriptions of the operation of AviaGames' source code and products, AviaGames' responses to user complaints, and confidential licensing information. *Id.* at 2, 5, 8. Skillz did not file an opposition to the statement.

Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179. "Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). And the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court finds compelling reasons to seal the information identified in the highlighted portions of the exhibits and proposed order and further finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 510-1 (355-2) | Exhibit 1 to the Declaration of Christopher Campbell | Highlighted Portions | GRANTED as containing confidential source code and confidential business |

3

| | | | |
|---|---|---|---|
| | in Support of Plaintiff Skillz Platform Inc.'s Motion in Limine No. 1 to Exclude Evidence or Argument Relating to Unasserted or Invalidated Claims and Patents | | information, the release of which would cause a party competitive harm. |
| 510-2 (367-4) | Exhibit 2 to the Declaration of Christopher Campbell in Support of Plaintiff's Motion in Limine No. 2 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 510-3 (367-5) | Exhibit 5 to the Declaration of Christopher Campbell in Support of Plaintiff Skillz Platform Inc.'s Motion in Limine No. 2 to Exclude Reasonable Royalty Opinion of Brian W. Napper | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 510-4 (367-8) | [Proposed] Order | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 511 (369-3) | Exhibit A to the Declaration of Christopher Campbell in Support of Plaintiff's Motion in Limine 3 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 510-5 (369-4) | Exhibit B to the Declaration of Christopher Campbell in Support of Plaintiff's Motion in Limine 3 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 510-6 (369-5) | Exhibit C to the Declaration of Christopher Campbell in Support of Plaintiff's Motion in Limine 3 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

AviaGames SHALL file redacted versions of ECF Nos. 510-1 through 510-6 and 511 on the public docket within 7 days of the date of this Order.

**B. Defendant AviaGames Inc.'s Renewed Administrative Motion to Seal in Connection with Its Motions in Limine (ECF No. 512)**

On November 13, 2023, the Court denied without prejudice in part AviaGames' sealing motion in connection with AviaGames' motions in limine because the Court found that AviaGames' requested sealing was not narrowly tailored. ECF No. 492 (denying without prejudice ECF No. 351). AviaGames filed a renewed motion again requesting to seal certain exhibits filed in support of its motions in limine. ECF No. 512. Rather than seeking to seal the entirety of the exhibits, AviaGames has also submitted proposed redactions to the documents and no longer seeks to seal one of the documents originally filed under seal. *See id.* at 3 (stating that exhibit 8 contains no information that needs to be sealed). AviaGames argues that the information that it seeks to seal describes and/or quotes transcripts and documents that reference aspects of AviaGames' business practices and strategy. *Id.* ¶ 4. Skillz did not file an opposition to the motion.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

The Court finds compelling reasons to seal the information identified in the highlighted portions of the exhibits and further finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 512-2 (351-3) | Ex. 1: Dr. Zagal's Supplemental Expert Report dated October 13, 2023 | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 512-3 (351-4) | Ex. 2: Mr. Bergman's Supplemental Expert Report dated October 13, 2023 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| N/A | Ex. 8: Ex. B to Skillz's | Highlighted | DENIED because AviaGames |

| | | | |
|---|---|---|---|
| (351-5) | August 27, 2021 Infringement Contentions | Portions | does not request redactions |
| 512-4 (351-6) | Ex. 9: Ex. B to Skillz's December 17, 2021 Amended Infringement Contentions | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 512-5 (351-7) | Ex. 10: Dr. Zagal's Expert Report dated May 26, 2023 | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 512-6 (351-8) | Ex. 11: Dr. Zagal's Supplemental Report dated June 19, 2023 | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |

AviaGames SHALL file redacted versions of ECF Nos. 512-2 through 512-6 and the unredacted version of ECF No. 351-5 on the public docket within 7 days of the date of this Order.

### C. Defendant AviaGames Inc.'s Renewed Administrative Motion to Seal in Connection with Its Motions in Limine Nos. 2 and 4 (ECF No. 513)

On November 13, 2023, the Court denied without prejudice in part AviaGames' sealing motion in connection with AviaGames' motions in limine nos. 2 and 4 because the Court found that AviaGames' requested sealing was not narrowly tailored. ECF No. 492 (denying without prejudice ECF No. 382). AviaGames filed a renewed motion again requesting to seal certain exhibits filed in support of its motions in limine. ECF No. 513. Rather than seeking to seal the entirety of the exhibits, AviaGames has also submitted proposed redactions to the documents. AviaGames argues that the information that it seeks to seal describes and/or quotes transcripts and documents that reference aspects of AviaGames' business practices and strategy. *Id.* ¶ 4. Skillz did not file an opposition to the motion.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at

6

\*2; *Qualcomm*, 2019 WL 95922, at \*3; *Elec. Arts*, 298 F. App'x at 569.

