1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SKILLZ PLATFORM INC.,

               Plaintiff,

    v.

AVIAGAMES INC.,

               Defendant.

Case No.  21-cv-02436-BLF

**ORDER GRANTING RENEWED
SEALING MOTIONS AND ORDERING
PUBLIC FILING OF CERTAIN
DOCUMENTS**

[Re:  ECF No. 533, 534, 535]

      Before the Court are Defendant AviaGames' renewed statements in support of sealing certain documents in connection with Plaintiff Skillz Platform Inc.'s opposition to AviaGames' motion for relief from a nondispositive pretrial order of a magistrate judge, Skillz's opposition to AviaGames' motion for a continuance of trial, and Skillz's second amended complaint.  ECF Nos. 533, 534, 535.  The Court has considered the statements, and its rulings are laid out below.

## I.    LEGAL STANDARD

      "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

      In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a

1    document under seal, including an explanation of: (i) the legitimate private or public interests that

2    warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

3    alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5

4    requires the moving party to provide "evidentiary support from declarations where necessary."

5    Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable

6    material."  Civ. L.R. 79-5(c)(3).

7       Further, when a party seeks to seal a document because it has been designated as

8    confidential by another party, the filing party must file an Administrative Motion to Consider

9    Whether Another Party's Material Should be Sealed.  Civ. L.R. 79-5(f).  In that case, the filing

10    party need not satisfy the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(1).  Instead, the

11    party who designated the material as confidential must, within seven days of the motion's filing,

12    file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civ. L.R. 79-

13    5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing

14    of the provisionally sealed document without further notice to the designating party.  *Id.*  Any

15    party can file a response to that declaration within four days.  Civ. L.R. 79-5(f)(4).

16    **II.    DISCUSSION**

17       **A.    Defendant AviaGames Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection**
           **with Skillz's Opposition to AviaGames' Motion to Continue the Trial (ECF No.**
18         **533)**

19       Because a motion to continue trial is only tangentially related to the merits of the case, the

20    Court will apply the "good cause" standard for sealing.  *See Ctr. for Auto Safety*, 809 F.3d at 1097;

21    *see also Jun Yu v. Idaho State Univ.*, No. 4:15-CV-00430-REB, 2018 WL 5114130, at *2 (D.

22    Idaho Oct. 19, 2018) (applying the "good cause" standard to a sealing motion relating to a motion

23    to continue trial).

24       On December 4, 2023, the Court denied without prejudice in part Skillz's administrative

25    motion to consider whether another party's material should be sealed in connection with Skillz's

26    opposition to AviaGames' motion to continue trial because the Court found that AviaGames'

27    requested sealing was not narrowly tailored.  ECF No. 526 (denying without prejudice ECF No.

28    465).  AviaGames filed a renewed statement under Local Rule 79-5(f)(3) again requesting to seal

*United States District Court*
*Northern District of California*

1   certain exhibits filed in support of Skillz's opposition.  ECF No. 533.  Rather than seeking to seal

2   the entirety of the exhibits, AviaGames has submitted proposed redactions to the documents.

3   AviaGames argues that the information that it seeks to seal includes confidential business

4   information and descriptions of the operation of AviaGames' source code and products.  *Id.* ¶ 4.

5   Skillz did not file an opposition to the statement.

6         Good cause exists to seal trade secrets.  *Kamakana*, 447 F.3d at 1179.  Confidential source

7   code and confidential business information that would harm a party's competitive standing meet

8   the compelling reasons standard, and thus also meet the "less exacting" good cause standard.  *See*

9   *Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-

10   CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding that "[c]onfidential

11   source code clearly meets the definition of a trade secret," and meets the compelling reasons

12   standard); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2

13   (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary

14   information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v.*

15   *Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding

16   compelling reasons for "information that, if published, may harm [a party's] or third parties'

17   competitive standing and divulges terms of confidential contracts, contract negotiations, or trade

18   secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business

19   information that might harm a litigant's competitive standing").

20         The Court finds good cause to seal the information identified in the highlighted portions of

21   the exhibits and further finds that AviaGames' request to seal is "narrowly tailored to seal only the

22   sealable material."  Civ. L.R. 79-5(c)(3).

23         The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---------|----------|------------------|--------|
| 533-1 (465-4) | Exhibits A: Second Supplemental Expert Report of Jim W. Bergman, dated October 13, 2023 (excerpts) | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

United States District Court
Northern District of California

3

| 533-2 (465-8) | Exhibit E: Supplemental Expert Report of Dr. Jose P. Zagal, dated October 13, 2023 (excerpts) | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
|---|---|---|---|

AviaGames SHALL file redacted versions of ECF Nos. 533-1 and 533-2 on the public docket within 10 days of the date of this Order.

### B. Defendant AviaGames Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection with Skillz's Opposition to AviaGames' Motion for Relief from a Nondispositive Pretrial Order of a Magistrate Judge (ECF No. 534)

The Court applies the "good cause" standard to sealing motions connected to motions for relief from a nondispositive pretrial order of a magistrate judge. *See, e.g.*, *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2019 WL 11499520, at *2 (N.D. Cal. Oct. 16, 2019); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 2317835, at *6 (N.D. Cal. May 22, 2018); *Williamson v. Google LLC*, No. 15-CV-00966-BLF, 2018 WL 1730725, at *2 (N.D. Cal. Apr. 10, 2018).

