UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER GRANTING IN PART MOTION TO SEAL IN CONNECTION WITH MOTION TO STRIKE** <br><br> [Re: ECF No. 551] |

Before the Court is Plaintiff Skillz Platform Inc.'s administrative motion to consider whether another party's material should be sealed in connection with its motion to strike the supplemental declaration of Peng Zhang. ECF No. 551. The Court has considered the motion, and its ruling is laid out below.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
3  requires the moving party to provide "evidentiary support from declarations where necessary."
4  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
5  material." Civ. L.R. 79-5(c)(3).

6　　　　Further, when a party seeks to seal a document because it has been designated as
7  confidential by another party, the filing party must file an Administrative Motion to Consider
8  Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing
9  party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the
10 party who designated the material as confidential must, within seven days of the motion's filing,
11 file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-
12 5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing
13 of the provisionally sealed document without further notice to the designating party. *Id.* Any
14 party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

The good cause standard applies here because the sealing motion relates to a motion to strike that is only tangentially related to the merits of the case. *See Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021) (applying the "good cause" standard to sealing motions related to a motion to strike); *see also Jones v. Travelers Cas. Ins. Co. of Am.*, No. 13-CV-02390-LHK, 2015 WL 865877, at *1 (N.D. Cal. Feb. 5, 2015) ("In general, motions to strike are treated as non-dispositive.").

Skillz filed an administrative motion to consider whether another party's material should be sealed, identifying its motion to strike and three supporting exhibits as containing information that Defendant AviaGames Inc. has designated as "highly confidential." ECF No. 551. AviaGames filed a statement in support of sealing. ECF No. 564. AviaGames requests that the highlighted portions of Skillz's motion to strike remain under seal. AviaGames also highlighted portions of Exhibits A and B that it requests remain under seal. AviaGames argues that the highlighted portions of these documents include "confidential business communications and

descriptions of the operation of its source code that reveal sensitive details regarding the technical operation of AviaGames' products." *Id.* ¶ 4. Finally, AviaGames states that Exhibit C, which Skillz originally filed under seal, may be filed publicly. *Id.* ¶ 1. AviaGames filed this document publicly at ECF No. 564-4.

Good cause exists to seal trade secrets. *Kamakana*, 447 F.3d at 1179. Confidential source code and confidential business information that would harm a party's competitive standing meet the compelling reasons standard, and thus also meet the "less exacting" good cause standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding that "[c]onfidential source code clearly meets the definition of a trade secret," and meets the compelling reasons standard); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court finds good cause to seal the highlighted portions of Skillz's motion to strike and Exhibits A and B. These documents discuss AviaGames' confidential source code and confidential business information regarding the operation of AviaGames' products. Moreover, the Court finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 551-3 | Skillz's Motion To Strike The Supplemental Declaration Of Peng Zhang (Dkt. 522) | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |

3

| | | | |
|---|---|---|---|
| 564-2 | Exhibit A to the Declaration of Christopher Campbell: deposition transcript of Peng Zhang, taken on May 18, 2023 | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 564-3 | Exhibit B to the Declaration of Christopher Campbell: Defendant AviaGames Inc.'s Fourth Supplemental Responses and Objections to Plaintiff Skillz Platform Inc.'s Fifth Set of Interrogatories (Nos. 26-28), served on October 22, 2023 | Highlighted Portions | GRANTED as containing confidential source code and confidential business information the release of which would harm a party's competitive standing. |
| 564-4 | Exhibit C to the Declaration of Christopher Campbell: deposition transcript of Xiaoyang Li, taken on October 25, 2023 | Entire Document | DENIED because AviaGames requested that this document be filed publicly. |

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with Skillz's Motion to Strike the Supplemental Declaration of Peng Zhang (ECF No. 551) is GRANTED IN PART and DENIED IN PART.  AviaGames SHALL file redacted versions of ECF Nos. 564-2 and 564-3 on the public docket within 7 days of the date of this Order.

Dated:  January 3, 2024

_____
BETH LABSON FREEMAN
United States District Judge