UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AVIAGAMES INC.,<br><br>　　　　Defendant. | Case No.  21-cv-02436-BLF<br><br>**ORDER GRANTING IN PART AND DEFERRING IN PART AVIAGAMES' MOTION IN LIMINE TO PERMIT VICKIE CHEN TO TESTIFY IN FULL AND FOR RELATED RELIEF**<br><br>[Re:  ECF No. 557] |

Before the Court is Defendant AviaGames Inc.'s Motion *in Limine* to Permit Vickie Chen to Testify in Full and for Related Relief.  ECF No. 557 ("Mot.").  AviaGames requests that its CEO, Vickie Chen, be allowed to withdraw her prior assertion of her Fifth Amendment privilege and testify in full at trial.  *Id.* at 1.  AviaGames notes that Chen is willing to be re-deposed as a Rule 30(b)(6) corporate deponent and would like to make her available for a 3-hour deposition before trial.  *See* ECF No. 577-1 (proposed order).  AviaGames further moves to exclude mention of Chen's prior assertion of the Fifth Amendment at trial under Fed. R. Evid. 403.  *See* Mot. at 5.  Skillz opposes the motion.  ECF No. 582 ("Opp.").

For the reasons below, the Court GRANTS IN PART and DEFERS IN PART AviaGames' motion *in limine*.

**I.　BACKGROUND**

On August 23, 2023, the Court ordered that discovery be reopened for the purpose of investigating AviaGames' use of "bots"—that is, non-human, non-real-time players.  ECF No. 224.  In the course of discovery, Skillz levied allegations that AviaGames had engaged in a crime or fraud in using and concealing its use of bots.  *See* ECF No. 307 at 4.  These allegations caused AviaGames' executives, Vickie Chen and Peng Zhang, to retain separate criminal defense counsel

on October 3, 2023.  *Id.*

During Chen's deposition on October 20, 2023, she invoked her Fifth Amendment right not to testify, in part because her newly retained criminal defense counsel, who worked diligently to familiarize himself with the matter, was "not able to familiarize [him]self sufficiently with the case" due to the large number of documents, the large number of documents in Mandarin, and the complexity of the matter.  ECF No. 581-3 at 12:14–19.  On November 21, 2023, Chen hired additional Mandarin-fluent counsel, who reviewed the documents in this case.  ECF No. 577-4 ("Liu Decl.") ¶¶ 3–5.  On December 22, 2023, Chen notified her counsel that she intended to withdraw her prior invocation of the Fifth Amendment privilege.  *Id.* ¶ 5.  On the same day, Chen's counsel notified AviaGames' counsel, who notified Skillz's counsel.  ECF No. 577-2 ("Wang Decl.") ¶ 6.  AviaGames brought this motion on January 4, 2024.

## II. LEGAL STANDARD

### A. Withdrawal of Fifth Amendment Privilege

The Court has discretion to allow a litigant to withdraw an assertion of the Fifth Amendment privilege.  *See Evans v. City of Chicago*, 513 F.3d 735, 742 (7th Cir. 2008).  "[A] party may withdraw its assertion of the Fifth Amendment privilege, even at a late stage in litigation, if circumstances indicate that (1) the litigant was not using the privilege in a tactical, abusive manner, and (2) the opposing party would not experience undue prejudice as a result."  *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 548 (5th Cir. 2012), *as revised* (Jan. 12, 2012).

### B. Rule 403

Federal Rule of Evidence 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

## III. DISCUSSION

### A. Whether Chen May Withdraw Her Assertion of Her Fifth Amendment Privilege

First, the Court finds that Chen's assertion and withdrawal of her Fifth Amendment privilege were not tactical or abusive.  At Chen's October 20, 2023 deposition, Chen's criminal

2

1  defense counsel—who had been retained only two weeks prior—advised Chen to assert her Fifth
2  Amendment privilege due to the large number of documents, many of which were in Mandarin,
3  and the complexity of the case. ECF No. 581-3 at 12:14–19. After Chen retained additional
4  Mandarin-fluent counsel, that counsel was able to review these documents within one month and
5  advise Chen regarding her rights. *See* Liu Decl. ¶¶ 3–5. Given the complexity of this case and the
6  seriousness of Skillz's allegations, the Court finds that Chen's assertion and withdrawal of her
7  Fifth Amendment privilege was at the advice of competent, diligent counsel and was not tactical
8  or abusive.

9  Skillz argues that Chen's assertion and late withdrawal of her Fifth Amendment privilege
10 are tactical and abusive because she has sufficient English language proficiency and has had the
11 assistance of Mandarin-speaking counsel from the beginning of the case. Opp. at 2. Although
12 Skillz points to evidence that Chen can speak English under certain circumstances, the Court does
13 not find the evidence sufficient to question Chen's need for an interpreter when testifying as a
14 witness in a patent case with high financial stakes and involving allegations with criminal
15 implications. More importantly, the fact that Chen can speak English is of limited relevance to
16 whether her assertion and withdrawal of her Fifth Amendment privilege were made in good faith.
17 To the extent that Skillz suggests that Chen had the advice of Mandarin-speaking counsel since the
18 start of the case, the Mandarin-speaking counsel to which Skillz refers are counsel for AviaGames,
19 not Chen, and are patent attorneys, not criminal defense attorneys. Skillz seems to suggest that
20 Chen was aware that documents were in Mandarin and that she should have hired Mandarin-fluent
21 criminal counsel before her October 20, 2023 deposition. *See* Opp. at 2. However, the Court will
22 not speculate as to how Mandarin-fluent counsel would have advised Chen in these circumstances.
23 Thus, Skillz fails to identify evidence that Chen's assertion or withdrawal of her Fifth Amendment
24 privilege were tactical or abusive.

25 Second, although the Court finds that Skillz will be significantly prejudiced by the timing
26 of the withdrawal, the Court does not find undue prejudice because any prejudice to Skillz can be
27 remedied short of denying Chen the opportunity to testify. "Generally, withdrawing the Fifth
28 Amendment privilege at a late stage places the opposing party at a significant disadvantage

1 because of increased costs, delays, and the need for a new investigation." *Davis-Lynch*, 667 F.3d
2 at 548.  Fact discovery in this case had already been reopened and closed on October 24, 2023.
3 Chen chose to withdraw her assertion on December 22, 2023, and AviaGames filed this motion on
4 January 4, 2024.  Trial is only three weeks away.  The Court finds that Skillz would be prejudiced
5 by the time and costs required to factor new evidence into its trial strategy on the eve of trial.  *See*
6 *United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55
7 F.3d 78, 86 (2d Cir. 1995) (presuming prejudice where a litigant's assertions of his Fifth
8 Amendment privilege created a lengthy delay and based on the timing of the litigant's
9 withdrawal).  However, this prejudice is mitigated by the Court's approval of Skillz's ability to re-
10 take Chen's deposition.  *See Martinez v. City of Fresno*, No. 1:06CV-00233 OWW GSA, 2010
11 WL 761109, at *4 (E.D. Cal. Mar. 3, 2010) (holding that prejudice from a litigant's withdrawal of
12 a prior assertion of the Fifth Amendment privilege was cured by the re-opening of discovery,
13 including redeposition of the litigant); *see also Andrews v. Plains All Am. Pipeline, L.P., No.*
14 *CV154113PSGJEMX, 2021 WL 8742782*, at *4 (C.D. Cal. Nov. 9, 2021) (permitting witnesses
15 that previously asserted their Fifth Amendment privilege to testify at trial if they sat for
16 redeposition).  The Court will further mitigate the cost to Skillz by ordering AviaGames to pay
17 reasonable costs and attorneys' fees for the deposition.  Finally, the Court will not place any
18 subject-matter restrictions on the deposition and will allow Skillz 8 hours to depose Chen.  This
19 lengthy time allotment assumes the use of an interpreter.

20     **B.**    **Whether Skillz May Introduce Chen's Prior Assertions of the Fifth Amendment at Trial**

21 AviaGames argues that Skillz should not be permitted to refer to Chen's prior assertion of
22 her Fifth Amendment privilege at trial because such evidence is irrelevant and highly prejudicial
23 to AviaGames.  *See* Mot. at 5 (citing Fed. R. Evid. 403).  Skillz argues that other courts permitting
24 the withdrawal of the Fifth Amendment privilege prior to trial have held prior assertions of the
25 privilege are admissible.  *See* Opp. at 5 (collecting cases).
26     Although the Court agrees that whether Chen previously asserted her Fifth Amendment
27 privilege does not have anything to do with the substantive patent issues in this case, Chen's prior
28

4

deposition testimony might be relevant to Chen's credibility if her answers at her redeposition are inconsistent with a withdrawal of her Fifth Amendment privilege. For example, in *Harris v. City of Chicago*, 266 F.3d 750 (7th Cir. 2001), the Seventh Circuit noted that whether evidence of a witness's prior assertions of the Fifth Amendment privilege was properly excluded under Rule 403 turned on the timing of the withdrawal. *Id.* at 752–54. If the withdrawal was made before trial and the opposing party had an adequate opportunity to obtain discovery on the issues related to trial, then exclusion under Rule 403 would have been appropriate. *See id.* at 754. However, the witness's withdrawal of the Fifth Amendment privilege in *Harris* was "tantamount to allowing [the witness] to avoid discovery altogether" because it occurred shortly before trial and the witness did not supplement or amend his interrogatory responses or produce further discovery. *Id.* at 754–55. Because Chen has not yet sat for redeposition, Skillz has not yet had the opportunity to obtain discovery from her on the issues about which she previously claimed her Fifth Amendment privilege, and the Court finds AviaGames' request to exclude Chen's prior assertion of the privilege premature.

Thus, the Court DEFERS ruling on the broad admissibility of Chen's prior assertion until after Chen's redeposition. If Chen does not assert the Fifth Amendment privilege at her redeposition, the Court is inclined to GRANT AviaGames' motion and exclude evidence of Chen's prior assertion of her Fifth Amendment privilege at trial.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   Defendant AviaGames Inc.'s Motion *in Limine* to Permit Vickie Chen to Testify in Full and for Related Relief (ECF No. 557) is GRANTED IN PART and DEFERRED IN PART.

2.   Vickie Chen will be permitted to withdraw her assertion of her Fifth Amendment privilege on the condition that she make herself available for an in-person deposition to occur within the next 10 days or on date prior to trial to which the parties mutually agree. In the event that Chen asserts her Fifth Amendment privilege at the redeposition, the deposition shall terminate, no further testimony will be taken, and Skillz may renew its request that all of Chen's assertions of her Fifth Amendment privilege be admitted if she testifies at trial.

3. The deposition shall occur in person at a place mutually agreed between the parties, there will be no restrictions on the subject matter of the deposition, and the length of the deposition is not to exceed 8 hours. The 8-hour limit assumes that Chen will be using interpreter services. AviaGames SHALL pay the reasonable costs and attorneys' fees for the deposition.

4. The Court DEFERS ruling on whether Chen's prior assertions of her Fifth Amendment privilege shall be excluded from trial under Rule 403.

5. The Court does not see the need for, nor will it accept further dispositive motions or motions *in limine*. Evidentiary objections may be made at trial.

Dated: January 12, 2024

_____
BETH LABSON FREEMAN
United States District Judge