UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AVIAGAMES INC.,<br><br>    Defendant. | Case No. 21-cv-02436-BLF<br><br>**ORDER REGARDING SEALING MOTIONS IN CONNECTION ADDITIONAL MOTIONS IN LIMINE**<br><br>[Re: ECF No. 562, 581, 587] |

Before the Court are the parties' renewed motions to seal and statements in connection with the briefing on their additional motions *in limine*. ECF Nos. 562, 581, 587. The Court has considered the motions and statements, and its rulings are laid out below.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

1  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
2  requires the moving party to provide "evidentiary support from declarations where necessary."
3  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
4  material." Civ. L.R. 79-5(c)(3).

5        Further, when a party seeks to seal a document because it has been designated as
6  confidential by another party, the filing party must file an Administrative Motion to Consider
7  Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing
8  party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the
9  party who designated the material as confidential must, within seven days of the motion's filing,
10 file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-
11 5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing
12 of the provisionally sealed document without further notice to the designating party. *Id.* Any
13 party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

15       Because motions in limine seek to exclude evidence from the trial, the Court finds that
16 they are more than tangentially related to the merits of the case and applies the compelling reasons
17 standard. *See MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL
18 1144634, at *1 (N.D. Cal. Mar. 9, 2022) ("Evidentiary motions such as motions in limine and
19 Daubert motions can be strongly correlative to the merits of a case."); *Space Data Corp. v.
20 Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012584, at *1 (N.D. Cal. July 18, 2019)
21 (applying the compelling reasons standard to motions to seal related to motions in limine); *Fed.
22 Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6575544, at *2 (N.D. Cal.
23 Dec. 12, 2018) (same).

**A.  Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Skillz's Renewed Motion *in Limine* No. 2 (ECF No. 562)**

26       Plaintiff Skillz Platform Inc. filed an administrative motion to consider whether another
27 party's material should be sealed, identifying its renewed motion *in limine* no. 2, a supporting
28 declaration, and exhibits as containing information that Defendant AviaGames Inc. has designated

2

as "highly confidential." ECF No. 562 at 1. AviaGames filed a statement in support of sealing the documents. ECF No. 578. AviaGames argues that the information that it seeks to seal includes "confidential business communications, financial information, and descriptions of the operation of its source code that reveal sensitive details regarding the technical operation of AviaGames' products." *Id.* ¶ 4. Skillz did not file an opposition to the statement.

Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179. "Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). And the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court finds compelling reasons to seal confidential business information contained in the motion, declaration, and exhibits. However, the Court finds that AviaGames' request to seal certain documents is not "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). The Court finds that AviaGames' request to seal Skillz's motion and the declaration is narrowly tailored because AviaGames seeks only to seal the highlighted portions of these documents that include its confidential business information. Similarly, the Court finds that sealing the entirety of Exhibits 1 and 2 is appropriate because the entirety of these documents contain confidential business information. However, the Court does not find sealing the entirety of Exhibits 3 and 4 appropriate because these are deposition transcripts, the entirety of which do not contain confidential business information.

3

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 562-2 | Skillz's Renewed Motion in Limine No. 2 to Exclude Reasonable Royalty Damages Opinion of Brian W. Napper | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 562-3 | Declaration of Christopher Campbell In Support of Skillz's Renewed Motion in Limine No. 2 to Exclude Reasonable Royalty Damages Opinion of Brian W. Napper | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 562-4 | Exhibit 1 to the Declaration of Christopher Campbell | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 562-5 | Exhibit 2 to the Declaration of Christopher Campbell | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 562-6 | Exhibit 3 to the Declaration of Christopher Campbell | Entire Document | DENIED as not narrowly tailored. |
| 562-7 | Exhibit 4 to the Declaration of Christopher Campbell | Entire Document | DENIED as not narrowly tailored. |

The above denials are without prejudice to AviaGames filing a renewed statement in support of sealing that includes narrow redactions within 7 days of the date of this Order.

    **B.**    **Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Opposition to AviaGames' Motion *in Limine* to Permit Vickie Chen to Testify in Full and for Related Relief (ECF No. 581)**

Plaintiff Skillz Platform Inc. filed an administrative motion to consider whether another party's material should be sealed, identifying an exhibit in support of its opposition to AviaGames' motion *in limine* to permit Chen to testify in full as containing information that

4

Defendant AviaGames Inc. has designated as "highly confidential." ECF No. 581 at 1. AviaGames filed a statement in support of sealing the document. ECF No. 590. AviaGames argues that the information that it seeks to seal includes "confidential business communications and descriptions of the operation of its source code that reveal sensitive details regarding the technical operation of AviaGames' products." *Id.* ¶ 4. In addition, AviaGames proposed to seal only highlighted portions of the exhibit that include such information. *See* ECF No. 590-2. Skillz did not file an opposition to the statement.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

The Court finds compelling reasons to seal the information identified in the highlighted portions of the exhibit and further finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 581-3 (590-2) | Exhibit A to Skillz's Response To Defendant AviaGames' Motion In Limine To Permit Vickie Chen To Testify In Full And For Related Relief (Dkt. 577) | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |

**C.    Defendant AviaGames Inc.'s Administrative Motion to Seal in Connection with Its Opposition to Skillz's Renewed Motion *in Limine* No. 2 (ECF No. 587)**

AviaGames filed an administrative motion to file under seal its opposition to Skillz's renewed motion *in limine* no. 2 and exhibits in support of that opposition. ECF No. 587. AviaGames argues that this information should be sealed because it includes confidential business information, including information concerning AviaGames' confidential financial information from its licensing agreements. *Id.* at 1–2. Skillz did not file an opposition to the motion.

5

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing.  *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

The Court finds compelling reasons to seal the information identified in the highlighted portions of AviaGames' opposition and supporting exhibits.  The Court further finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).  For the most part, AviaGames seeks only to seal highlighted portions of the documents that include such sensitive information.  AviaGames' request to seal the entirety of Exhibit 3 is narrowly tailored because it is a one-page document, the entirety of which contains confidential financial information.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
| --- | --- | --- | --- |
| 587-2 | Defendant AviaGames Inc.'s Opposition to Plaintiff's Renewed Motion in Limine No. 2 to Exclude Reasonable Royalty Opinion of Brian W. Napper | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 587-4 | Exhibit 2 (Li, Xiaoyang 12/01/2023 Deposition Transcript) | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 587-6 | Exhibit 3 (Bates No. AVIA_0031970) | Entire Document | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 587-7 | Exhibit 4 (Liu, Bill 05/16/2023 Deposition Transcript) | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 587-9 | Exhibit 5 (Chen, Vickie 05/20/2023 Deposition Transcript) | Highlighted Portions | GRANTED as containing confidential business information, the release of which |

| | | | would cause a party competitive harm. |
|---|---|---|---|

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Skillz's Renewed Motion in Limine No. 2 (ECF No. 562) is GRANTED IN PART AND DENIED IN PART. AviaGames may file a renewed statement in support of sealing with more narrow redactions within 7 days of the date of this Order.

2. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Opposition to AviaGames' Motion in Limine to Permit Vickie Chen to Testify in Full and for Related Relief (ECF No. 581) is GRANTED.

3. Defendant AviaGames Inc.'s Administrative Motion to Seal in Connection with Its Opposition to Skillz's Renewed Motion in Limine No. 2 (ECF No. 587) is GRANTED.

Dated: January 19, 2024

_____
BETH LABSON FREEMAN
United States District Judge