# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br>     Plaintiff, <br> v. <br> AVIAGAMES INC., <br>     Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF PENG ZHANG** <br><br> [Re: ECF No. 552] |

Before the Court is Plaintiff Skillz Platform Inc.'s Motion to Strike the Supplemental Declaration of Peng Zhang. ECF No. 552 ("Mot."). The Supplemental Declaration of Peng Zhang (ECF No. 522) was submitted on November 27, 2023, apparently in response to the Court's November 13, 2023 Order Granting in Part and Denying in Part AviaGames' Motion for Relief from a Nondispositive Pretrial Order of a Magistrate Judge (ECF Nos. 496, 509). Skillz requests that the Court strike the declaration or find that the declaration constitutes a waiver of Zhang's Fifth Amendment privilege and require Zhang to testify under oath. ECF No. 552 at 3. AviaGames opposes the motion. ECF No. 585 ("Opp."). Skillz filed a reply in support of its motion. ECF No. 597 ("Reply"). The Court finds this motion appropriate for disposition without oral argument. Civ. L.R. 7.1(b).

For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Skillz's motion.

## I. LEGAL STANDARD
### A. Striking Filings

The power to strike filings is within the district court's "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so

as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

### B. Waiver of Fifth Amendment Rights

A party's "failure to invoke the privilege against self-incrimination waives a later claim of privilege." *United States v. Unruh*, 855 F.2d 1363, 1374 (9th Cir. 1987). Other courts in the Ninth Circuit have found *Klein v. Harris*, 667 F.2d 275 (2d Cir. 1981), instructive when evaluating claims that a party has waived the Fifth Amendment privilege. *See, e.g.*, *Takiguchi v. MRI Int'l*, No. 2:13-CV-1183-HDM-VCF, 2016 WL 10807144, at *1 (D. Nev. Oct. 11, 2016); *Chevron U.S.A. Inc. v. M & M Petroleum Servs., Inc.*, No. SACV 07-818DOCANX, 2008 WL 5423820, at *3 (C.D. Cal. Dec. 30, 2008). Under *Klein*'s two-part test, a party does not waive the Fifth Amendment privilege unless: "(1) the witness's prior statements have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth, and (2) the witness had reason to know that his prior statements would be interpreted as a waiver of the fifth amendment's privilege against self-incrimination." *Chevron*, 2008 WL 5423820, at *3. The "reason to know" factor requires that the prior statements be "'testimonial,' meaning that they were voluntarily made under oath in the context of the same judicial proceeding, and 'incriminating,' meaning that they did not merely deal with matters 'collateral' to the events surrounding the commission of the crime, but directly inculpated the witness on the charges at issue." *Id.* (cleaned up) (quoting *Klein*, 667 F.2d at 288).

## II. DISCUSSION

### A. Whether the Supplemental Declaration of Peng Zhang Should Be Stricken

Skillz argues that Zhang's supplemental declaration, which was submitted out of time, should be stricken because it is inconsistent with prior statements Zhang and AviaGames have in this litigation.[1] Mot. at 3–4. AviaGames responds that Zhang's declaration merely clarifies his understanding of "bots," that Skillz's motion is moot because the declaration was submitted

---

[1] Skillz also suggests that AviaGames should be sanctioned for knowingly relying on the inconsistencies in Zhang's statements. Mot. at 4. Skillz has not brought a motion for sanctions and the Court declines to construe this motion as one.

months after the relevant motions were decided, and that striking Zhang's declaration would require the Court to weigh evidentiary arguments and Zhang's credibility, which would be improper. Opp. at 4–5.

The Court will exercise its inherent authority to strike Zhang's supplemental declaration because it is untimely. The relevant motions in which the Court might have considered Zhang's supplemental declaration had already been considered and ruled on prior to the date the supplemental declaration was filed. The supplemental declaration, which was filed on November 27, 2023, represents to be in support of a brief filed on August 18, 2023. *See* ECF No. 522. The Court ruled on the relevant motion on August 23, 2023. ECF No. 224, 247. In the declaration, Zhang responds to the Court's definition of bots in its order regarding AviaGames' motion for relief from a nondispositive pretrial order of a magistrate judge, which was filed on November 13, 2023. ECF No. 496, 509. Thus, Zhang's supplemental declaration is merely a shout into the wind—it is not relevant to the disposition of any motion and no finder of fact need consider it. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002) (declining to consider an affidavit submitted in support of a motion well after the district court granted the motion).

Accordingly, the Court STRIKES the supplemental declaration of Peng Zhang.

### B.     Whether Peng Zhang Waived His Fifth Amendment Privilege

Skillz argues that the supplemental declaration constitutes waiver of Zhang's Fifth Amendment privilege with respect to "bots." Mot. at 4–5. AviaGames responds that Zhang has not waived because Skillz has failed to establish either of the two *Klein* factors. Opp. at 3–4.

The Court agrees with AviaGames. First, Skillz has not pointed to any evidence that or reason why a "finder of fact" would rely on a distorted view of the truth based on Zhang's supplemental declaration. As the Court noted above, no finder of fact will consider Zhang's supplemental declaration in the disposition of any motion and Skillz has presented no evidence indicating that AviaGames might show the declaration to the jury at trial. Second, Skillz has failed to demonstrate how Zhang's supplemental declaration is sufficiently "incriminating" such that it satisfies the "reason to know" requirement. Even if Skillz is correct that Zhang's supplemental declaration is inconsistent with his prior statements in this case—a fact the Court

3

need not and does not find in deciding this motion—the declaration does not amount to a "direct, point blank[] unequivocal admission" sufficient to meet the requirements of waiver. *See Chevron*, 2008 WL 5423820, at *3.

Accordingly, the Court DENIES Skillz's motion to the extent that it requests that the Court find waiver of Zhang's Fifth Amendment privilege.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Skillz Platform Inc.'s Motion to Strike the Supplemental Declaration of Peng Zhang (ECF No. 552) is GRANTED IN PART and DENIED IN PART. The Court STRIKES the Supplemental Declaration of Peng Zhang (ECF No. 522), but the Court does not find that Zhang waived his Fifth Amendment privilege.

Dated: January 22, 2024

_____
BETH LABSON FREEMAN
United States District Judge

4