UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLZ PLATFORM INC., <br> Plaintiff, <br> v. <br> AVIAGAMES INC., <br> Defendant. | Case No. 21-cv-02436-BLF <br><br> **ORDER GRANTING AVIAGAMES INC.'S MOTION IN LIMINE TO EXCLUDE VICKIE CHEN'S PRIOR ASSERTIONS OF HER FIFTH AMENDMENT PRIVILEGE** |

At the pretrial conference held on January 26, 2024, the parties informed the Court that Defendant AviaGames Inc.'s CEO Vickie Chen sat for deposition and did not invoke her Fifth Amendment privilege. The parties now request that the Court rule on the admissibility of Chen's prior assertions of her Fifth Amendment privilege, an issue on which the Court deferred ruling in its prior order on AviaGames' motion in limine to permit Vickie Chen to testify in full and for related relief. *See* ECF No. 586 at 5.

I.  **BACKGROUND**

In its previous order, the Court ruled that Chen may withdraw her assertion of her Fifth Amendment privilege and testify based on the finding that neither her assertion or withdrawal of her Fifth Amendment privilege was tactical or abusive. *See* ECF No. 586 at 3. The Court further found that any prejudice to Plaintiff Skillz Platform Inc. would be mitigated by ordering Chen to attend a further deposition of no more than 8 hours and no subject matter limitations at Avia's expense. *See id.* at 5. The Court deferred ruling on AviaGames' request that any comment on Chen's prior assertions of her Fifth Amendment privilege, including to challenge her credibility, be excluded from trial pending her deposition. *Id.* The parties informed the Court that Chen was deposed and all parties agree that she answered all questions.

## II. DISCUSSION

The Court previously found that whether Chen previously asserted her Fifth Amendment privilege does not have anything to do with the substantive patent issues in this case. ECF No. 586 at 4. Skillz argues that Chen's invocations should be admitted at trial, citing *Harris v. City of Chicago*, 266 F.3d 750 (7th Cir. 2001). ECF No. 582. In *Harris*, the Seventh Circuit suggested that if a withdrawal of a witness's Fifth Amendment privilege was made before trial and the opposing party had an adequate opportunity to obtain discovery on the issues related to trial, then exclusion under Rule 403 would have been appropriate. *See id.* at 754. However, the witness's withdrawal of the Fifth Amendment privilege in *Harris* was "tantamount to allowing [the witness] to avoid discovery altogether" because it occurred shortly before trial and the witness did not supplement or amend his interrogatory responses or produce further discovery. *Id.* at 754–55. Therefore, the Seventh Circuit held that it was an abuse of discretion for the district court to exclude evidence of the witness's prior silence under Rule 403. *Id.* at 755.

The Court finds that this case is distinguishable from *Harris*. Although Chen withdrew her assertion of her Fifth Amendment privilege around one month before trial, unlike the witness in *Harris*, Chen sat for a further deposition of up to 8 hours and with no subject matter restrictions, as allowed by the Court. The parties agree that at the redeposition, Chen did not invoke her Fifth Amendment privilege. Thus, Chen did not fail to provide information in a way that would be tantamount to Chen avoiding discovery altogether and Skillz has obtained the responses to which it was entitled. As such, the Court finds that evidence and argument regarding Chen's prior assertions of her Fifth Amendment privilege are not appropriate here because it would be unfairly prejudicial to AviaGames. Fed. R. Evid. 403.

//
//
//
//
//

1    Accordingly, the Court GRANTS AviaGames' motion in limine (ECF No. 557) to the
2  extent that it requests that evidence and argument regarding Chen's prior assertions of her Fifth
3  Amendment privilege be excluded at trial.  As to Chen or any other testifying witness, invocation
4  of the Fifth Amendment at trial will be separately considered by the Court.

**IT IS SO ORDERED.**

Dated:  January 26, 2024

_____
BETH LABSON FREEMAN
United States District Judge