**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SKILLZ PLATFORM INC., <br>     Plaintiff, <br> v. <br> AVIAGAMES INC., <br>     Defendant. | Case No. 21-cv-02436-BLF <br><br> **OMNIBUS SEALING ORDER** <br> [Re: ECF No. 596, 605, 606] |

Before the Court are the parties' sealing motions and statements in connection with briefing on motions *in limine*, a motion to strike, and trial briefs. ECF Nos. 596, 605, 606. The Court has considered the motions and statements, and its rulings are laid out below.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

### A. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Reply in Support of Its Motion to Strike the Declaration of Peng Zheng (ECF No. 596)

The good cause standard applies to this sealing motion because it relates to a motion to strike that is only tangentially related to the merits of the case. *See Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021) (applying the "good cause" standard to sealing motions related to a motion to strike); *see also Jones v. Travelers Cas. Ins. Co. of Am.*, No. 13-CV-02390-LHK, 2015 WL 865877, at *1 (N.D. Cal. Feb. 5, 2015) ("In general, motions to strike are treated as non-dispositive.").

Skillz filed an administrative motion to consider whether another party's material should be sealed, identifying highlighted portions of its reply in support of its motion to strike as containing information designed "highly confidential" by Defendant AviaGames Inc. ECF No. 596. As of the date of this Order, AviaGames has not filed a statement and/or declaration in support of this motion under Civ. L.R. 79-5(f)(3). *See, e.g.*, *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2022 WL 1131725, at *2 (N.D. Cal. Mar. 31, 2022) (denying

motions to seal because the designating party failed to comply with Civ. L.R. 79-5(f)(3)).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 596-3 | Skillz's Reply In Support Of Its Motion To Strike The Supplemental Declaration Of Peng Zhang | Highlighted Portions | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

The above denial is WITHOUT PREJUDICE to AviaGames filing a statement and/or declaration in support of sealing the document. The Court notes that requests to seal must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**B.  Defendant AviaGames Inc.'s Renewed Civ. L.R. 70-5(c)(3) Statement in Support of Sealing in Connection with Skillz's Renewed Motion *in Limine* No. 1 (ECF No. 605)**

Because a motion *in limine* seeks to exclude evidence from the trial, they are more than tangentially related to the merits of the case and the Court applies the compelling reasons standard. *See MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL 1144634, at *1 (N.D. Cal. Mar. 9, 2022) ("Evidentiary motions such as motions in limine and Daubert motions can be strongly correlative to the merits of a case."); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012584, at *1 (N.D. Cal. July 18, 2019) (applying the compelling reasons standard to motions to seal related to motions in limine); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6575544, at *2 (N.D. Cal. Dec. 12, 2018) (same).

The Court previously denied without prejudice AviaGames' request to seal certain exhibits in support of Skillz's motion because the Court found that AviaGames' request was not narrowly tailored. AviaGames submitted a renewed statement. ECF No. 605. AviaGames argues that the information that it seeks to seal includes "confidential business communications, financial information, and descriptions of the operation of its source code that reveal sensitive details regarding the technical operation of AviaGames' products." *Id.* ¶ 4. AviaGames also proposes more narrow redactions to the exhibits than in its previous request. Skillz did not file an

1 opposition to the statement.

2 Compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179. "Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012). And the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court finds compelling reasons to seal the information identified in the highlighted portions of the exhibits and further finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 605-2 (562-6) | Exhibit 3 to the Declaration of Christopher Campbell | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 605-3 (562-7) | Exhibit 4 to the Declaration of Christopher Campbell | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which would cause a party competitive harm. |

AviaGames SHALL file redacted versions of Exhibits 3 and 4 on the public docket within 7 days of the date of this Order.

4

C.  **Defendant AviaGames Inc.'s Administrative Motion to Seal and Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Trial Brief (ECF No. 606)**

Other courts in this district have applied the "compelling reasons" standard to motions to seal in connection with trial briefing. *See, e.g.*, *Baird v. Blackrock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL 4820247, at *2 (N.D. Cal. Sept. 29, 2021); *Meyers v. Kaiser Found. Health Plan Inc.*, No. 17-CV-04946-LHK, 2019 WL 120657, at *2 (N.D. Cal. Jan. 6, 2019).

AviaGames filed an administrative motion to seal highlighted portions of its trial brief. ECF No. 606. AviaGames states that these portions include "confidential business communications and descriptions of the operation of its source code that reveal sensitive details regarding the technical operation of AviaGames' products. *Id.* ¶ 3. Skillz did not file an opposition to the motion. AviaGames' motion also identifies footnote 2 as containing information that Skillz has designated as highly confidential. Skillz failed to file a statement in support of sealing its confidential information identified in AviaGames' motion.

As noted above, compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing. *See Apple*, 2012 WL 6115623, at *2; *Jam Cellars*, 2020 WL 5576346, at *2; *Qualcomm*, 2019 WL 95922, at *3; *Elec. Arts*, 298 F. App'x at 569.

The Court finds compelling reasons to seal the information identified in the highlighted portions of AviaGames' trial brief because they reference AviaGames' source code. The Court further finds that AviaGames' request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). However, because Skillz failed to file a statement or declaration, the Court will deny without prejudice the motion with respect to Skillz's confidential information. *See Plexxikon*, 2022 WL 1131725, at *2.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 606-2 | AviaGames Inc.'s Trial Brief | Highlighted Portions | GRANTED as containing confidential source code and confidential business information, the release of which |

| | | | |
|---|---|---|---|
| | | | would cause a party competitive harm. |
| 606-2 | AviaGames Inc.'s Trial Brief | Highlighted Portions at fn 2 | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

The above denial is WITHOUT PREJUDICE to Skillz filing a statement and/or declaration in support of sealing the document. The Court notes that requests to seal must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff Skillz Platform Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Reply in Support of Its Motion to Strike the Declaration of Peng Zheng (ECF No. 596) is DENIED WITHOUT PREJUDICE. AviaGames may file a statement in support of sealing within 7 days of the date of this Order.

2. Defendant AviaGames Inc.'s Renewed Civ. L.R. 70-5(c)(3) Statement in Support of Sealing in Connection with Skillz's Renewed Motion in Limine No. 1 (ECF No. 605) is GRANTED. AviaGames SHALL file redacted versions of Exhibits 3 and 4 on the public docket within 7 days of the date of this Order.

3. Defendant AviaGames Inc.'s Administrative Motion to Seal and Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Connection with Its Trial Brief (ECF No. 606) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. Skillz may file a statement in support of sealing within 7 days of the date of this Order.

Dated: February 6, 2024

BETH LABSON FREEMAN
United States District Judge