JENNIFER TAYLOR STEWART (SBN 298798)
jstewart@kslaw.com
**KING & SPALDING LLP**
50 California St., Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

CHRISTOPHER C. CAMPBELL (*Pro Hac Vice*)
ccampbell@kslaw.com
YUSHAN LUO (SBN 329770)
yluo@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Ave. NW Ste. 200
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-7411

MATTHEW DAVID WOOD (*Pro Hac Vice*)
mwood@kslaw.com
**KING & SPALDING LLP**
500 W 2nd St.
Austin, TX 78701
Telephone (512) 457-2000

LAZAR POL RAYNAL (*Pro Hac Vice*)
lraynal@kslaw.com
MICHAEL A. LOMBARDO (SBN 311365)
mlombardo@kslaw.com
**KING & SPALDING LLP**
110 N Wacker Dr., Ste. 3800
Chicago, IL 60606
Telephone: (312) 995-6333
Facsimile: (312) 995-6330

BRITTON F. DAVIS (*Pro Hac Vice*)
bdavis@kslaw.com
BRIAN EUTERMOSER (*Pro Hac Vice*)
beutermoser@kslaw.com
ROY FALIK (*Pro Hac Vice*)
rfalik@kslaw.com
ANGELA C. TARASI (*Pro Hac Vice*)
atarasi@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence St. Ste 1900
Denver, CO 80202
Telephone: (720) 535-2300
Facsimile: (720) 535-2400

JESSICA BENVENISTY (*Pro Hac Vice*)
jbenvenisty@kslaw.com
RAHUL SARKAR (*Pro Hac Vice*)
rsarkar@kslaw.com
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2100

*Attorneys for Plaintiff*
SKILLZ PLATFORM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SKILLZ PLATFORM INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVIAGAMES INC.,<br><br>Defendant. | Case No. 5:21-cv-02436-BLF<br><br>The Hon. Judge Beth Labson Freeman<br><br>**PLAINTIFF SKILLZ'S OFFER OF PROOF**<br><br>SAC Filed:          November 8, 2023<br>Pretrial Conference:  November 9, 2023<br>Trial Date:          February 1, 2024 |

1    Skillz offers the following exhibits and testimony that have been excluded by the Court

2    pursuant to its written order on Avia's Motion in Limine No. 1 (ECF No. 532) as well as its

3    subsequent oral rulings further clarifying the scope of its order. But for the Court's rulings, Skillz

4    would have offered the following documents and deposition testimony as evidence:

5        **PTX 405** and **PTX 669** contain material misrepresentations made by AviaGames to its

6    attorneys at Blank Rome LLP, as this Court has already determined. *See* ECF 435, ECF 509.

7    Namely, these documents falsely claim that AviaGames does not keep any prizes offered in its

8    cash matches, even though this is not true. When AviaGames bots win cash matches, AviaGames

9    keeps the entry fees and does not pay out the cash prize to any participant. These documents further

10   demonstrate AviaGames was informed that if it kept money from matches with bots, their games

11   would be considered illegal gambling and would violate federal criminal law. These documents

12   demonstrate AviaGames' conscious concealment of its infringing bots, which is probative of

13   willfulness. They also demonstrate the risks that AviaGames' bots and its concealment of bots

14   posed to the industry, which is probative of damages and the reasonable royalty the parties would

15   have agreed to during a hypothetical negotiation. These documents are also probative of

16   AviaGames' and its employees' character for truthfulness.

17       **PTX 168**, **PTX 447**, and **PTX 566** describe complaints by AviaGames customers

18   regarding its use of bots and AviaGames' fraudulent responses to these customers stating that the

19   customers were always playing against real people, as this Court has already determined. These

20   documents demonstrate AviaGames' conscious concealment of its infringing bots which is

21   probative of willfulness. They also demonstrate the risks that AviaGames' bots and its

22   concealment of bots posed to the industry, which is probative of damages and the reasonable

23   royalty the parties would have agreed to during a hypothetical negotiation. This document is also

24   probative of AviaGames' and its employees' character for truthfulness.

25       **PTX 297** describes efforts by AviaGames to hide its bot use—and the income derived

26   therefrom—from its auditors at Ernst and Young. This document demonstrates AviaGames'

27   conscious concealment of its infringing bots, which is probative of willfulness. It also demonstrates

28   the risks that Avia's bots and its concealment of bots posed to the industry, which is probative of

1

damages and the reasonable royalty the parties would have agreed to during a hypothetical negotiation. This document is also probative of AviaGames' and its employees' character for truthfulness.

**PTX 280** describes efforts by AviaGames to purchase fake reviews, "forever, if needed," to artificially boost its user rating on various App Store platforms and drown out negative reviews related to its use of bots. This document is probative of AviaGames' and its employees' character for truthfulness.

**PTX 69A** and **PTX 291** describe AviaGames' efforts to conceal its use of bots within its own company. These documents demonstrate AviaGames' conscious concealment of its infringing bots which is probative of willfulness. They also demonstrate the risks that AviaGames' bots and its concealment of bots posed to the industry, which is probative of damages and the reasonable royalty the parties would have agreed to during a hypothetical negotiation.

**PTX 299** and **PTX 300** describe former AviaGames employee Fuhai Zhong threatening to expose AviaGames' use of bots in cash games to defraud customers and Vickie Chen and Ping Wang's efforts to silence Mr. Zhong. These documents demonstrate AviaGames' conscious concealment of its infringing bots which is probative of willfulness. They also demonstrate the risks that Avia's bots and its concealment of bots posed to the industry, which is probative of damages and the reasonable royalty the parties would have agreed to during a hypothetical negotiation.

**Vickie Chen's deposition dated October 20, 2023** contains testimony of Ms. Chen asserting her Fifth Amendment right to questions that Ms. Chen later answered under oath as well as statements Ms. Chen had previously made under oath or under penalty of perjury. Ms. Chen's invocation of her Fifth Amendment right is probative of her credibility and consciousness of guilt. Skillz offers the entirety of Ms. Chen's October 20, 2023 deposition.

**Vickie Chen's deposition dated January 25, 2024** contains testimony of Ms. Chen regarding AviaGames' efforts to conceal its use of bots, use of bots to defraud customers, and use of fake reviews to entice customers to play its games. This testimony demonstrates AviaGames' conscious concealment of its infringing bots which is probative of willfulness. It also demonstrates

the risks that AviaGames' bots and its concealment of bots posed to the industry, which is probative of damages and the reasonable royalty the parties would have agreed to during a hypothetical negotiation. It is also probative of Ms. Chen's character for truthfulness.

Skillz offers Page 122, line 18 through page 127, line 3; Page 130, line 8 through page 136, line 1; and Page, 171, line 6 through page 197, line 8 of Ms. Chen's January 25, 2024 deposition.

Dated: February 20, 2024             Respectfully submitted,

**KING & SPALDING LLP**

/s/ *Christopher C. Campbell*
Christopher C. Campbell

*Attorney for Plaintiff*
SKILLZ PLATFORM, INC.

3