The Court finds compelling reasons to seal the information identified in the highlighted portions of the exhibits and further finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 513-2 (382-4) | Ex. 13: Opening Report of Jim W. Bergman | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 513-3 (382-5) | Exhibit 15: Second Supplemental Expert Report of Jim Bergman served October 13, 2023 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 513-4 (382-6) | Exhibit 20: Jim Bergman Deposition Transcript (excerpted) | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 513-5 (382-7) | Exhibit 22: Opening Expert Report of Jose P. Zagal Regarding Infringement | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |

AviaGames SHALL file redacted versions of ECF Nos. 513-2 through 513-5 on the public docket within 7 days of the date of this Order.

**D.     Plaintiff Skillz Platform Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection with AviaGames' Motions in Limine (ECF No. 514)**

On November 13, 2023, the Court denied without prejudice in part two of AviaGames' administrative motions to consider whether another party's material should be sealed in connection with AviaGames' motions in limine because the Court found that Skillz's requested sealing was not narrowly tailored. ECF No. 492 (denying without prejudice ECF Nos. 352 and 381). Skillz filed a renewed statement again requesting to seal certain exhibits filed in support of AviaGames' motions in limine. ECF No. 514. Rather than seeking to seal the entirety of the

7

1  exhibits, Skillz has also submitted proposed redactions to the documents.  Skillz argues that the
2  information that it seeks to seal includes confidential information about the development and
3  operations of software products developed and marketed by Skillz, AviaGames, and third parties
4  and about business discussions and agreements between Skillz, AviaGames, and third parties.  *See*
5  *id.* at 2.  AviaGames did not file an opposition to the statement.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing.  *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

The Court finds compelling reasons to seal the information identified in the highlighted portions of the exhibits and further finds that Skillz's request to seal is "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
| --- | --- | --- | --- |
| 514-1 (352-7) | Ex. 5: SKLZPAT00466825 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 514-2 (352-12) | Ex. 10: Dr. Zagal's Expert Report dated May 26, 2023 | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 514-3 (352-14) | Ex. 12: Dr. Zagal's deposition transcript | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 514-4 (381-3) | Ex. 13: Opening Report of Jim W. Bergman | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 514-5 (381-5) | Exhibit 15: Second Supplemental Expert | Highlighted Portions | GRANTED as containing confidential business |

8

| | | | |
|---|---|---|---|
| | Report of Jim Bergman served October 13, 2023 | | information, the release of which would cause a party competitive harm. |
| 514-6 (381-7) | Exhibit 19: June 6, 2023 deposition transcript of Casey Chafkin | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 514-7 (381-8) | Exhibit 20: Jim Bergman Deposition Transcript (excerpted) | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 514-8 (381-9) | Exhibit 21: Andrew Paradise Deposition Transcript | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 514-9 (381-10) | Exhibit 22: Opening Expert Report of Jose P. Zagal Regarding Infringement | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 514-10 (381-11) | Exhibit 23: May 12, 2023 deposition transcript of Casey Chafkin | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 514-11 (381-12) | Exhibit 24: Jose Zagal Deposition Transcript (excerpted) | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

Skillz SHALL file redacted versions of ECF Nos. 514-1 through 514-11 on the public docket within 7 days of the date of this Order.

**E.  Defendant AviaGames Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection with Skillz's Oppositions to AviaGames' Motions in Limine (ECF No. 519)**

On November 16, 2023, the Court denied without prejudice in part three of Skillz's administrative motions to consider whether another party's material should be sealed in connection with Skillz's oppositions to AviaGames' motions in limine because either AviaGames filed to file a statement under Local Rule 79-5(f)(3) or the Court found that AviaGames' requested

9

sealing was not narrowly tailored. ECF No. 499 (denying without prejudice ECF Nos. 405, 409, and 423). AviaGames filed a renewed statement under Local Rule 79-5(f)(3) requesting to seal highlighted portions of Skillz's oppositions and exhibits in support of those oppositions. ECF No. 519. AviaGames argues that the information that it seeks to seal includes confidential business information, descriptions of the operation of AviaGames' source code and products, AviaGames' responses to user complaints, and confidential licensing information. *Id.* at 2, 5, 9. Skillz did not file an opposition to the statement.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

The Court finds compelling reasons to seal the information identified in the highlighted portions of the oppositions and exhibits and further finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| **ECF No.** | **Document** | **Portions to Seal** | **Ruling** |
|---|---|---|---|
| 519-2 (405-1) | Skillz's Opposition to Avia's Motion in Limine No. 1 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 519-3 (405-2) | Ex. A to Skillz's Opposition to Avia's Motion in Limine No. 1 (Transcript of May 17, 2023 Deposition of Jamie Leung (excerpted)) | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 519-4 (409-2) | Skillz's Opposition to Avia's Motion in Limine No. 3 | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 519-5 (409-3) | Ex. A to Skillz's Opposition to Avia's | Highlighted Portions | GRANTED as containing confidential source code and |

| | | | |
|---|---|---|---|
| | Motion in Limine No. 3 (Dr. Jose Zagal Supplemental Expert Report (excerpted)) | | confidential business information, the release of which would cause a party competitive harm. |
| 519-6 (409-4) | Ex. B to Skillz's Opposition to Avia's Motion in Limine No. 3 (certified translation of document produced with Bates stamp AVIA_0092070) | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 519-7 (409-5) | Ex. C to Skillz's Opposition to Avia's Motion in Limine No. 3 (certified translation of document produced with Bates stamp AVIA_0111347) | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 519-8 (423-4) | Exhibit 1: AviaGames' Supplemental Report of Dr. Welch | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |

AviaGames SHALL file redacted versions of ECF Nos. 519-3, 519-5, and 519-8 on the public docket within 7 days of the date of this Order.

**F.   Public Filing of Certain Exhibits in Support of Defendant AviaGames Inc.'s Oppositions to Plaintiff Skillz Platform Inc.'s Motions in Limine**

On November 16, 2023, the Court denied in part AviaGames' motion to consider whether another party's material should be sealed in connection with its oppositions to Skillz's motions in limine (ECF No. 397) because Skillz did not seek sealing of ECF Nos. 397-1, 397-2, 397-4, 397-5, 397-6, 397-8, and 397-9.  ECF No. 500.  The Court ordered AviaGames to file the unredacted versions of these exhibits on the public docket within 7 days of the date of the order.  *Id.* at 5. AviaGames has not yet filed the unredacted versions on the public docket, so the Court again ORDERS AviaGames to file the unredacted versions on the public docket within 7 days of the date of this Order.

**III.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The requested sealing in Defendant AviaGames Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection with Skillz's Motions in Limine (ECF No. 510) is GRANTED. AviaGames SHALL file redacted versions of ECF Nos. 510-1 through 510-6 and 511 on the public docket within 7 days of the date of this Order.

2. Defendant AviaGames Inc.'s Renewed Administrative Motion to Seal in Connection with Its Motions in Limine Nos. 1, 3, and 5 (ECF No. 512) is GRANTED IN PART and DENIED IN PART. AviaGames SHALL file redacted versions of ECF Nos. 512-2 through 512-6 and the unredacted version of ECF No. 351-5 on the public docket within 7 days of the date of this Order.

3. Defendant AviaGames Inc.'s Renewed Administrative Motion to Seal in Connection with Its Motions in Limine Nos. 2 and 4 (ECF No. 513) is GRANTED. AviaGames SHALL file redacted versions of ECF Nos. 513-2 through 513-5 on the public docket within 7 days of the date of this Order.

4. The requested sealing in Plaintiff Skillz Platform Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection with AviaGames' Motions in Limine (ECF No. 514) is GRANTED. Skillz SHALL file redacted versions of ECF Nos. 514-1 through 514-11 on the public docket within 7 days of the date of this Order.

5. The requested sealing in Defendant AviaGames Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection with Skillz's Oppositions to AviaGames' Motions in Limine (ECF No. 519) is GRANTED. AviaGames SHALL file redacted versions of ECF Nos. 519-3, 519-5, and 519-8 on the public docket within 7 days of the date of this Order.

6. AviaGames SHALL file unredacted versions of ECF Nos. 397-1, 397-2, 397-4, 397-5, 397-6, 397-8, and 397-9 on the public docket no

Dated: December 4, 2023

_____
BETH LABSON FREEMAN
United States District Judge