On December 4, 2023, the Court denied without prejudice in part Skillz's administrative motion to consider whether another party's material should be sealed in connection with its opposition to AviaGames' motion for relief from a nondispositive pretrial order of a magistrate judge because the Court found that AviaGames' requested sealing was not narrowly tailored. ECF No. 528 (denying without prejudice ECF No. 462). AviaGames filed a renewed statement again requesting to seal highlighted portions of Skillz's opposition. ECF No. 534. AviaGames argues that the information that it seeks to seal includes confidential business information and descriptions of the operation of AviaGames' source code and products. *Id.* ¶ 4. Skillz did not file an opposition to the statement.

As noted above, good cause exists to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

1
2
3

The Court finds good cause to seal the information identified in the highlighted portions of Skillz's opposition and further finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).

4

The Court rules as follows:

5

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 534-1 (462-3) | Skillz's Opposition to AviaGames' Relief from Nondispositive Pretrial Order of Magistrate Judge (Dkt. 449) | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

10
11

AviaGames SHALL file the redacted version of ECF No. 534-1 on the public docket within 10 days of the date of this Order.

12

**C.   Defendant AviaGames Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection with Skillz's Second Amended Complaint (ECF No. 535)**

13
14
15
16

The Court will apply the "compelling reasons" standard to a request to seal related to pleadings.  *See Pardi v. Tricida, Inc.*, No. 21-CV-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) (applying the "compelling reasons" standard when considering whether to seal a complaint and collecting cases)

17
18
19
20
21
22
23
24
25

On December 4, 2023, the Court denied without prejudice in part Skillz's administrative motion to consider whether another party's material should be sealed in connection with its second amended complaint because the Court found that AviaGames' requested sealing was not narrowly tailored.  ECF No. 529 (denying without prejudice ECF No. 481).  AviaGames filed a renewed statement again requesting to seal certain exhibits attached to the second amended complaint. ECF No. 535.  Rather than seeking to seal the entirety of the exhibits, AviaGames has also submitted proposed redactions to the documents.  AviaGames argues that the information that it seeks to seal includes confidential business information and descriptions of the operation of AviaGames' source code and products.  *Id.* ¶ 4.  Skillz did not file an opposition to the statement.

26
27
28

Compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing.  *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL

United States District Court
Northern District of California

95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

The Court finds compelling reasons to seal the information identified in the highlighted portions of the exhibits and further finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---------|----------|------------------|--------|
| 535-1 (481-4) | Exhibit 1 to Second Amended Complaint | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 535-2 (481-5) | Exhibit 2 to Second Amended Complaint | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |
| 535-3 (481-7) | Exhibit 4 to Second Amended Complaint | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |

AviaGames SHALL file redacted versions of ECF Nos. 535-1, 535-2, and 535-3 on the public docket within 10 days of the date of this Order.

### D.    Public Filing of Certain Exhibits

On December 4, 2023, the Court ruled on the parties' renewed motions and statements in support of sealing exhibits in support of the briefing on motions in limine. ECF No. 530. The Court ordered the parties to file redacted versions of certain exhibits on the public docket within 7 days of the date of that order. *See id.* at 12. Although most of the identified documents have been filed, AviaGames has failed to file redacted versions of ECF Nos. 512-2 through 512-6 and the unredacted version of ECF No. 351-5 on the public docket. Therefore, the Court again ORDERS AviaGames to file these documents on the public docket within 10 days of the date of this Order.

On December 4, 2023, the Court denied without prejudice AviaGames' administrative motion to consider whether another party's material should be sealed in connection with its

United States District Court
Northern District of California

6

answer to Skillz's second amended complaint.  ECF No. 529 at 5 (denying without prejudice ECF No. 516).  The Court allowed Skillz to file a statement in support of sealing within 7 days of the date of that order, but Skillz has not filed such a statement.  Accordingly, the Court DENIES AviaGames' sealing motion and ORDERS AviaGames to file the unredacted version of ECF No. 516-2 on the public docket within 10 days of the date of this Order.

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.     Defendant AviaGames Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection with Skillz's Opposition to AviaGames' Motion to Continue the Trial (ECF No. 533) is GRANTED.  AviaGames SHALL file redacted versions of ECF Nos. 533-1 and 533-2 on the public docket within 10 days of the date of this Order.

2.     Defendant AviaGames Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection with Skillz's Opposition to AviaGames' Motion for Relief from a Nondispositive Pretrial Order of a Magistrate Judge (ECF No. 534) is GRANTED.  AviaGames SHALL file the redacted version of ECF No. 534-1 on the public docket within 10 days of the date of this Order.

3.     Defendant AviaGames Inc.'s Renewed L.R. 79-5(f)(3) Statement in Connection with Skillz's Second Amended Complaint (ECF No. 535) is GRANTED.  AviaGames SHALL file redacted versions of 535-1, 535-2, and 535-3 on the public docket within 10 days of the date of this Order.

4.     AviaGames SHALL file redacted versions of ECF Nos. 512-2 through 512-6 and unredacted versions of ECF Nos. 351-5 and 516-2 on the public docket within 10 days of the date of this Order.

Dated:  December 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge